# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> AMERICAN UNDERWRITING SERVICES, LLC., <br><br> Debtor. | CHAPTER 11 <br><br> CASE NO. 18-58406 |

## APPLICATION TO APPROVE EMPLOYMENT OF CHIEF RESTRUCTURING OFFICER FOR DEBTOR-IN-POSSESSION

American Underwriting Services, LLC, the debtor and debtor-in-possession in the above-captioned case ("Debtor") respectfully represents as follows:

1.

On May 18, 2018, Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code, 11U.S.C. §§ 101 et seq. No Trustee has been appointed and Debtor continues to operate its business and manage its affairs as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2.

During the course of this case and in the continuation of Debtor's business, Debtor will require the retention of a Chief Restructuring Officer ("CRO"). Debtor wishes to employ the Kevin Van de Grift, of the financial advisory firm of GGG Partners, LLC ("GGG"), 3155 Roswell Road NW Suite 120 Atlanta, GA 30305, as its CRO.

Page -2-

3.

Debtor has selected Mr. Van de Grift as its CRO because he has substantial expertise and experience in operating businesses in financial distress and because Debtor finds him to be well-qualified to perform the desired professional services.

4.

Mr. Van de Grift proposes to undertake the position of CRO of Debtor, pursuant to the terms and conditions stated in the agreement which is attached as Exhibit A. GGG has received a pre-petition retainer of $20,000.00 and Mr. Van de Grift's hourly rate is $300.00 per hour.

5.

To the best of Debtor's knowledge, and except as otherwise disclosed in this Application, neither Mr. Van de Grift, GGG nor its members, managers, partners or employees

   a. are directors, officers, partners, general partners, mangers, creditors, persons or entities in control of Debtor or related to a general partner, director officer or person in control of Debtor, except as disclosed herein;

   b. have any connection with Debtor, its creditors, any other party in interest, their respective attorneys or accountants, or the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed herein; or

Page -3-

    c. hold or represent any interests that are adverse to Debtor or the Estate.

This Application seeks employment effective as of May 18, 2018.[1]

**WHEREFORE**, Debtor prays that it be authorized to retain Kevin Van de Grift as Debtor's CRO in this case.

Respectfully submitted, this 18th day of May 2018.

                            **SMALL HERRIN, LLP**
                            Proposed Counsel for Debtor

                            By: /s/ Gus H. Small
                                  Gus H. Small
                                  Georgia Bar No. 653200
                                  Anna M. Humnicky
                                  Georgia Bar No. 377850

Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339
(P) (770) 783-1800
gsmall@smallherrin.com
ahumnicky@smallherrin.com

---

[1] While Debtor has filed this Application within 21 days of the Petition Date, Debtor shall not submit a proposed order on the Application until the expiration of 21 days from the Petition Date pursuant to Fed. R. Bankr. P. 6002.

Page -4-

# RULE 2014 VERIFICATION REGARDING APPLICATION TO APPROVE EMPLOYMENT OF CHIEF RESTRUCTURING OFFICER FOR DEBTOR-IN-POSSESSION

The undersigned makes the following solemn oath:

(1) I am a certified public accountant and shareholder in GGG Partners, LLC ("GGG") a financial advisory firm ("Applicant").

(2) American Underwriting Services, LLC, the debtor and debtor-in-possession referenced in the attached application ("Debtor") seeks to employ Applicant as Debtor's Chief Restructuring Officer ("CRO").

(3) To the best of my knowledge, and except as otherwise disclosed herein, neither Applicant, GGG, nor its shareholders, partners or other employees, for the two years prior to the date of this Verified Statement, were or are directors, officers, partners, general partners, mangers, creditors, persons or entities in control of Debtor or related to a general partner, director officer or person in control of Debtor; have any connection with Debtor, its creditors, any other party in interest, their respective attorneys or accountants, or the United States Trustee, or any person employed in the Office of the United States Trustee.

(4) Applicant has not agreed to share any compensation or reimbursement awarded in Debtor's bankruptcy cases with any other person, except as disclosed herein.

(5) Applicant's employment as CRO for Debtor is appropriate under 11 U.S.C. § 327 and Rule 2014, Fed. R. Bankr. P.

