UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AMERICAN UNDERWRITING SERVICES, LLC.,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 18-58406 |

### MOTION FOR ESTABLISHMENT OF PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

**NOW COMES** American Underwriting Services, LLC. ("**Debtor**"), debtor and debtor-in-possession in the above-captioned case and files this Motion for Establishment of Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, showing the Court the following:

### JURISDICTION & VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C.  § 157(b).  Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

1.

On May 18, 2018, Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code, 11U.S.C. §§ 101 et seq. No Trustee has been appointed and Debtor

continues to operate its business and manage its affairs as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2.

Debtor is a Georgia limited liability company, with its principal place of business located at 1255 Roberts Blvd, Suite 102, Kennesaw, GA 30155.

3.

Debtor is a program insurance underwriter based in Kennesaw, Georgia, offering products to fit the insurance needs of various transportation related businesses such as commercial auto liability, including business auto, auto physical damage, motor truck cargo, and general liability.

## **RELIEF REQUESTED & BASIS FOR RELIEF**

4.

Pursuant to this Motion, Debtor seeks entry of an order authorizing and establishing procedures for the interim compensation and reimbursement of expenses of professionals employed pursuant to 11 U.S.C. §§ 327 or 1103 in this case ("**Professionals**"). Debtor proposes that the Professionals be allowed to bill Debtor on a monthly basis, as described herein, and to file applications for interim compensation not more than once every 120 days.

5.

Specifically, Debtor proposes that the monthly payment of interim compensation and reimbursement of expenses of the Professionals be structured as follows:

(a) On or before the last day of the month following the month for which compensation is sought ("**Statement Date**"), any Professional seeking compensation pursuant to these procedures, shall submit a detailed invoice for the time period for which compensation is sought to: (i) Debtor, American Underwriting Services, LLC, 1255 Roberts Blvd, Suite 102, Kennesaw, GA 30144; (ii) counsel to Debtor, Anna M. Humnicky, Esq., Small Herrin, LLP, Two Paces West, Suite 200, 2726 Paces Ferry Rd, Atlanta, GA 30339 ("**Counsel to Debtor**"); (iii) Debtor's Chief Restructuring Officer ("**CRO**"), Kevin Van de Grift, GGG Partners, LLC, 3155 Roswell Road NW Suite 120 Atlanta, GA 30305; and (iv) Office of the United States Trustee ("**US Trustee**"), 75 Ted Turner Drive, S.W., Room 362, Atlanta, GA 30303 (collectively, "**Notice Parties**").  The Notice Parties shall have 10 days ("**Review Period**") after the Statement Date to review any such statement.

(b) At the expiration of the Review Period, each Professional shall file a Certificate of No Objection, if no Objection has been filed, the applicable Professional may request that the Debtor pay eighty percent (80%) of the compensation and one hundred percent (100%) of the expenses requested in such statement, except such compensation or expenses to which an objection has been served as provided in subparagraph (c) below.  Any Professional who fails to submit a monthly invoice shall be ineligible to receive further payments of compensation and expenses as provided herein until such time as the monthly invoice is submitted. Counsel to Debtor and Debtor's CRO may be paid by application of funds held as a retainer by Counsel to Debtor and Debtor's CRO in this case. To the extent that Counsel to Debtor or Debtor's CRO seeks payment from Debtor's post-petition revenue, Counsel to Debtor shall specifically advise the U.S. Trustee of the same contemporaneously with submission of its invoice pursuant to subparagraph (a) hereof.

(c) In the event any of the Notice Parties has an objection to the compensation or reimbursement sought in a particular invoice ("**Objecting Party**"), the Objecting Party shall before the expiration of the Review Period, serve upon the Professional requesting the compensation or reimbursement a written notice of objection ("**Notice of Objection to Fee Statement**").  The Notice of Objection to Fee Statement shall set forth the precise nature of the objection and the amount at issue.  Thereafter, the Objecting Party and the Professional whose statement is objected to shall attempt to reach an agreement regarding the correct payment to be made.  If the Objecting Party and the Professional are unable to reach an agreement on the objection 10 days after service of the Notice of Objection to Fee Statement, the Objecting Party may file its objection with the Court and serve such objection on the respective Professional and the Notice Parties, and the Court shall consider and dispose of the objection at the next interim fee application hearing.

