# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> AMERICAN UNDERWRITING SERVICES, LLC., <br><br> Debtor. | CHAPTER 11 <br><br> CASE NO. 18-58406 |

### MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS

**NOW COMES** American Underwriting Services, LLC ("**Debtor**"), the debtor and debtor-in-possession in the above-captioned case, and files this Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing Debtor to Honor Certain Prepetition Obligations ("Motion"), respectfully showing the Court as follows: [1]

### JURISDICTION & VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1408.

---

[1] The relief requested herein is sought at this early stage of the case because relief at this time is necessary to avoid immediate and irreparable harm to the Debtor and its Estate. See Fed. R. Bankr. P. 6003.

## BACKGROUND

1.

On May 18, 2018, Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code, 11U.S.C. §§ 101 et seq. No Trustee has been appointed and Debtor continues to operate its business and manage its affairs as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2.

Debtor is a Georgia limited liability company, with its principal place of business located at 1255 Roberts Blvd, Suite 102, Kennesaw, GA 30155.

3.

Debtor is a program insurance underwriter based in Kennesaw, Georgia, offering products to fit the insurance needs of various transportation related businesses such as commercial auto liability, including business auto, auto physical damage, motor truck cargo, and general liability.

### The Prepetition Obligations

*Wage Obligations*

5.

In the ordinary course of Debtor's business, Debtor employs numerous individuals.

6.

As of the Petition Date, Debtor owes its employees approximately $6,000.00 in wages ("**Wage Obligations**"). This amount represents those wages owing from May 16,

2018,[1] through the Petition Date, for all of Debtor's employees. Debtor seeks authority to honor these pre-petition obligations.

### *Insurance Obligations*

7.

Debtor maintains different types of business insurance to maintain its own business, most of which is paid annually and is paid through fall 2018. However, Debtor's Errors & Omissions policy is financed and paid on a monthly basis to U.S. Premium Finance ("**USPF**"). To the extent it has not been paid for the month of May, Debtor seeks approval to pay approximately $2,600.00 to USPF ("**Insurance Obligations**"), as well as amounts owed on a going forward basis. Debtor seeks authority to honor this pre-petition obligation.

8.

Debtor believes that honoring its pre-petition Wage Obligations and Insurance Obligations (collectively, "**Pre-Petition Obligations**"), is the best way to maintain good relations with its employees to continue to provide service to its customers, minimize the negative impact that this bankruptcy case may have upon its employees and its customers, who are essential to Debtor's continued operation and successful reorganization.

---

[1] Debtor previously used a payroll service but due to issues related to garnishments instituted by a judgment creditor, Debtor began to pay its employees as 1099 independent contractors. As a result, it does not have any tax withholdings at this time to be approved. Debtor does provide health and dental insurance to its employees through Humana and Guardian, respectively. However, the entire month of May was paid for pre-petition. Thus, no amount is owed as of the Petition Date to Humana and Guardian. Debtor does not otherwise provide any benefits, such as 401k, to its employees.

**Argument & Citation of Authority**

Section 507(a)(4) and (a)(5) of the Bankruptcy Code provides priority for the pre-petition Wage Obligations. See 11 U.S.C. § 507(a)(4) and (a)(5). Thus, employees with claims falling under this subsection will be entitled to receive full payment prior to payment of Debtor's general unsecured creditors, as none of the obligations exceed $12,475.00 on an individual basis.

Additionally, pursuant to § 105(a) and the "necessity of payment" doctrine, satisfaction of the Pre-Petition Obligations is authorized. Bankruptcy courts have permitted postpetition payment of prepetition obligations that are necessary to preserve or enhance the value of the debtor's estate for the benefit of all creditors. See e.g., In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (Bankr. S.D.N.Y. April 14, 2008); In re Pike Nursery Holding L.L.C., Case No. 07-79129 (Bankr. N.D. Ga., November 16, 2008) (Massey, J.); In re Wolf Camera, Case No. 01-83470 (Bankr. N.D. Ga., June 22, 2001) (Mullins, J.) (authorizing debtor to honor gift certificates and coupons). In this case, Debtor's creditors will not be prejudiced by the proposed satisfaction of these Pre-Petition Obligations but instead will be benefitted by the uninterrupted continuation of Debtor's business operations, by continued positive employee and customer relations.

Further, to the extent the requested transactions are considered to be outside the ordinary course of business, Debtor seeks authority pursuant to 11 U.S.C. §§ 363(b) and 105(a) to honor these Pre-Petition Obligations.

Debtor's hopes for a successful chapter 11 reorganization depend on employee and customer retention and loyalty, positive employee relations, Debtor's positive reputation, and future business. Debtor believes that any interruption in or resistance to the payment of the Pre-Petition Obligations would significantly and detrimentally impact Debtor's business. Denial of the request may cause a significant disruption in its customer service, which would result in a loss of future business, as well as significant employee turnover and a corresponding loss of enterprise knowledge, which will hamper Debtor's ability to reorganize, and may cause a violation of guidelines established by the Office of the United States Trustee.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order:

(a) authorizing Debtor to honor and satisfy in full the Pre-Petition Obligations;

(b) finding that this Motion has been served on the Internal Revenue Service, the Georgia Department of Revenue, the Office of the United States Trustee, and the twenty (20) largest unsecured creditors, and that in light of the relief requested, no further notice is necessary; and

(c) granting such other relief and further relief as may be just and proper.

Respectfully submitted, this 20th day of May, 2018.

                      **SMALL HERRIN, LLP**
                      Proposed Counsel for Debtor

                      By:   /s/ Benjamin S. Klehr
                            Gus H. Small
                            Georgia Bar No. 653200
                            Anna M. Humnicky
                            Georgia Bar No. 377850
                            Benjamin S. Klehr
                            Georgia Bar No. 487931

Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339
(P) (770) 783-1800
gsmall@smallherrin.com
ahumnicky@smallherrin.com
bklehr@smallherrin.com