UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| AMERICAN UNDERWRITING SERVICES, LLC, | : | CASE NO. 18-58406 - SMS |
| | : | |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S MOTION FOR AN ORDER
DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE,
OR IN THE ALTERNATIVE CONVERTING CASE TO CHAPTER 7,
AND REQUEST FOR HEARING ON AN EXPEDITED BASIS**

COMES NOW the United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), and pursuant to 11 U.S.C. § 1104(a) and (e), respectfully moves this Court for the entry of an order directing the appointment of a chapter 11 trustee in the above-captioned case to manage the debtor's affairs. In the alternative, the United States Trustee seeks conversion of Debtor's case to chapter 7. In support thereof, the United States Trustee represents as follows:

**Procedural History**

1. American Underwriting Services, LLC (the "Debtor") commenced this case by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on May 18, 2018 (the "Petition Date").

2. No trustee has been appointed in the case, and Debtor has remained in control of the assets and business operations of the bankruptcy estate as a debtor in possession.

3. Debtor is an insurance underwriter, and its principal place of business is located at 1255 Roberts Blvd., Suite 102, Kennesaw, GA 30155.

4. Debtor's sole member and manager is The Wiley Group, Inc.

5. J. Russ Wiley ("Mr. Wiley") is the sole shareholder of The Wiley Group, Inc.

6. On December 14, 2017, Cobb County, Georgia indicted Mr. Wiley on three counts of theft by conversion, O.C.G.A. § 16-8-4, and six counts of felony insurance premium fraud, O.C.G.A. § 33-23-35.

7. In the indictment, Cobb County alleges that Mr. Wiley, in his personal capacity and as owner of Debtor, collected premiums on behalf of ProSight/New York Marine and General Life Insurance Company ("ProSight") and converted the funds to his own use.

8. In the indictment, Cobb County further alleges Mr. Wiley willfully failed to account for ProSight's funds and commingled the funds with his personal funds and the funds of Debtor.

9. Upon information and belief, prior to the Petition Date, Mr. Wiley caused Debtor's funds to be deposited into non-Debtor bank accounts.

10. Upon information and belief, approximately $250,000.00 of Debtor's funds are currently being held in non-Debtor accounts.

11. Upon information and belief, prior to the Petition Date, Mr. Wiley caused Debtor to fail to deposit approximately $100,000.00 of premium checks Debtor received.

12. On May 21, 2018, the United States Trustee advised Debtor's counsel that all Debtor funds needed to be deposited into Debtor accounts.

**Appointment of a chapter 11 trustee**

13. The United States Trustee seeks the appointment of a chapter 11 trustee to replace the Debtor's current management. Section 1104(e) compels the United States Trustee to move for appointment of a chapter 11 trustee "if there are reasonable grounds to suspect that current members of the governing body of the debtor . . . participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor . . . ."

14. "[T]he statutory requirement that the U.S. Trustee bring such a motion does not alter the standard for deciding whether to grant the motion. Rather, §1104(a)(1) & (2) . . . continue to control whether a trustee should be appointed." *In re The 1031 Tax Group, LLC*, 374 B.R. 78 (Bankr. S.D.N.Y. 2007).

15. Section 1104(a) provides in pertinent part as follows:

At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, . . .

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; . . .

**A. Cause Exists for the Appointment of a Trustee**

16. Section 1104(a)(1) compels the appointment of a trustee when the Court finds fraud, dishonesty, incompetence, gross mismanagement, or other cause. *In re V Savino Oil & Heating Co.*, 99 B.R. 518, 525-26 (Bankr. E.D.N.Y. 1989).

17. The list of wrongs constituting "cause" is non-exclusive; thus "[f]actors relevant to the appointment of a trustee under § 1104(a)(1) include: conflicts of interest, including inappropriate relations between corporate parents and the subsidiaries; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence." *In re Altman*, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *aff'd in part, vacated in part*, 254 B.R. 509 (D. Conn. 2000).

18. The "court need not find any of the enumerated wrongs to find cause for appointing a trustee." *Oklahoma Refining Co. v. Blaik (In re Oklahoma Refining Co.)*, 838 F.2d 1133, 1136

(10th Cir. 1988); *Savino Oil*, 99 B.R. at 525 ("the grounds for appointing a reorganization trustee are not even limited to the derelictions specifically enumerated"); 11 U.S.C. § 102(3) ("including" is "not limiting").

19.     Additionally, "appointment of a trustee under § 1104(a)(1) is appropriate where the debtor has diverted funds." *In re PHDC, LLC*, 2004 WL 5846712 at *3 (Bankr. N.D. Ga. April 28, 2004).

20.     The indictment of Debtor's sole member's sole shareholder, Mr. Wiley, on charges relating to conversion of funds in Debtor's control is cause to appoint a chapter 11 trustee.

21.     Debtor's pre-petition diversion of funds to non-Debtor accounts is cause to appoint a chapter 11 trustee.

**B. Appointment of a Trustee is in best interests of creditors.**

22.     The appointment of a trustee under § 1104(a)(2) employs a flexible approach which allows the Court to appoint a trustee when it would serve the best interests of the estate, its equity security holders and its creditors, even if there is no finding of fraud, dishonesty, incompetence, or gross mismanagement.  *See In re Sharon Steel Corp.*, 871 F.2d 1217 (3d Cir. 1989).

23.     Courts examine whether the benefits of a trustee will outweigh the costs to the estate. *In re PDHC, LLC*, 2004 WL 5846712, at *3 (Bankr. N.D. Ga. April 28, 2004).

24.     Under §1104(a)(2), courts look to the practical realities and necessities. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007).  The Court should examine such factors as: (a) the trustworthiness of the debtor; (b) the prospects for rehabilitation of the debtor under present management; (c) the creditors' confidence, or lack thereof, in the present management; (d) the benefits of appointing a trustee balanced against the cost of appointment, and (e) whether the trustee could accomplish the goals of a chapter 11 plan more efficiently and

effectively than the debtor in possession. *In re Ionosphere Clubs*, 113 B.R. 164, 167-68 (Bankr. S.D.N.Y. 1990), *see also, Savino Oil*, 99 B.R. at 525 (stating section 1104(a)(2) determination entails exercise of discretionary powers).

**Conclusion**

25. For the foregoing reasons, and because of the nature of the relief requested, the United States Trustee requests an expedited hearing on this motion.

WHEREFORE, the United States Trustee respectfully requests the Court enter an order directing the appointment of a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) or in the alternative, converting Debtor's case to chapter 7, and for such other relief as the Court deems appropriate.

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE
REGION 21

By: _____*/s/*_____
Lindsay P. S. Kolba
Georgia Bar No. 541621
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4437
lindsay.p.kolba@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify on May 22, 2018, I mailed a copy of the foregoing by first class United States mail, properly addressed and with correct postage to the following:

American Underwriting Services, LLC
1255 Roberts Blvd.
Suite 102
Kennesaw, GA 30144

Anna Mari Humnicky
Small Herrin, LLP
Suite 200, Two Paces West
2727 Paces Ferry Road
Atlanta, GA 30339

Gary W. Marsh
Dentons US, LLP
Suite 5300, One Peachtree Center
303 Peachtree Street
Atlanta, GA 30308

               _/s/_
              Lindsay P. S. Kolba
              Trial Attorney