UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AMERICAN UNDERWRITING SERVICES, LLC, | ) ) | CASE NO. 18-58406 - SMS |
| | ) | |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED APPLICATION TO EMPLOY KEVIN VAN DE GRIFT OF GGG PARTNERS, LLC AS CHIEF RESTRUCTURING OFFICER**

COMES NOW Daniel M. McDermott, United States Trustee for Region 21, and objects to Debtor's Application to Employ Kevin Van de Grift of GGG Partners, LLC as Chief Restructuring Officer (the "Application;" Doc. No. 38). In support of his objection, the United States Trustee states the following:

## I. BACKGROUND

1. On May 18, 2018, American Underwriting Services, LLC ("Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

2. To date, no trustee has been appointed in Debtor's case, and Debtor continues in possession of its property and operation of its business as debtor in possession, consistent with 11 U.S.C. §§ 1107 and 1108.

3. Debtor describes itself as "a program insurance underwriter offering products to fit the insurance needs of various transportation related businesses such as commercial auto liability, including business auto, auto physical damage, motor truck cargo, and general liability."

4. Debtor is a Georgia limited liability company with a single member.

5. Debtor's sole member is The Wiley Group, Inc., which has one shareholder, Mr. James Russell Wiley ("Mr. Wiley").

6. On May 31, 2018, Debtor filed the Application, seeking approval of the employment of Kevin Van de Grift ("Mr. Van de Grift") of GGG Partners, LLC ("GGG") as Chief Restructuring Officer ("CRO") pursuant to 11 U.S.C. § 327.

7. Upon information and belief, Debtor engaged the CRO on or about May 18, 2018 in conjunction with the filing of the bankruptcy petition.

8. According to the application, the CRO will assume all responsibility of the debtor in possession, including all operations of Debtor's business and financial affairs.

9. In connection with the filing of the bankruptcy case, and in compliance with the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession, the CRO opened new banking accounts at East West Bank on which the CRO is the sole signatory.

## II. STATEMENT OF APPLICABLE STATUTES AND RULES

10. Section 327(a) of the Bankruptcy Code provides, in pertinent part,

the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11. The Bankruptcy Code defines "disinterested person" as

a person that–
    (A) is not a creditor, an equity security holder, or an insider;
    (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
    (C) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holder, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

12. When the debtor is a corporation, the term "insider" includes directors, officers, and persons in control of the debtor. 11 U.S.C §101(31)(B).

13. Section 1107(a) of the Bankruptcy Code provides,

> [s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

### III. GGG AND MR. VAN DE GRIFT ARE NOT DISINTERESTED

14. The relief sought in the Application provides Mr. Van de Grift with the power and authority to assume all management and financial control of the Debtor, including:

   a) Being the sole signatory on all Debtor's post-petition account;

   b) Tracking and accounting of all accounts receivable and accounts payable;

   c) Determining how to address the distribution of pre-petition funds received by Debtor but not deposited into Debtor accounts and utilization of post-petition funds;

   d) Chapter 11 plan formulation, including determining which causes of action to pursue and settlements related to those causes of action; and

   e) Financial reporting, including the filing of monthly operating reports.

15. The Application further provides that GGG is manager of Debtor and Mr. Van de Grift is the CRO.

16. Debtor has argued to this Court that in connection with the filing of this bankruptcy case, Debtor undertook to replace its pre-petition management with GGG and Mr. Van de Grift.

17. Since the filing of this case, and despite no order approving the Application, Debtor has held out that the proposed CRO is the current person in control of Debtor.

18.     Section 327(a) of the Bankruptcy Code provides that a trustee, or debtor-in-possession, may employ professional persons who do not hold an interest adverse to the estate and who are disinterested. If an applicant for retention under section 327(a) possesses an adverse interest or fails to be disinterested, retention must be denied. *In re Keller Financial Services of Florida, Inc.*, 248 B.R. 859, 892 (Bankr. M.D. Fla. 2000). Further, a bankruptcy court cannot use its equitable powers or discretion to approve a professional who is not disinterested. *See In re Middleton Arms Ltd. P'ship*, 934 F.2d 723, 725 (6th Cir. 1991) (holding that court "cannot use equitable principles to disregard unambiguous statutory language even after finding the debtor would be best served by employing a professional who is not disinterested as a result of being an insider of the debtor).

