**IT IS ORDERED as set forth below:**

**Date: September 26, 2018**



_____
Sage M. Sigler
U.S. Bankruptcy Court Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 7** |
| | § | |
| **AMERICAN UNDERWRITING** | § | **Case No. 18-58406-SMS** |
| **SERVICES, LLC,** | § | |
| | § | |
| **Debtor.** | § | |

### ORDER GRANTING CHAPTER 7 TRUSTEE AUTHORITY TO OPERATE BUSINESS OF DEBTOR ON LIMITED BASIS AND PAY RELATED EXPENSES

This matter is before the Court on the *Motion by Chapter 7 Trustee for Authority to Operate Business of Debtor on a Limited Basis and Pay Related Expenses and Request for Expedited Hearing* (the "**Motion**") (Doc. No. 135, the "**Motion**") filed by S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Bankruptcy Case**"). The Motion seeks the entry of an Order authorizing the Trustee to operate the business of the Debtor on a limited

1

basis to perform the Business Operations[1] set forth in the Motion. The Court set a hearing on the Motion for September 20, 2018 (the "**Hearing**"). All requisite parties-in-interest had an opportunity to file an objection to the Motion and attend the Hearing to support any asserted objection to the Motion.

Having reviewed and considered the Motion, the argument of counsel as presented at the Hearing, the record in this Bankruptcy Case, and the record made at the Hearing, after due deliberation thereon and finding that good cause exists for the entry of this Order and that no further notice or opportunity for hearing is required, for good cause shown, it is hereby ORDERED that:

1. The Motion is GRANTED;

2. The Trustee is authorized to: a) operate the business of the Debtor on a limited basis through December 31, 2018, without prejudice to the ability of the Trustee to seek further extensions; b) perform any and all conduct incident thereto in the sole discretion of the Trustee, including, but not limited to, performing the Business Operations; and c) pay costs and expenses related thereto.

3. The Trustee shall file all reports required under 11 U.S.C. § 704(a)(8).

4. The Trustee is authorized to use the proceeds available in the Estate and received in the ordinary course of business of the Debtor (the "**Proceeds**") to pay the reasonable and necessary expenses, as determined at the discretion of the Trustee, of the Debtor, including, but not limited to, costs and expenses related to the following: (a) wages and other compensation for non-insider parties engaged to provide clerical and research services; (b) on-going costs and

---

[1] Capitalized, but undefined terms used herein shall have the meaning ascribed to such terms in the Motion.

2

expenses of the Debtor; (c) all applicable taxes; (d) insurance; (e) preserving business records; (f) collecting accounts receivable; (g) information technology, hosting, or storage; (h) any workers' compensation audit; and (i) other costs and expenses incurred in the operation of the business of the Debtor (each an "**Expense**" and collectively, the "**Expenses**").

5. The Trustee is authorized to use the Proceeds to pay each individual Expense in an amount no greater than $5,000.00 per individual Expense without further order of the Court or notice to creditors.

6. The Trustee is authorized to use the Proceeds to pay each individual Expense in amounts greater than $5,000.00 per individual Expense, if: (a) counsel for Trustee sends an email to the United States Trustee (the "**Notice Email**") providing notice of the amount of the expense that exceeds $5,000 and the proposed payee; and (b) counsel for the United States Trustee does not email a written objection ("**Emailed Objection**") to counsel for Trustee within two business days of counsel for Trustee sending the Notice Email. If an Emailed Objection is timely sent by the United States Trustee to counsel to the Trustee within two business days of the Notice Email, then the Court shall hold a hearing on the Emailed Objection and the Expense subject to the Emailed Objection following an appropriate pleading filed by Trustee and notice to the United States Trustee.

7. The Trustee may use up to a total of $20,000 in Proceeds to pay Expenses as authorized herein without further order of the Court or notice to creditors. The Trustee shall seek further order of the Court, upon proper notice to creditors, to use more than $20,000 in Proceeds to pay Expenses.

3

8. The Trustee is authorized to use or close any of the bank accounts of the Debtor and transfer such funds to the account of the Trustee for the Estate of the Debtor.

9. The Court shall retain jurisdiction over the interpretation or the implementation of this Order.

***END OF ORDER***

Prepared and Presented by:

LAW OFFICES OF HENRY F. SEWELL JR., LLC
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

## DISTRIBUTION LIST

Henry F. Sewell, Jr., Esq.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

Lindsay P.S. Kolba, Esq.
Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Gus H. Small, Esq.
Anna M. Humnicky, Esq.
Benjamin S. Klehr, Esq.
Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339

Lisa Wolgast, Esq.
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

Gregory M. Taube, Esq.
201 17th Street NW
Suite 1700
Atlanta, GA 30363