# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| IN RE:<br><br>AMERICAN UNDERWRITING<br>SERVICES, LLC,<br><br>      Debtor. | Chapter 7<br><br>Case No. 18-58406-SMS |
| AMERICAN UNDERWRITING<br>SERVICES, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>PROSIGHT SPECIALTY MANAGEMENT<br>COMPANY, INC., and NEW YORK<br>MARINE AND GENERAL INSURANCE<br>COMPANY,<br><br>      Defendants. | Adv. Pro. No. 18-05106-SMS |

## NOTICE OF HEARING ON MOTION FOR APPROVAL OF PARTIAL AND LIMITED COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE AND DEFENDANTS PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC. AND NEW YORK MARINE AND GENERAL INSURANCE COMPANY

**PLEASE TAKE NOTICE THAT** S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate of American Underwriting Services, LLC, Debtor in the above captioned case and Plaintiff in the above captioned adversary proceeding, has filed a filed a *Motion For Approval of Compromise and Settlement Between Trustee and Defendants Prosight Specialty Management Company, Inc. and New York Marine and General Insurance Company* (the "**Motion**"). The Motion is on file with the Clerk of the Court at the address set forth below and is available for review at the office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing (the "**Hearing**") to consider the Motion at **10:30 a.m.** on **December 5, 2018,** in Courtroom 1201, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303.

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the Hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive Street, SW, Atlanta, Georgia 30303. You should also mail a copy of your response to the undersigned at the address stated below.

**NOTICE IS HEREBY GIVEN THIS 9th day of November, 2018.**

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AMERICAN UNDERWRITING SERVICES, LLC,<br><br>     Debtor. | Chapter 7<br><br>Case No. 18-58406-SMS |
| AMERICAN UNDERWRITING SERVICES, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC., and NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>     Defendants. | Adv. Pro. No. 18-05106-SMS |

## MOTION FOR APPROVAL OF PARTIAL AND LIMITED COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE AND PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC. AND NEW YORK MARINE AND GENERAL INSURANCE COMPANY

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"), and, by and through counsel and with the approval and consent of Defendants Prosight Specialty Management Company, Inc. and New York Marine and General Insurance Company (collectively, "**Prosight**") as demonstrated by the signature of their counsel below, hereby files this *Motion For Approval of Partial and Limited Compromise and Settlement Between Trustee and Defendants Prosight Specialty Management Company, Inc. and New York*

*Marine and General Insurance Company* (the "**Motion**"), and in support thereof, the Trustee respectfully shows as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief sought herein are Section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## PROCEDURAL BACKGROUND

3.      On May 18, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**"). On June 27, 2018, the United States Trustee filed a notice of appointment of Chapter 11 Trustee pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the bankruptcy estate of the Debtor.

4.      On August 1, 2018, the Court converted the Case to a proceeding under Chapter 7 effective July 27, 2018 [Doc. No. 106] and directed the United States Trustee to appoint a trustee in the Chapter 7 Case.

5.      On August 13, 2018, the United States Trustee filed a Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors [Doc. No. 108] in which S. Gregory Hays was appointed as interim trustee in the Chapter 7 Case. The Trustee became the permanent trustee upon the conclusion of the Section 341 Meeting and remains the duly acting Chapter 7 Trustee for the bankruptcy estate of the Debtor.

## FACTS SPECIFIC TO THIS COMPROMISE MOTION

6.     On May 22, 2018, prior to the appointment of the Trustee and the conversion of this Case to a Case under Chapter 7 of the Bankruptcy Code, the Debtor filed an Adversary Proceeding against Prosight Specialty Management Company, Inc. and New York Marine and General Insurance Company, commencing Adv. Pro. No. 18-05106-SM (the "**Adversary Proceeding**") .

