IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| AMERICAN UNDERWRITING | § | Case No. 18-58406-SMS |
| SERVICES, LLC, | § | |
| | § | |
| Debtor. | § | |

## MOTION TO SET ADMINISTRATIVE CLAIMS BAR DATE

**COME NOW** S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"), by and through counsel, and hereby files this *Motion to Set Administrative Claims Bar Date* (the "**Motion**") to request the entry of an order establishing a bar date for the filing of a request for allowance and payment of an administrative expense claim under 11 U.S.C. § 503, including under 11 U.S.C. § 503(b)(9) (the "**Administrative Claims**"), in the Chapter 11 or Chapter 7 Case of the Debtor other than with regard to requests by the Trustee, by any professionals employed by the Trustee, or for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4). In support of this Motion, the Trustee respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory and legal predicates for the relief sought herein are sections 105 and 503 of title 11 of the United States Code (the "**Bankruptcy Code**") and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

3.      On May 18, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**"). On June 27, 2018, the United States Trustee filed a notice of appointment of Chapter 11 Trustee pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the bankruptcy estate of the Debtor.

4.      On August 1, 2018, the Court converted the Case to a proceeding under Chapter 7 effective July 27, 2018 [Doc. No. 106] and directed the United States Trustee to appoint a trustee in the Chapter 7 Case.

5.      On August 13, 2018, the United States Trustee filed a Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors [Doc. No. 108] in which S. Gregory Hays was appointed as interim trustee in the Chapter 7 Case. The Trustee remains the duly acting Chapter 7 Trustee for the bankruptcy estate of the Debtor.

6.      Although the operations of the Debtor have been terminated, the Court entered an Order Granting Authority to Operate Business of Debtor [Doc. No. 145] (the "**Operating Order**") on September 27, 2018, authorizing the Trustee to perform certain business activities and pay certain expenses to assist in the administration of the Estate.

7.      The Trustee is in the process of recovering and liquidating the remaining assets of the Debtor and is aware that the Debtor may have incurred administrative expenses during the Chapter 11 and/or Chapter 7 Case.  In the interest of having the most complete information possible, the Trustee believes that fixing a bar date for Administrative Claims is in the best interests of the Estate.

**RELIEF REQUESTED**

8. By this Motion, the Trustee respectfully requests the entry of an order—substantially in the form as the proposed Bar Order attached as **Exhibit A** hereto—pursuant to 11 U.S.C. §§ 105(a) and 503 establishing January 31, 2019 (the "**Administrative Claims Bar Date**"), or such other date as the Court deems appropriate, as the last day by which all entities, except for the Trustee, any professionals employed by the Trustee, requests for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4), or any entity whose administrative expense claim has been previously allowed by a final order of the Court, must file a request for allowance and payment of an administrative expense as defined by 11 U.S.C. § 503 arising or occurring in the Chapter 11 or Chapter 7 Case.

9. The Trustee also requests that the Court direct all holders of Administrative Claims, other than the Trustee, any professionals employed by the Trustee, parties requesting compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4), or any entity whose administrative expense claim has been previously allowed by a final order of the Court, to file requests for payment of such claims, including proper supporting documentation, with the Office of the Clerk at the U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303, and upon the undersigned counsel for the Trustee on or before the Administrative Claims Bar Date.

10. The Trustee requests that any party: a) required to file by the Administrative Claims Bar Date a request for allowance and payment of any Administrative Claims in the Chapter 11 or Chapter 7 Case that fails to file such a request on or before the Administrative Claims Bar Date; or b) that files, or has already filed, a proof of claim that includes an assertion of entitlement to any Administrative Claims and fails to file a separate request for payment of

3

such Administrative Claims on or before the Administrative Claims Bar Date, be barred, estopped, and enjoined from asserting such administrative expense claim against the Estate of the Debtor and the Estate of the Debtor shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

### BASIS FOR RELIEF

11.     No bar date for the filing of Administrative Claims has been set in the Chapter 11 or Chapter 7 Case. The facts of the Case justify setting a bar date for cost of administration expenses since the Debtor is no longer operating and the Trustee is aware that the Estate may have incurred administrative expenses during the Chapter 11 or Chapter 7 Case. The establishment of the Administrative Claims Bar Date will assist in: a) winding down the Estate of the Debtor; b) determining the appropriate treatment of various creditors; c) determining the precise nature, extent, and scope of Administrative Claims asserted against the Estate; d) estimating the number and amount of Administrative Claims; and e) otherwise facilitating the reorganization process as Administrative Claims would need to be addressed to conclude the Case.

