IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| AMERICAN UNDERWRITING | § | Case No. 18-58406-SMS |
| SERVICES, LLC, | § | |
| | § | |
| Debtor. | § | |

**REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503**

COMES NOW the claimant identified below and hereby requests the allowance of an administrative expense claim pursuant to Section 503 of the Bankruptcy Code, and hereby shows the following:

**Name of Claimant:** Granite State Insurance Company, Illinois National Insurance Company, New Hampshire Insurance Company, The Insurance Company of the State of Pennsylvania, and certain other entities related to AIG Property Casualty Inc. (collectively, the "AIG Entities")

**Address of Claimant:** Gregory M. Taube
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW, Suite 1700, Atlanta, GA 30363

**Phone:** (404) 322-6000        **Email:** greg.taube@nelsonmullins.com

**Amount of 11 U.S.C. § 503 Administrative Expense:** $ 212,999.55

1. The undersigned holds an administrative expense claim pursuant to 11 U.S.C. § 503 in the amount identified above against the Debtor in either the Chapter 11 or Chapter 7 Case (identify which Case): Both Chapter 11 and Chapter 7

2. The consideration for this debt (or ground for this liability owed by the Debtor is as follows: SEE ATTACHED

3. The administrative expense is entitled to administrative priority under 11 U.S.C. § 503(b) and 11 U.S.C. § 507(a)(2) because: SEE ATTACHED

4.  A copy of the writing (invoice, purchase order, lease agreement, etc.) on which the administrative expense is founded, if any, is attached hereto or cannot be attached for the reason set forth in the statement attached hereto.

5.  The amount of all payments on the administrative expense have been credited and deducted for the purpose of making this request.

6.  The undersigned is aware that under 18 U.S.C. §§ 152 and 3571, the penalty for presenting a fraudulent claim in a bankruptcy case includes a fine of up to $500,000 or imprisonment for up to five years, or both.

**WHEREFORE**, the undersigned requests that the Court allow the administrative expense or expenses requested herein, to be paid in accordance with the priorities set forth in the Bankruptcy Code and based upon availability of funds.

**YOU ARE ENCOURAGED TO CONSULT YOUR ATTORNEY REGARDING THE LAW, YOUR LEGAL RIGHTS, THE MEANING OF TERMS USED IN THE BANKRUPTCY CODE, THIS REQUEST FORM AND THE ADMINISTRATIVE CLAIM BAR DATE NOTICE.**

Dated: January 30, 2019

Name of Claimant: Granite State Insurance Company, Illinois National Insurance Company, New Hampshire Insurance Company, The Insurance Company of the State of Pennsylvania, and certain other entities related to AIG Property Casualty Inc. (collectively, the "AIG Entities")

Signed: _____

By (if appropriate): Gregory M. Taube

As Its (if appropriate): Attorney

**INSTRUCTIONS:** Mail the completed form to: Office of the Clerk at the U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303, so as to be received no later than January 31, 2019. A copy of the completed form should also be mailed to counsel for the Trustee at: Law Offices of Henry F. Sewell, Jr., LLC, c/o Henry F. Sewell, Jr., Esq., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| AMERICAN UNDERWRITING ) | |
| SERVICES, LLC, ) | CASE NO. 18-58406-SMS |
| ) | |
| Debtor. ) | |
| ) | |

**ADDENDUM TO REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO U.S.C. § 503 OF GRANITE STATE INSURANCE COMPANY, ILLINOIS NATIONAL INSURANCE COMPANY, NEW HAMPSHIRE INSURANCE COMPANY, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, AND CERTAIN OTHER ENTITIES RELATED
TO AIG PROPERTY CASUALTY INC.**

Granite State Insurance Company, Illinois National Insurance Company, New Hampshire Insurance Company, The Insurance Company of the State of Pennsylvania, and certain other entities related to AIG Property Casualty Inc. (collectively, the "AIG Entities"), hereby submit this addendum (the "Addendum") to the Request for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503 (the "Administrative Claim") filed in the bankruptcy case of American Underwriting Services, LLC ("Debtor").