Page -5-

Pursuant to 28 U.S.C. § 1746, I do hereby declare under the penalty of perjury that the statements contained in the foregoing statements are true and correct.

By:    /s/ Kevin Van de Grift
       Kevin Van de Grift
       Shareholder, GGG Partners, LLC.

# EXHIBIT A



GGG Partners, LLC

## Professional Services Agreement

American Underwriting Services, LLC (the "Client") located at 1255 Roberts Blvd, Suite 102 Kennesaw, GA 30144 has engaged the services of GGG Partners, LLC ("GGG") located at 3155 Roswell Road NW Suite 120 Atlanta, GA 30305 to provide the advisory services described on Schedule 1 attached hereto and incorporated herein (the "Services"). This letter agreement sets forth the terms on which GGG will provide the Services to the Client. This Agreement may be amended in writing by mutual agreement of the parties from time to time.

1. The Client shall provide GGG with full access to all records, including information concerning the business, assets, operations and financial condition of the Client as necessary to perform the Services. The Client agrees that GGG is authorized to make appropriate use of all such information in connection with the performance of the Services.

2. Client shall promptly disclose to GGG any known information relating to any misstatement or alleged misstatement of material fact contained in any information provided to GGG concerning the business, assets, operations and financial condition of the Client or any fraud or alleged fraud, whether or not material, that involves management or other personnel that are responsible for the preparation of the Client's financial statements.

3. The relationship of GGG to the Client shall at all times be that of an independent contractor.

4. GGG shall be compensated for the Services based on the attached schedule 1.

5. The Client agree to indemnify and hold harmless GGG and each of its equity holders, managers, directors, officers, employees, GGG, subcontractors and agents (each, "GGG Indemnified Person") from and against any losses, claims, damages, expenses and liabilities or actions in respect thereof (collectively, "Losses"), and to reimburse each GGG Indemnified Person for all such Losses as they may be incurred (including all legal fees and other expenses incurred in connection with investigating, preparing, pursuing, defending, paying, settling or compromising any Losses, whether or not in connection with any pending or threatened litigation in which any GGG Indemnified Person is a named party), arising out of or related to the Services rendered or to be rendered by any GGG Indemnified Person in connection with this engagement, any GGG Indemnified Person's actions or inactions in connection with any such Services, or any violation or alleged violation by the Client or any of its directors, officers, employees or agents of any federal or state laws or any rules or regulations promulgated under such laws; provided that the Client will not be responsible for any Losses of any GGG Indemnified Person to the extent that a court of competent jurisdiction shall have determined by a final judgment that such Losses resulted primarily from actions taken or omitted to be taken by such GGG Indemnified Person due to his bad faith or willful misconduct.

6. The engagement of GGG shall continue at the pleasure of the Client and may be terminated at any time. GGG shall have the option to terminate this engagement at any time upon written notice to the Client. The obligations of the Client under numbered paragraphs 4 and 5 of this letter agreement shall survive the completion or termination of

this engagement regardless of the manner of such completion or termination and shall be binding upon the Client's successors and assigns.

7. This agreement supersedes any and all prior agreements written or verbal between the Client and the GGG.

Accepted and Agreed March 15, 2018:

GGG Partners, LLC

By: _____
Katie S. Goodman
Managing Partner

American Underwriting Services, LLC

By: _____
Russ Wiley
President

## SCHEDULE 1

<u>Services to be provided by GGG to the Client</u>

GGG Partners, LLC shall act as CRO for client.

GGG will be compensated on an hourly rate basis as follows:

Shareholder (Kevin Van de Grift)     $300

GGG will provide Client with clear information regarding billing, time and expenses. At the execution of this agreement, Client will pay GGG a retainer of $20,000, from which invoices for fees and expenses shall be deducted. Once the initial retainer is depleted, GGG will contact the Client in writing to replenish the retainer. GGG will refund to the Client any retainer balance remaining at the end of the engagement.

**WIRING INSTRUCTIONS**

GGG Partners, LLC
Atlantic Capital Bank
Atlanta, GA
ABA    #: 06▮▮21035
[redacted]