(d) Approximately every four (4) to six (6) months, each Professional shall file with the Court and serve on the Notice Parties, on or before the forty-fifth (45th) day following the last day of the compensation period for which compensation is sought, an application for interim Court approval and allowance, pursuant to 11 U.S.C. § 331, of the compensation and reimbursement of expenses requested for the prior four months ("**Application**").  Any Professional who fails to file an Application when due may be ineligible to receive further interim payments of compensation or expenses as provided herein until such time as the Application is submitted.  Upon approval and allowance of the interim application(s), said Professional(s) shall be entitled to payment of the remaining 20% of its fees.

(e) The pendency of an Application and the pendency of any Notice of Objection to Fee Statement or other objection, shall not disqualify any Professional from the future payment of compensation or reimbursement of expenses as set forth above.  Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses as provided herein shall bind any party-in-interest or this Court with respect to the final allowance of applications for compensation and reimbursement of Professionals.

6.

Pursuant to 11 U.S.C. § 331, Debtor's counsel and other professionals "employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement." 11 U.S.C. § 331.

7.

It is within the discretion of the Court to approve the procedures for interim compensation and reimbursement of expenses requested in this Motion. See 11 U.S.C. §§ 105, 331; see also 3 Collier on Bankruptcy ¶ 331.03 (Alan N. Resnick & Henry J. Sommer

eds., 16th ed. 2010).  Moreover, similar procedures for compensating and reimbursing court-approved professionals have been established in other Chapter 11 cases in this District.  See, e.g., In re Verso Technologies, Inc., Case No. 08-67659-mgd (Docket No. 9).

8.

Due to the size of Debtor and its need to keep an eye on cash flow, as well as the size of its professionals' firms, Debtor believes it is in the best interests of the estate to allow for the procedures for the compensation and reimbursement of expenses of Professionals as requested in this Motion so as to not unreasonably impact its cash flow.  Further, allowance of the procedures requested in this Motion will allow Debtor to track and control its administrative expenses within the case.

9.

The Court is well familiar with the fact that at various stages in a Chapter 11 case almost daily "hands on" attention by counsel is required.  A multitude of time-sensitive issues will arise in this case which will require immediate attention and action, including issues related to the First Day Motions applications to employ other professionals, the initial debtor interview, preparation of amendments to the schedules and financial affairs, and attendance at a 341 Meeting.  It would be a burden on Professionals to wait an extended period to receive interim compensation and reimbursement of expenses in this case.

10.

Additionally, pursuant to 11 U.S.C. § 330(a)(5), interim compensation is subject to disgorgement, which lessens the risk of harm to Debtor, its estate, and its creditors, in allowing the procedures requested in this Motion.

11.

This Motion and procedure is not applicable to any professional related to which its application, unless modified by an order approving the same, specifically requests to be excluded from this procedure.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order:

(a) authorizing the procedures for professionals employed under 11 U.S.C. §§ 327 or 1103 in this case to receive interim compensation and reimbursement of expenses as requested in this Motion;

(b) finding that this Motion has been properly served and that in light of the relief requested, no further notice is necessary; and

(c) granting such other relief and further relief as may be just and proper.

Respectfully submitted, this 20th day of May, 2018.

**SMALL HERRIN, LLP**
Proposed Counsel to Debtor

By: /s/ Anna M. Humnicky
Gus H. Small
Georgia Bar No. 653200
Anna M. Humnicky
Georgia Bar No. 377850
Benjamin S. Klehr
Georgia Bar No. 487931

Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339
(P) (770) 783-1800
gsmall@smallherrin.com
ahumnicky@smallherrin.com
bklehr@smallherrin.com