19.     A disinterested person is one who is not a creditor, equity security holder, or insider. 11 U.S.C. § 101(14)(A). Officers and persons in control of the debtor are insiders. 11 U.S.C. § 101(31)(B).

20.     Mr. Van de Grift is a person in control of the Debtor. A person has control when he determines corporate policy, whether by assuming management responsibility or by selecting management personnel. *In re Sullivan Haas Coyle, Inc.*, 208 B.R. 239, 243 (Bankr. N.D. Ga. 1997). In this case, by the Debtor's own admission, Mr. Van de Grift took full control over Debtor's operations in connection with the filing of this bankruptcy case.

21.     Mr. Van de Grift, in his individual capacity, is an officer of the Debtor. Pursuant to a previously tendered Engagement Letter (Doc. No. 4, Exhibit A), as amended by the Application, Mr. Van de Grift took the title of Chief Restructuring Officer of the Debtor and GGG took the position of manager. Mr. Van de Grift has sole discretion to manage Debtor and has no duty to

report to any entity prior to taking actions on behalf of the Debtor. Therefore, Mr. Van de Grift is not disinterested and cannot be retained under 11 U.S.C. § 327(a).

22. Based on the language of the Bankruptcy Code, GGG and Mr. Van de Grift fail the disinterestedness test and cannot be retained under 11 U.S.C. § 327(a). *See, e.g. In re Capitol Metals Co., Inc.,* 228 B.R. 724 (9th Cir. B.A.P. 1998) (financial company ineligible to serve as debtor's post-petition financial adviser where company's principal functioned as debtor's prepetition chief financial officer); *In re Weaver Potato Chip Co., Inc.*, 243 B.R. 737, 740 (Bankr. D. Neb. 2000).

## IV. DEBTOR'S PROPOSED MANAGEMENT STRUCTURE VIOLATES THE CODE

23. The options available for control of the debtor under chapter 11 are limited to a trustee or the debtor in possession. *In re Roxwell Performance Drilling, LLC*, No. 13-50301-RLJ-11, 2013 WL 6799118 at *4 (Bankr. N.D. Tex. Dec. 20, 2013) ("The authority under chapter 11 to manage the debtor's assets and affairs lies exclusively with either the debtor as debtor in possession or a chapter 11 trustee."); *Matter of Plantation Inn Partners*, 142 B.R. 561, 564 (Bankr. S.D. Ga. 1992) (granting UST's motion to appoint a chapter 11 trustee and opining that the Bankruptcy Code contemplates that administration of a chapter 11 case be managed by a trustee or a debtor in possession, not a hybrid created by judicial fiat).

24. The CRO would, in essence, be acting as a trustee, however, a true fiduciary is not in place, as neither an independent CRO supervised by Debtor's members or managers nor a debtor in possession would be at the helm of this case.

25. The control structure sought in this case by the debtor in possession is a hybrid, consisting of a CRO with expansive powers and no oversight or management by the actual debtor in possession. The debtor in possession should be in control, but is not. The CRO should be

subject to oversight by the debtor in possession but is not. Thus, the current management structure violates the Code.

26. Mr. Van de Grift is effectively granted many of the powers of a chapter 11 trustee, without being subject to proper fiduciary controls in accordance with the Bankruptcy Code. Mr. Van de Grift as CRO is not subject to full oversight by Debtor due to the terms of the Application which severely limit current management's role. According to representations by Mr. Wiley, Mr. Wiley's responsibilities will be limited to maintaining relationships with insurance companies and insurance agents, and Mr. Wiley will not be permitted to terminate the CRO without authorization from the Court.

27. Under Georgia law, only a limited liability company's members and managers have the authority to exercise the LLC's business judgment and otherwise bind the LLC. *See* Ga. Code Ann. § 14-11-100 *et seq*.

28. The Bankruptcy Code does not alter Georgia's corporate governance laws and, therefore, neither the Court nor a debtor's professionals may exercise the debtor's business judgment. If no trustee is appointed, the debtor in possession, with the *assistance* of its professionals must operate debtor's business and oversee its financial affairs.