7.     The Adversary Proceeding relates to seven (7) pre-petition garnishments actions which Prosight filed against Synovus Bank/Bank of North Georgia as garnishee (the "**Garnishee**") in the Gwinnett State Court. In the Adversary Proceeding, the Debtor sought to avoid and recover all funds garnished from the Debtor's bank accounts in the seven garnishment actions.

8.     Four (4) of the garnishment actions were served on the Garnishee outside of the 90 day preference period and three (3) of the garnishment actions were served on the Garnishee within the 90 day preference period.

9.     Pursuant to the four (4) garnishment actions served on the Garnishee outside of the 90 day preference period, Prosight received and deposited cash in the amount of $227,623.55 (the "**Pre-90 Day Funds**").

10.     Pursuant to the three garnishment actions served on the Garnishee within the 90 day preference period, Garnishee deposited $225,507.99 into the registry of the Gwinnett State Court (the "**Post-90 Day Funds**"). The Post-90 Day Funds remain in the custody and control of the Gwinnett State Court and have not been transferred to Prosight.

## PROPOSED COMPROMISE AND SETTLEMENT

11.     Following good faith and arms-length negotiations, the Trustee and Prosight

3

(collectively, the "**Parties**") have agreed, subject to approval by the Court, to a settlement (the "**Settlement**") of the Adversary Proceeding on the terms set forth in the Consent Order attached as **Exhibit A** hereto (the "**Approval Order**").

      12.    The terms of the proposed Settlement are as follows:

      a) The Trustee shall file this Motion seeking an order of the Court that approves the Settlement substantially in the form as the Approval Order.

      b) The Post-90 Funds, in the amount of $225,507.99 that were deposited by the Garnishee into the registry of the Gwinnett State Court within the 90 day preference period, shall be released to the Trustee for the benefit of the Estate and Prosight shall fully cooperate with the Trustee in obtaining the release and transfer of such funds to the Trustee.   Prosight shall be given a partial release for claims relating to the Post-90 Day Funds.

      c) Prosight shall be permitted to continue to retain The Pre-90 Day Funds, in the amount of $227,623.55, provided, however, that the Parties expressly reserve all rights, claims, defenses, and interests with regard to the Pre-90 Day Funds. In particular, the Trustee expressly reserves all right and claims to avoid or recover the Pre-90 Day Funds and Prosight reserves all defenses to such claims.

      d) The Adversary Proceeding shall be dismissed without prejudice within two (2) business days of the approval and entry of the Approval Order by the Court.

## AUTHORITY AND ANALYSIS

      13.    By this Motion, the Trustee requests the entry of the Approval Order to approve and authorize the Trustee to consummate the Settlement.   In the event the Parties enter into a

formal written settlement agreement, a copy of such agreement shall be filed with the Court prior to the hearing on the Motion.

## BASIS FOR RELIEF

14.     This Court has the right and the power to approve the Settlement. *See* 11 U.S.C. § 105; FED. R. BANKR. P. 9019.  Bankruptcy Rule 9019(a) provides, in pertinent part, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).

15.     The Trustee believes that the Settlement is in the best interests of the Estate and the creditors thereof under the circumstances; thus, it should be approved.   Settlements and compromises are a "normal part of the process of reorganization." *See Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939).  The Supreme Court of the United States has further said: "[i]n administering [Bankruptcy] Proceedings in an economical and practical manner, it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts." *Protective Comm. for Stockholders of TMT Trailer Ferry, Inc. v. Anderson (In re TMT Trailer Ferry, Inc.)*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972).  Settlements are "desirable and wise methods of bringing [closure] to . . . proceedings otherwise lengthy, complicated and costly." *Matter of Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

16.     Under Bankruptcy Rule 9019(a), this Court may approve a compromise or settlement "on motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustee." *TMT Trailer Ferry, Inc.*, 390 U.S. at 424.  "In conducting a hearing under Rule

5

9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and

equitable, and in the best interests of the bankruptcy estate." *Id.* In making this determination, a

bankruptcy court is required to inform itself "of all facts necessary for an intelligent and objective

opinion of the probabilities of ultimate success should the claim be litigated." *Id.* To determine

whether a settlement should be approved under 9019, the Court should:

> form an educated estimate of the complexity, expense, and likely
> duration of such litigation, the possible difficulties of collecting on
> any judgment which might be obtained, and all other factors relevant
> to a full and fair assessment of the wisdom of the proposed
> compromise. Basic to this process in every instance, of course, is the
> need to compare the terms of the compromise with the likely
> rewards of the litigation.