12.     The establishment of January 31, 2019, as the Administrative Claims Bar Date will enable the Trustee to receive, process, and analyze Administrative Claims in a timely and efficient manner. The proposed Administrative Claims Bar Date will give creditors more than a month to prepare and file requests for allowance of Administrative Claims.

13.     For the ease of creditors who may not have engaged counsel in the Case, the Trustee requests that: a) the Court approve the Administrative Claim Form (the "**Administrative Claim Form**") attached as **Exhibit B** hereto; and b) the Trustee be authorized to serve a copy of the Administrative Claim Form along with the Bar Order to the known

4

administrative claimants in the Chapter 11 or Chapter 7 Case and all other creditors and parties in interest who might assert an Administrative Claim. The Administrative Claim Form provides holders of Administrative Claims with information necessary to submit their claims in the Case and will provide the Trustee with information to process said claims. The Administrative Claim Form provides that claimants will file their claims with the Clerk of the Court.

14. The Administrative Claim Form shall be made available as follows: a) upon written request to counsel for the Trustee; b) by obtaining **Exhibit B** to this Motion in the office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users); and/or c) online at https://haysconsulting.net/american-underwriting-services-llc/.

15. The Trustee reserves the right to: a) dispute any Administrative Claims for any reason; or b) assert offsets or defenses as to the nature, amount, liability, classification, or otherwise against any Administrative Claim that may be filed in the Case.

## NOTICE AND SERVICE PROCEDURES

16. Notice of this Motion has been provided to the following parties, or in lieu thereof, to their counsel: a) the Office of the United States Trustee for the Northern District of Georgia; and b) parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee submits that such notice is sufficient and that no further notice is necessary.

17. The requested service and notice procedures would preserve funds for the Estate, specifically with regard to minimizing the costs of mailing the Administrative Claim Form to a substantial number of potential claimants.

WHEREFORE, the Trustee respectfully request the entry of an Order: (a) granting this

Motion; (b) establishing an Administrative Claims Bar Date of January 31, 2019, or such other date as the Court deems appropriate, for any claims, other than by the Trustee, any professionals employed by the Trustee, requests for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4), or any entity whose administrative expense claim has been previously allowed by a final order of the Court, as the deadline by which Administrative Claims must be filed; (c) approving the proposed Administrative Claim Form; (d) approving the proposed noticing procedures of the Trustee; and (e) granting such other and further relief as may be just and proper.

Dated: December 6, 2018.   Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

6

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| AMERICAN UNDERWRITING | § | Case No. 18-58406-SMS |
| SERVICES, LLC, | § | |
| | § | |
| Debtor. | § | |

**BAR ORDER ESTABLISHING DEADLINE FOR FILING REQUESTS**
**FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**INCLUDING CLAIMS PURSUANT TO 11 U.S.C. § 503(B)(9)**

**THIS IS A BAR ORDER**

**TO: ALL PARTIES ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM AGAINST AMERICAN UNDERWRITING SERVICES, LLC**

**PLEASE TAKE NOTICE** that S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**") has filed a *Motion to Set Administrative Claims Bar Date* [Doc. No. ___] (the "**Motion**"). In the Motion, the Trustee requests the entry of an order establishing a bar date for the filing of a request for allowance and payment of administrative expenses claims under 11 U.S.C. § 503, including under 11 U.S.C. § 503(b)(9), in the Chapter 11 or Chapter 7 Case of the Debtor other than requests by the Trustee, by

professionals of the Trustee or for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4).

Upon consideration of the Motion and the matters of record in this Case and it appearing that: 1) the Court has jurisdiction over this proceeding; 2) this is a core proceeding; 3) notice of this Motion has been provided to the proper parties; 4) no further notice or opportunity for a hearing is necessary; 5) the relief sought in the Motion is in the best interests of the Debtor, its Estate, and its creditors; and 6) good and sufficient cause exists for such relief, the Court finds that it is appropriate to issue a bar order with respect to the filing of claims entitled to priority pursuant to 11 U.S.C. § 503 in the Chapter 11 or Chapter 7 Case of the Debtor other than with respect to claims of the Trustee, claims of professionals of the Trustee, or requests for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4).