1. Debtor filed its bankruptcy petition on May 18, 2018 (the "Petition Date").

2. Debtor is a broker which places insurance policies for the AIG Entities. In this role, Debtor is responsible for collecting premiums and other fees from the AIG Entities' insureds or their agents (the "Premiums") and remitting those funds to the AIG Entities. At all times the Premiums collected by Debtor are property of the AIG Entities and Debtor is required by applicable law to hold the Premiums in a trust or similar vehicle for the benefit of the AIG Entities and remit the Premiums to the AIG Entities upon receipt.

3. Both prior to and since the Petition Date, and in violation of various insurance laws, Debtor has failed to remit Premiums received by Debtor to the AIG Entities. The AIG Entities assert that any Premiums received by Debtor and not

remitted to the AIG Entities are and were at all times property belonging to the AIG Entities and that such Premiums are not and never were property of the Debtor's bankruptcy estate.

4.  However, out of an abundance of caution, the AIG Entities have filed a proof of claim (the "Claim No. 19") to protect their rights to receive a distribution from the Debtor's bankruptcy estate for the Pre-Petition Premiums collected by Debtor and not remitted to the AIG Entities. As is reflected on the exhibit thereto, the AIG Entities assert that $138,184.00 of Pre-Petition Premium was received by Debtor and not remitted to the AIG Entities (the "Pre-Petition Premium").

5.  As is further reflected on the exhibit hereto, the AIG Entities assert that $212,999.55 of Post-Petition Premium has been received by Debtor and not remitted to the AIG Entities (the "Post-Petition Premium"). The AIG Entities assert that the Post-Petition Premium is and never was property of the Debtor's estate, such that the Debtor's estate must be required to pay the full amount of Post-Petition Premium to the AIG Entities as an administrative expense pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2) with respect to the Post-Petition Premium.

6.  **Contingent and/or Unliquidated Claim**. The AIG Entities believe that there may be additional amounts due and owing from Debtor to the AIG Entities that have not been or are currently unable to be calculated. Therefore, in addition to the claim for the Pre-Petition Premium and the Post-Petition Premium set forth above, the AIG Entities assert an unliquidated and contingent claim. The AIG Entities expressly reserves the right to amend or supplement its Administrative Claim at any time, including after any bar date, for whatever reason, including without limitation, for the purpose of filing additional claims or to specify the amount of the AIG Entities' unmatured, contingent and/or unliquidated claim as they become matured and/or liquidated.

7.  **Other Components of the AIG Entitles' Claim.**

**Other Insurance or Services**. To the extent the AIG Entities provides or provided any other or different insurance or other services to Debtor, the AIG Entities hereby asserts a claim for all obligations of the Debtor to the AIG Entities arising thereunder, including, without limitation, premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and other costs arising from such transactions, or from funds advanced or to be advanced on the Debtor's behalf. Additionally, the AIG Entities reserve the right to amend this Administrative Claim to assert further amounts due or particulars in connection therewith.

**Bond Obligations.** To the extent of any bonds outstanding, the Debtor agreed to pay to the AIG Entities, among other things, any and all loss and expense,

including, without limitation, attorneys' fees, incurred by the AIG Entities by reason of having issued any such bonds, and losses incurred as a result of the issuance of any bonds. The amount presently due the AIG Entities with respect to any bonds is unliquidated and untabulated.

**Quantum Meruit**. To the extent the Debtor received a benefit from any goods or services provided by the AIG Entities, the Debtor is obligated to pay the AIG Entities for the value of the benefits received.

**Indemnity Obligations**. In the event the Debtor has entered into any agreement with the AIG Entities pursuant to which Debtor has a duty to indemnify the AIG Entities, a claim is made herein for such right to indemnity.

**Other**. In connection with the foregoing, the Debtor also may be liable to the AIG Entities by virtue of relevant principles of contract and common law relating to, among other things, subrogation, suretyship, indemnification or contribution.

**Right of Recoupment**. The AIG Entities assert the right to use funds paid to it on account of, among other things, the Insurance Program to recoup obligations of the Debtor arising from, among other things, the Insurance Program.