29. The appointment of a chapter 11 trustee would provide appropriate fiduciary management of the Debtor. The appointment of a trustee would also serve the interest of creditors by assuring that the fiduciary duties and powers of a trustee are exercised by an officer clearly empowered under the Bankruptcy Code and who is independent from real or perceived ties to Debtor's current management.

30. The Court should decline to exercise discretion under 11 U.S.C. § 1107(a) to appoint a non-trustee fiduciary where the exercise of discretion would circumvent other sections

of the Code, including section 1104(a). *See In re Adelphia Communications Corp., et al.*, 336 B.R. 610, 664-66 (Bankr. S.D.N.Y. 2006) ("At the least, where imposing the desired conditions would have the effect of circumventing other sections of the Code, or come close to doing so . . . the Court believes that it should be very slow to exercise its discretion in that manner. Indeed, that may be altogether forbidden."); *but see In re Blue Stone Real Estate Const. & Development*, 392 B.R. 897 (Bankr. M.D. Fla. 2008) (appointing a CRO with expanded, trustee-like duties where maintaining the *status quo* pending trial on a motion to appoint a trustee would potentially harm the debtors' estates).[1]

## V. CONCLUSION

31. Based on the language of the Bankruptcy Code and Debtor's representations regarding GGG and Mr. Van de Grift's positions with the Debtor, both GGG and Mr. Van de Grift are not disinterested and cannot be retained under 11 U.S.C. §327.

32. Debtor's proposed management structure violates the Bankruptcy Code because it would be an impermissible hybrid between a debtor in possession and chapter 11 trustee.

33. Cause exists for the appointment of a chapter 11 trustee in light of the limitations on Debtor's current management that restricts it from exercising complete and unfettered oversight of the CRO and the other powers necessary to ensure the Debtor fulfills its obligations. Further, Debtor is proposing the bulk of the Debtor's authorities and powers be vested in Mr. Van de Grift, a CRO that is not subject to appropriate fiduciary controls and oversight. This hybrid formula for bifurcated power is not contemplated by the Bankruptcy Code and demonstrates that the Debtor

---

[1] The *Blue Stone* case is distinguishable from Debtor's case because in *Blue Stone*, the United States Trustee's motion to appoint a chapter 11 trustee was not scheduled for trial for several weeks. The Court was faced with the choice of appointing a CRO with expanded responsibilities or leaving current, problematic management in place until the trustee motion could be heard. The United States Trustee appealed the order approving the employment of the CRO, but the United States Trustee voluntarily dismissed the appeal when the debtor confirmed its plan of reorganization.

lacks strong and impartial management with a clear duty to act in the interests of all creditors.

34.    The appointment of a chapter 11 trustee would remove any doubt regarding the authority of the person administering the estate and furthers the interests of creditors.

WHEREFORE, the United States Trustee respectfully requests the Court (i) enter an order denying the Application, (ii) enter an order directing the United States Trustee to appoint a chapter 11 trustee, and (iii) grant such other relief as the Court may deem just and proper.

> DANIEL M. MCDERMOTT
> UNITED STATES TRUSTEE
> REGION 21
>
> By:    /s/
> Lindsay P. S. Kolba
> Georgia Bar No. 541621
> United States Department of Justice
> Office of the United States Trustee
> 362 Richard Russell Building
> 75 Ted Turner Drive, SW
> Atlanta, Georgia 30303
> (404) 331-4437
> lindsay.p.kolba@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on June 6, 2018, I caused a copy of this Motion to Dismiss Case with Minimum One Year Bar to Refiling to be served by First Class United States mail, with adequate postage to ensure to delivery to:

American Underwriting Services, LLC
1255 Roberts Blvd.
Suite 102
Kennesaw, GA 30144

Anna Mari Humnicky
Small Herrin, LLP
Suite 200, Two Paces West
2727 Paces Ferry Road
Atlanta, GA 30339

Gary W. Marsh
Dentons US, LLP
Suite 5300, One Peachtree Center
303 Peachtree Street
Atlanta, GA 30308

                                                    /s/
                                        Lindsay P. S. Kolba
                                        Trial Attorney