*Id.* at 424-25.

17.    The decision whether to approve a particular settlement is within the discretion of

the bankruptcy court. "It must be remembered that the evaluation of any lawsuit is quite

problematic and calls for a significant degree of speculation." *Texas Extrusion Corp. v Lockheed*

*Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1159 (5th Cir. 1988). A reviewing court will

uphold the approval of a settlement if it is the result of "an adequate and intelligent consideration

of the merits of the claims, the difficulties of pursuing them, the potential harm to the debtor's

estate caused by delay, and the fairness of the terms of the settlement." *TMT Trailer Ferry, Inc.*,

390 U.S. at 434.

18.    The Eleventh Circuit has adopted the following factors to consider in evaluating a

proposed settlement or compromise:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be
> encountered in the matter of collection; (c) the complexity of the litigation involved,
> and the expense, inconvenience and delay necessarily attending it; (d) the
> paramount interest of the creditors and a proper deference to their reasonable views
> in the premises.

6

*In re Chira*, 567 F.3d 1307, 1312 (11th Cir. 2009) (citation omitted).

   19. With respect to the factors identified by the Eleventh Circuit, the Trustee respectfully shows as follows:

    a) **Probability of Success on the Merits**.  The Trustee contends that the claims asserted in the Adversary Proceeding are factually supported and legally strong with respect to the Post-90 Day Funds and the proposed settlement includes a complete recovery of the Post-90 Day Funds.  The claims against the Pre-90 Day Funds are more complex, however, and the proposed settlement allows the Trustee additional time to explore and investigate possible claims against the Pre-90 Day Funds.  The Parties concede that the probability for success in litigation of concerning the Pre-90 Day Funds in the Adversary Proceeding and related defenses is uncertain. Indeed, it is possible that the Trustee may conclude that the Bankruptcy Estate does not have any valid claims to recover the Pre-90 Day Funds.  The Trustee believes that the terms of the Settlement are certainly within the realm of potential litigation results, but without having to spend the funds necessary to litigate.

    b) **Difficulty in Collection and Complexity, Expense, and Likely Duration of the Litigation**.  The Trustee has conducted a limited analysis of the Defendants and is not particularly concerned with the ability to collect from Defendants. Litigating issues related to the Adversary Proceeding and related defenses; however, would be time-consuming and potentially involve substantial risk and cost to the Estate.  Moreover, the Trustee is still in the process of conducting a complete forensic accounting of the Debtor's sources and uses of funds and

tracing of monies received by the Debtor for the payment of insurance premiums which may relate directly to the Pre-90 Day Claims. One of the significant advantages of the Settlement is to save significant administrative costs of litigating the Adversary Proceeding and related defenses until the Trustee has completed his investigation while, at the same time, recovering the Post-90 Day Funds. Accordingly, the complexity of the litigation and the associated expense inconvenience, and delay involved in litigating the Adversary Proceeding, coupled with the immediate recovery of the Post-90 Days, weigh in favor of settlement. The Settlement will provide immediate funds for the benefit of the Estate without incurring substantial litigation expenses. Since the Settlement provides the Estate with all of the funds transferred within the 90 day preference period and reserves all rights, claims, defenses and interest with regard to funds transferred outside the 90 day preference period, it is in the best interests of the Estate to recover the funds transferred within the 90 day preference period in an efficient manner and address funds transferred outside the 90 day preference period at a later time. Continued prosecution of the Adversary Proceeding at this juncture would be expensive to all of the Parties due to the costs attendant with conducting depositions, calling witnesses and experts and litigating the Adversary Proceeding and related defenses to a verdict that may not favor the Estate.

c) **Paramount Interest of Creditors**. The Settlement is a meaningful and necessary step in administering the assets in the Estate. Creditors of the Estate should support the Settlement since the Settlement will enhance the possibility

of a potential dividend to creditors generally. In short, the proposed settlement is unequivocally in the best interests of the Estate and is in paramount interests of creditors.