Accordingly, for good cause shown, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. Other than the Trustee, professionals of the Trustee, parties submitting a request for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4) and as otherwise set forth below in Paragraph 5 of this Order, all individuals and entities who have or assert any claims against the Debtor pursuant to 11 U.S.C. § 503, including under 11 U.S.C. 503(b)(9) (the "**Administrative Claims**"), must file a request for allowance of such claims by **January 31, 2019** (the "**Administrative Claims Bar Date**") and the terms of this Order.

3. All requests for allowance of Administrative Claims addressed by this Order must be filed **no later than the Administrative Claims Bar Date of January 31, 2019**. The

2

Administrative Claims Bar Date is the last day for a claimant, other than the Trustee, any professionals of the Trustee, parties submitting a request for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4), an entity whose administrative expense claim has been previously allowed by a final order of the Court, or as otherwise set forth below in Paragraph 5 of this Order, to file a request for allowance of any Administrative Claims against the Estate or the Debtor under 11 U.S.C. § 503.

4. **Any claimant, other than the Trustee, any professionals of the Trustee, parties submitting a request for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4), an entity whose administrative expense claim has previously been allowed by a final order of the Court, or as otherwise set forth below in Paragraph 5 of this Order, who does not file a request for allowance of its Administrative Claims by the Administrative Claims Bar Date may be forever barred from any recovery for any such claim.**

5. This Order does not apply to any request: a) by the Trustee or professionals of the Trustee; b) for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4); or c) for allowance of an Administrative Claim that has already been properly filed in the Chapter 11 or Chapter 7 Case of the Debtor.

6. All parties, other than the Trustee, any professionals employed by the Trustee, parties submitting a request for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4), or any entity whose administrative expense claim has been previously allowed by a final order of the Court, having a claim against the Estate or the Debtor under 11 U.S.C. § 503 in the Chapter 11 or Chapter 7 Case shall file a request for allowance and payment of any Administrative Claims by the Administrative Claims Bar Date. To assert any

3

Administrative Claims in the Case, claimants may use the Administrative Claim Form attached as **Exhibit B** to the Motion (the "**Administrative Claim Form**"). The form of the Administrative Claim Form is approved.

7. Any request for allowance and payment of any Administrative Claims, other than claims of the Trustee or any professionals for the Trustee, a request for compensation and reimbursement of expenses under 11 U.S.C. §§ 330(a), 503(b)(2), and 503(b)(4), or an administrative claim of an entity that has been previously allowed by a final order of the Court, must: a) be an original signed writing, containing at least the same content as the Administrative Claim Form; b) include proper supporting documentation; and c) be filed no later than **5:00 p.m. Eastern Standard Time on January 31, 2019**, at the following address: **Office of the Clerk, Clerk, U. S. Bankruptcy Court for the Northern District of Georgia, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303.** A copy of the completed request should also be mailed to counsel for the Trustee at the following address: Law Offices of Henry F. Sewell, Jr., LLC, c/o Henry F. Sewell, Jr., Esq., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305.

**ANY REQUEST FOR ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM WILL BE DEEMED TIMELY FILED ONLY IF THE REQUEST IS ACTUALLY RECEIVED BY THE CLERK AT THE ABOVE ADDRESS NO LATER THAN THE TIME AND DATE SET OUT ABOVE. CLAIMANTS WHO HAVE ALREADY PROPERLY FILED AN ADMINISTRATIVE EXPENSE REQUEST ARE NOT REQUIRED BY THIS ORDER TO FILE ANOTHER REQUEST FOR PAYMENT**.

8. Any claimant required by this Order to file a request for allowance and payment of an Administrative Claim that fails to file such a request on or before the Administrative Claims Bar Date and any claimant who: a) files, or has already filed, a proof of claim that includes any Administrative Claim; and b) fails to file a separate request for payment of such

4

administrative expense on or before the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting any administrative expense claims against the Estate that such claimants may have held as of the Administrative Claims Bar Date, and the Estate of the Debtor, the Debtor and its property shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such administrative expense claim.