**Security**. To the extent the AIG Entities holds any cash or other collateral as security for its claim, regardless of whether such cash or collateral is property of the Debtor's estate, the AIG Entities assert a secured claim and/or a right of setoff and reserves its rights to collect against same by recoupment and/or setoff. Alternatively, or in addition, to the extent the AIG Entities hold an interest in any property of the Debtor, the AIG Entities assert a security interest in same.

**Interest**. The AIG Entities claim all rights to claim interest to the extent permitted by law, including Post-Petition interest to the extent such interest is secured. To the extent this claim or any portion hereof, is unliquidated, appropriate interest (if any) remains unliquidated at this time. In preparing any tabulation of a liquidated claim, we will endeavor to include a tabulation of applicable interest to the extent dates of accrual of obligations can be readily ascertained. the AIG Entities reserve the right to amend such calculations and to claim additional interest as facts are learned, data compiled, and/or unliquidated claims become liquidated.

**Arbitration.** The filing of this Administrative Claim is not intended to waive any right to arbitration. The AIG Entities expressly reserve the right to seek arbitration of any dispute arising in connection with this claim. To the extent of any pre-existing arbitration agreement between the AIG Entities and Debtor, this court's

3

jurisdiction to resolve disputes should be limited to referring such disputes to arbitration and enforcing any arbitration award.

**No Consent to Jurisdiction; No Waiver of Jury Trial.** The filing of this Administrative Claim is not and shall not be deemed or construed as: (i) a consent to jurisdiction of this Court with respect to proceedings, if any, commenced in the Debtor's case involving the Administrative Claim or the AIG Entities; (ii) a waiver or release of the AIG Entities' right to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal, public, or private rights in any case, controversy or proceeding related hereto, notwithstanding any designation of such matters as "core" proceedings pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (iii) a consent to this Court's entry of final orders or judgments with respect to the Administrative Claim or any other matter involving the AIG Entities ; (iv) a waiver of the AIG Entities' right to have any and all orders and judgments of this Court reviewed *de novo* by a court duly authorized under Article III of the United States Constitution; or (v) a waiver of the AIG Entities' right to move to withdraw the reference with respect to the subject matter of this Administrative Claim, any objection thereto or other proceeding which may be commenced in the Debtor's bankruptcy case or otherwise involving the AIG Entities.

**Reservation of Rights.** In executing and filing this Administrative Claim, the AIG Entities: (i) do not waive any right or rights that it has or may have against any other persons liable for all or part of the claim set forth herein; (ii) expressly reserve the right to amend or supplement this Administrative Claim in any respect; (iii) expressly reserve the right to assert all claims, causes of action, defenses, offsets or counterclaims; and (iv) expressly reserve the right to contest insurance coverage in the event of each or any claim that may be tendered by the Debtor for coverage.

4

**PRE-PETITION CLAIM**

| Broker Name | Policy No. | Insured | Payment Due Date | Transaction Type | Amount Due |
|---|---|---|---|---|---|
| AMERICAN UNDERWRITING SERVICES LLC | 8100 | STEVE HOADE TRUCKING--P0068378--027 | 5/15/2018 | New Business | $605.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8100 | STEVE HOADE TRUCKING--P0068378--027 | 5/15/2018 | New Business | $137,579.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8100 | STEVE HOADE TRUCKING--P0068378--027 | 5/15/2018 | Taxes | $0.00 |
| | | | | **Total Pre-Petition Claim** | **$138,184.00** |