## NOTICE

20.     Rule 2002(a) provides that notices of a compromise and settlement should be given to all creditors. The Trustee requests that this Motion be granted after notice of the Motion is sent to all creditors and parties in interest in this Case and, if an objection is made to the Settlement, after a hearing on the Motion.

## NO PREVIOUS REQUEST

21.     No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that the Court: (a) enter the Approval Order to approve the Settlement; and (b) grant such other and further relief as is just and proper.

Dated: November 9, 2018.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

*CONSENT SIGNATURES CONTINUED*

9

Reviewed, Approved and Consented to by:

**DENTONS US LLP**

By: /s/ Gary W. Marsh *(w/express permission)*
Gary W. Marsh, Esq.
Georgia Bar No. 471290

303 Peachtree St., N.E, Suite 5300
Atlanta, GA  30308
Telephone: 404-527-4150
Email: gary.marsh@dentons.com
*Attorneys for ProSight Specialty*
*Management Company Inc. and New*
*York Marine and General Insurance Company*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | Chapter 11 |
| AMERICAN UNDERWRITING SERVICES, LLC., | Case No. 18-58406-SMS |
| Debtor. | |
| | |
| AMERICAN UNDERWRITING SERVICES, LLC, | |
| Plaintiff, | Adv. Pro. No. 18-05106-SMS |
| v. | |
| PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC., and NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | |
| Defendants. | |

## <u>CONSENT ORDER</u>

**WHEREAS,** on May 22, 2018, Plaintiff American Underwriting Services, LLC

("Plaintiff" or "Debtor") filed an Adversary Proceeding in the above styled case (the "Adversary

Proceeding") against Defendants Prosight Specialty Management Company, Inc. and New York Marine and General Insurance Company (collectively, "Defendants");

**WHEREAS,** prior to the bankruptcy filing of the Debtor, Defendants, pursuant to a final judgment they obtained against the Debtor, filed and served seven (7) garnishments actions against Synovus Bank/Bank of North Georgia as garnishee (the "Garnishee") in the Gwinnett State court;

**WHEREAS**; four (4) of the garnishment actions were served on the Garnishee outside of the 90 day preference period and three (3) of the garnishment actions were served on the Garnishee within the 90 day preference period;

**WHEREAS,** Defendants, pursuant to the four (4) garnishment actions served on the Garnishee outside the 90 day preference period, have received and deposited $227,623.55 cash;

**WHEREAS**, pursuant to the three garnishment actions served on the Garnishee within the 90 day preference period, Garnishee deposited $225,507.99 into the registry of the Gwinnett State court;

**WHEREAS,** on June 29, 2018, Gregory Hays was appointed Chapter 11 Trustee for the Debtor (the "Trustee');

**WHEREAS,** on August 1, 2018, the Chapter 11 case was converted to a Chapter 7 case; and

**WHEREAS,** Debtor and the Trustee have now reached a settlement of the Adversary Proceeding on the terms set forth below:

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED THAT:**

1.

The Trustee agrees to dismiss the Adversary Proceeding against Defendants without prejudice within two (2) business days of entry of this Consent Order.

-2-

107640291\V-1

2.

Defendants shall fully cooperate with the Trustee in obtaining release of the $225,507.99

from the Gwinnett State court and delivering those funds to the Trustee to be deposited into the

Trustee's bank account. The Gwinnett State court is directed, upon request of Defendants and

the Trustee, to release the $225,507.99 to the Trustee.