9. All parties reserve the right to review and object to any Administrative Claims that are filed.

10. Counsel for the Trustee is directed to serve a copy of this Order and the Administrative Claim Form on all known administrative claimants in the Case, all other known parties in interest who might assert an Administrative Claim against the Debtor, and on those parties in interest listed on the matrix of creditors in the Case.

### *** END OF ORDER ***

Prepared and Presented By:
LAW OFFICES OF HENRY F. SEWELL JR., LLC

By: */s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Law Offices of Henry F. Sewell, Jr., LLC
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
Counsel for the Chapter 7 Trustee

5

## **EXHIBIT B**

**Administrative Claim Form**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| AMERICAN UNDERWRITING | § | Case No. 18-58406-SMS |
| SERVICES, LLC, | § | |
| | § | |
| Debtor. | § | |

## REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503

COMES NOW the claimant identified below and hereby requests the allowance of an administrative expense claim pursuant to Section 503 of the Bankruptcy Code, and hereby shows the following:

**Name of Claimant**: _____

**Address of Claimant**: _____
_____
_____

**Phone**: _____          **Email**: _____

**Amount of 11 U.S.C. § 503 Administrative Expense**: $_____

1. The undersigned holds an administrative expense claim pursuant to 11 U.S.C. § 503 in the amount identified above against the Debtor in either the Chapter 11 or Chapter 7 Case (identify which Case):_____

2. The consideration for this debt (or ground for this liability owed by the Debtor is as follows: _____
_____
_____
_____

3. The administrative expense is entitled to administrative priority under 11 U.S.C. § 503(b) and 11 U.S.C. § 507(a)(2) because:_____
_____
_____
_____

      4.      A copy of the writing (invoice, purchase order, lease agreement, etc.) on which the administrative expense is founded, if any, is attached hereto or cannot be attached for the reason set forth in the statement attached hereto.

      5.      The amount of all payments on the administrative expense have been credited and deducted for the purpose of making this request.

      6.      The undersigned is aware that under 18 U.S.C. §§ 152 and 3571, the penalty for presenting a fraudulent claim in a bankruptcy case includes a fine of up to $500,000 or imprisonment for up to five years, or both.

      **WHEREFORE**, the undersigned requests that the Court allow the administrative expense or expenses requested herein, to be paid in accordance with the priorities set forth in the Bankruptcy Code and based upon availability of funds.

      **YOU ARE ENCOURAGED TO CONSULT YOUR ATTORNEY REGARDING THE LAW, YOUR LEGAL RIGHTS, THE MEANING OF TERMS USED IN THE BANKRUPTCY CODE, THIS REQUEST FORM AND THE ADMINISTRATIVE CLAIM BAR DATE NOTICE.**

Dated: _____

                                          Name of Claimant: _____

                                          Signed: _____

                                          By (if appropriate): _____

                                          As Its (if appropriate): _____

**INSTRUCTIONS:** Mail the completed form to: Office of the Clerk at the U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303, so as to be received no later than January 31, 2019. A copy of the completed form should also be mailed to counsel for the Trustee at: Law Offices of Henry F. Sewell, Jr., LLC, c/o Henry F. Sewell, Jr., Esq., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305.

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the *Motion to Set Administrative Claims Bar Date* was served: (a) via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all registered parties who have appeared in this Case; and (b) by United States Mail with adequate postage affixed thereon on the party set forth below:

    Office of the United States Trustee
    c/o Lindsay P. S. Kolba, Esq.
    362 Richard B. Russell Federal Building
    75 Ted Turner Drive, SW
    Atlanta, Georgia 30303

Dated: December 6, 2018.    Respectfully submitted,

        LAW OFFICES OF HENRY F. SEWELL JR., LLC

        */s/ Henry F. Sewell, Jr.*
        Henry F. Sewell, Jr.
        Georgia Bar No. 636265
        Buckhead Centre
        2964 Peachtree Road NW, Suite 555
        Atlanta, GA 30305
        (404) 926-0053
        hsewell@sewellfirm.com

        COUNSEL FOR THE CHAPTER 7 TRUSTEE