**POST-PETITION CLAIM**

| Broker Name | Policy No. | Insured | Payment Due Date | Transaction Type | Amount Due |
|---|---|---|---|---|---|
| AMERICAN UNDERWRITING SERVICES LLC | 8111 | GREEN GLOBE INC --P0068378--027 | 5/31/2018 | Renewal | $1,686.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7299 | JUAN FUENTES --P0068378--027 | 5/31/2018 | Administrative Fees | $2.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7299 | JUAN FUENTES --P0068378--027 | 5/31/2018 | Endorsements | $4,217.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8113 | S&S HAULING SERVICES--P0068378--027 | 5/31/2018 | New Business | $13,398.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8113 | S&S HAULING SERVICES--P0068378--027 | 5/31/2018 | Taxes | $0.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8111 | GREEN GLOBE INC --P0068378--027 | 5/31/2018 | Renewal | $94,857.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7137 | ACR TRUCKING, INC. --P0068378--027 | 5/31/2018 | Administrative Fees | $2.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7137 | ACR TRUCKING, INC. --P0068378--027 | 5/31/2018 | Endorsements | $542.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7225 | SPEED STAR EXPRESS L--P0068378--027 | 5/31/2018 | Endorsements | $1,517.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8100 | STEVE HOADE TRUCKING--P0068378--027 | 6/15/2018 | Endorsements | $75.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8124 | BERNARDO L BENITEZ R--P0068378--027 | 6/29/2018 | New Business | $4,727.85 |
| AMERICAN UNDERWRITING SERVICES LLC | 8124 | BERNARDO L BENITEZ R--P0068378--027 | 6/29/2018 | Taxes | $0.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8133 | RICARDO CARRENO --P0068378--027 | 6/29/2018 | New Business | $8,521.75 |
| AMERICAN UNDERWRITING SERVICES LLC | 8138 | ISMAEL GONZALEZ JR D--P0068378--027 | 6/29/2018 | New Business | $5,514.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8138 | ISMAEL GONZALEZ JR D--P0068378--027 | 6/29/2018 | Taxes | $0.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8137 | ACR TRUCKING INC --P0068378--027 | 6/29/2018 | Renewal | $7,727.10 |
| AMERICAN UNDERWRITING SERVICES LLC | 8137 | ACR TRUCKING INC --P0068378--027 | 6/29/2018 | Taxes | $0.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8136 | GREEN FREIGHT SYSTEM--P0068378--027 | 6/29/2018 | Renewal | $6,669.85 |
| AMERICAN UNDERWRITING SERVICES LLC | 8136 | GREEN FREIGHT SYSTEM--P0068378--027 | 6/29/2018 | Taxes | $0.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7343 | TIME TRANSPORTATION --P0068378--027 | 7/13/2018 | Renewal | $6,228.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7137 | ACR TRUCKING, INC. --P0068378--027 | 7/13/2018 | Administrative Fees | $2.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8152 | CENTENNIAL SOUTHERN --P0068378--027 | 7/13/2018 | Renewal | $38,182.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7186 | A M TRUCKING INC --P0068378--027 | 7/13/2018 | Endorsements | $0.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7312 | S & L TRUCKING, INC --P0068378--027 | 7/31/2018 | Administrative Fees | $2.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7312 | S & L TRUCKING, INC --P0068378--027 | 7/31/2018 | Endorsements | $2,347.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7318 | General Service Comp--P0068378--027 | 7/31/2018 | Endorsements | $2,342.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8124 | BERNARDO L BENITEZ R--P0068378--027 | 8/15/2018 | Administrative Fees | $4.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8124 | BERNARDO L BENITEZ R--P0068378--027 | 8/15/2018 | Endorsements | $6,013.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7323 | ANDCO. TRUCKING LLC --P0068378--027 | 8/15/2018 | Administrative Fees | $6.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7323 | ANDCO. TRUCKING LLC --P0068378--027 | 8/15/2018 | Endorsements | $514.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7343 | TIME TRANSPORTATION --P0068378--027 | 8/15/2018 | Renewal | $6,228.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 7225 | SPEED STAR EXPRESS L--P0068378--027 | 8/15/2018 | Endorsements | $636.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8100 | STEVE HOADE TRUCKING--P0068378--027 | 8/15/2018 | Administrative Fees | $2.00 |
| AMERICAN UNDERWRITING SERVICES LLC | 8100 | STEVE HOADE TRUCKING--P0068378--027 | 8/15/2018 | Endorsements | $1,037.00 |
| | | | | **Total Post-Petition Claim** | **$212,999.55** |