3.

Except as expressly provided for in this Consent Order, Defendants and the Trustee

expressly reserve all of their respective rights, claims, defenses and interests.

4.

By entering into this Consent Order neither the Trustee nor the Defendants make any

kind of admissions of any kind or nature whatsoever.

**CONSENTED TO BY:**

**LAW OFFICES OF HENRY F. SEWELL, JR. LLC**

By: */s/ Henry F. Sewell, Jr. (w/express permission)*
Henry F. Sewell, Jr.
GA Bar No.: 636265

2964 Peachtree Road, Suite 555
Atlanta, GA 30305
Telephone: (404) 926-0053
Email: hsewell@sewellfirm.com
*Attorneys for Trustee S. Gregory Hays*

and

**DENTONS US LLP**

By: /s/ Gary W. Marsh
Gary W. Marsh, Esq.
Georgia Bar No. 471290

303 Peachtree St., N.E, Suite 5300
Atlanta, GA  30308
Telephone: 404-527-4150

-3-

Email: gary.marsh@dentons.com
*Attorneys for ProSight Specialty*
*Management Company Inc. and New*
*York Marine and General Insurance Company*

## Distribution List

Gus H. Small, Esq.
Benjamin S. Klehr, Esq.
Small Herrin LLP
Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30330

Lindsay P.S. Kolba, U.S. Trustee
United States Department Of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Dr., SW.
Atlanta, GA 30303

Gary W. Marsh, Esq.
Dentons US LLP
303 Peachtree St., N.E, Suite 5300
Atlanta, GA 30308

Henry F. Sewell, Jr., Esq.
Law Offices of Henry F. Sewell, Jr., LLC
2964 Peachtree Road, Suite 555
Atlanta, GA 30305

## CERTIFICATE OF SERVICE

This is to certify that on this date a true and correct copy of the foregoing *Motion For Approval of Compromise and Settlement Between Trustee and Defendants Prosight Specialty Management Company, Inc. and New York Marine and General Insurance Company* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all registered parties who have filed appearances and requested notices in this case and as set forth in Exhibit "A" which is attached hereto.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

## Exhibit A

| | |
|---|---|
| J. Ronald Jones, Esq.<br>Nexsen Pruet LLC<br>205 King Street, Suite 400<br>Charleston, SC 29401<br>*Via Regular Mail* | Gus H. Small, Esq.<br>Anna M. Humnicky, Esq.<br>Benjamin S. Klehr, Esq.<br>Small Herrin, LLP<br>Two Paces West, Suite 200<br>2727 Paces Ferry Road<br>Atlanta, GA 30339<br>*Via ECF* |
| ProSight Specialty Mgt. Co., and New York<br>Marine and General Insurance Company<br>c/o Gary Marsh, Denton US, LLP<br>303 Peachtree Street, NE, Suite 5300<br>Atlanta, GA 30308<br>*Via ECF* | Lloyds of London/Tysers<br>9th Floor Beaufort House<br>15 St Botolph Street<br>London, England, EC3A 7EE<br>*Via Regular Mail* |
| American Millennium Insurance Company<br>1044 Route 23 North, STE 103<br>Wayne, NJ 07470<br>*Via Regular Mail* | SC&F Specialty Underwriters<br>160 Water Street<br>16th Floor<br>New York, NY 10038-4922<br>*Via Regular Mail* |
| AIG<br>1200 Abernathy Rd<br>Bldg 600, Suite 800<br>Atlanta, GA 30328<br>*Via Regular Mail* | American Inter-Fidelity Exchange<br>9223 Broadway; Ste A<br>Merrillville, IN 46410<br>*Via Regular Mail* |

| | |
|---|---|
| American Southern Insurance Companies<br>3715 Northside Parkway<br>Building 400, Suite 800<br>Atlanta, GA 30327<br>*Via Regular Mail* | ACE Westchester Specialty Grp<br>5505 N. Cumberland Ave.<br>Suite 307<br>Chicago, IL 60656<br>*Via Regular Mail* |
| Risk Placement Services<br>33719 Treasury Center<br>Chicago, IL 60694-3700<br>*Via Regular Mail* | Professional Safety Consultants<br>221 Victory Lane<br>Suite 100<br>Lincoln, NE 68528<br>*Via Regular Mail* |
| Synovus Bank<br>PO Box 23061<br>Columbus, GA 31902-3061<br>*Via Regular Mail* | Willcomply, LLC<br>3700 Park East Drive, Suite 250<br>Beachwood, OH 44122<br>*Via Regular Mail* |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101<br>*Via Regular Mail* | Georgia Department of Revenue<br>1800 Century Boulevard<br>Suite 9100<br>Atlanta, GA 30345<br>*Via Regular Mail* |

| | |
|---|---|
| Lindsay P.S. Kolba, Esq.<br>Office of U.S. Trustee<br>362 Richard Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303<br>*Via Email and ECF* | Jay W. Hurst<br>Assistant Attorney General<br>Bankruptcy & Collections Division MC 008<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>*Via Regular Mail* |
| Georgia Insurance Department<br>Attn: Sarah Crittenden, Esq.<br>Suite 620, West Tower<br>2 Martin Luther King, Jr. Drive<br>Atlanta, GA 30334<br>*Via Regular Mail* | D. Victor Reynolds, District Attorney<br>Cobb Judicial Circuit<br>Office of the District Attorney<br>70 Haynes Street<br>Marietta, GA 30090<br>*Via Regular Mail* |
| Matthew G. Moffett, Esq.<br>Gray, Rust, St. Amand, Moffett & Brieske<br>1700 Atlanta Plaza<br>950 East Paces Ferry Road<br>Atlanta, GA 30326<br>*Via ECF* | Leslie M. Pineyro, Esq.<br>Jones and Walden, LLC<br>21 Eighth Street, NE<br>Atlanta, GA 30309<br>*Via ECF* |
| Scott B. Riddle, Esq.<br>Law Office of Scott B. Riddle, LLC<br>Suite 1800<br>3340 Peachtree Road, NE<br>Atlanta, GA 30326<br>*Via ECF* | John T. Sparks, Esq.<br>Austin & Sparks<br>Suite 200<br>2974 Lookout Place NE<br>Atlanta, GA 30305-3272<br>*Via ECF* |
| Gregory M. Taube, Esq.<br>Nelson Mullins Riley & Scarborough, LLP<br>Suite 1700<br>201 17th Street, NW<br>Atlanta, GA 30363<br>*Via ECF* | A. Christian Wilson, Esq.<br>Simpson Law Offices, L.L.P.<br>P. O. Box 550105<br>Atlanta, GA 30355-2505<br>*Via ECF* |

| | |
|---|---|
| Rich Insurance Services, Inc.<br>Attn: Marie Rich<br>105 S. 3rd St.<br>Cabot, AR 72023<br>*Via Regular Mail* | Garrett Nail<br>Thompson Hine LLP<br>Two Alliance Center, 3560 Lenox Road<br>Suite 1600<br>Atlanta GA 30326<br>*Via ECF* |
| Lisa Wolgast, Esq.<br>Morris Manning & Martin<br>1600 Atlanta Financial Center<br>3343 Peachtree Road NE<br>Atlanta, GA 30326<br>*Via ECF* | Gustav P. Rech<br>Soffer, Rech & Borg, LLP<br>48 Wall Street, 26th Floor<br>New York, NY 10005<br>*Via Regular Mail* |
| Jonathan Aberman, Esq.<br>Dykema<br>10 South Wacker Drive<br>Suite 2300<br>Chicago, Ill. 60606<br>*Via Regular Mail* | |