IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| **AMERICAN UNDERWRITING** | § | **Case No. 18-58406-SMS** |
| **SERVICES, LLC,** | § | |
| | § | |
| _____Debtor._____ | § | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate (the "**Motion**") of American Underwriting Services, LLC, Debtor in the above captioned case, has filed a _Motion by Chapter 7 Trustee for Authority to Pay Administrative Expenses_ (the "**Motion**"). Among other things, the Motion seeks an order authorizing the Trustee to pay: a) Warrington Network Consultants ("**WNC**") the amount of $453.45 for outstanding invoices for certain IT consulting services to host and store data and other data services required by the Trustee; b) Hays Financial Consulting, LLC the amount of $1,535.36 for funds advanced to Intermedia for outstanding invoices for hosting services related to electronic correspondence of the Debtor; c) corporate payroll services the amount of $849.00 for outstanding invoices for preparation of tax/payroll forms; and d) the monthly invoices from: i) WNC of approximately $117.40 to host the server of the Debtor; and ii) Intermedia in an amount that the Trustee anticipates should be less than $100. The Motion is on file with the Clerk of the Court at the address set forth below and is available for review between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users) or a copy may be obtained from counsel for the Trustee identified below.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing (the "**Hearing**") to consider the Motion at **9:00 a.m.** on **March 15, 2019**, in Courtroom 1201, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303.

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the Hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive Street, SW, Atlanta, Georgia 30303. You should also mail a copy of your response to the undersigned at the addresses stated below.

Dated: February 28, 2019.      Respectfully submitted,


LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| **AMERICAN UNDERWRITING** | § | **Case No. 18-58406-SMS** |
| **SERVICES, LLC,** | § | |
| | § | |
| Debtor. | § | |

**MOTION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO PAY**
**ADMINISTRATIVE EXPENSES**

COMES NOW S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Bankruptcy Case**"), by and through counsel, and hereby files this *Motion by Chapter 7 Trustee for Authority to Pay Administrative Expenses* (the "**Motion**"). In support of the Motion, the Trustee respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested herein are Sections 105 and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**PROCEDURAL BACKGROUND**

3.      On May 18, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**"). On June 27, 2018, the United States Trustee filed a

notice of appointment of Chapter 11 Trustee pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the bankruptcy estate of the Debtor.

4.　　On the Petition Date, the Estate was created under 11 U.S.C. § 541(a) and included all legal or equitable interests of the Debtor in property as of the Petition Date and any interest in property that the Estate acquires after the Petition Date. *See* 11 U.S.C. § 541(a)(1) and (7).

5.　　On August 1, 2018, the Court converted the Case to a proceeding under Chapter 7 effective July 27, 2018 [Doc. No. 106] and directed the United States Trustee to appoint a trustee in the Chapter 7 Case.

6.　　On August 13, 2018, the United States Trustee filed a Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors [Doc. No. 108] in which S. Gregory Hays was appointed as interim trustee in the Chapter 7 Case. The Trustee remains the duly acting Chapter 7 trustee for the bankruptcy estate of the Debtor.

## ADMINISTRATIVE EXPENSES

7.　　Prior to the Petition Date and during the Chapter 11 Case, the Debtor provided liability insurance products—as a program underwriter based in Atlanta, Georgia—for the trucking and transportation industry, including with regard to commercial auto liability, motor truck cargo, auto physical damage, property, and general liability products. The operations of the Debtor included at one time trucking specialists in 48 states; however, the physical location of the Debtor is no longer in operation.

8.　　On September 26, 2018, the Court entered a certain *Order Granting Chapter 7 Trustee Authority to Operate Business of Debtor on Limited Basis and Pay Related Expenses* [Doc. No. 145] that authorized the Trustee to, among other things: a) operate the business of the

Debtor on a limited basis through December 31, 2018, without prejudice to the ability of the Trustee to seek further extensions; and b) pay costs and expenses related thereto.

9.      Although the authority of the Trustee to operate the business on a limited basis expired on December 31, 2018, the Estate has continued to incur certain on-going business expenses in conjunction with the liquidation and administration of the remaining assets of the Debtor.

10.     Attached as **Exhibit A** hereto and incorporated herein by reference is a summary of open invoices in the total amount of $2,837.81 that have been received as of the date of this Motion. The attached **Exhibit A** includes invoices related to the following: a) Warrington Network Consultants ("**WNC**") in the total amount of $453.45 for certain IT consulting services to host and store data and other data services required by the Trustee; b) Hays Financial Consulting, LLC in the total amount of $1,535.36 for funds advanced to Intermedia for hosting services related to electronic correspondence of the Debtor; and c) corporate payroll services in the total amount of $849.00 for preparation of tax/payroll forms. The Trustee anticipates that the Estate will continue to receive a monthly invoice from: a) WNC of approximately $117.40 to host the server of the Debtor; and b) Intermedia in an amount that the Trustee anticipates should be less than $100 given that the Trustee has already been able to export a majority of the email data. Each of the forgoing is referred to as an "**Expense**" and are collectively referred to as the "**Expenses**."

11.     In light of the importance of payroll services and the services provided by WNC and Intermedia, the Trustee, in the exercise of the sound business judgment of the Trustee, asserts that it is in the best interest of the Estate for the Trustee to receive authority to pay the Expenses described herein—in the form of the open invoices referenced on **Exhibit A** and the

future invoices anticipated from WNC and Intermedia—to assist with the liquidation and administration of the assets of Estate.

12.     In an exercise of the sound business judgment of the Trustee, the Trustee believes that the relief requested herein is necessary under the circumstances and in the best interests of the Estate.

## REQUESTED RELIEF

13.     By this Motion, the Trustee requests authority to pay from proceeds available in the Estate the following: a) WNC the amount of $453.45 for outstanding invoices for certain IT consulting services to host and store data and other data services required by the Trustee; b) Hays Financial Consulting, LLC the amount of $1,535.36 for funds advanced to Intermedia for outstanding invoices for hosting services related to electronic correspondence of the Debtor; c) corporate payroll services the amount of $849.00 for outstanding invoices for preparation of tax/payroll forms; and d) the monthly invoices from: i) WNC of approximately $117.40 to host the server of the Debtor; and ii) Intermedia in an amount that the Trustee anticipates should be less than $100.

## BASIS FOR RELIEF

14.     Section 503(b)(1) provides "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Indeed, "Section 507 of the Bankruptcy Code gives first priority to 'administrative expenses allowed under [11 U.S.C.] section 503(b),' defined as including 'the actual, necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after the commencement of the case.'" *In re Hostess Brand, Inc.*, 499 B.R. 406, 411 (S.D.N.Y. 2013) (citing 11 U.S.C. § 503(b)(1)(A)).

15.     The costs and expenses sought to be paid by the Trustee pursuant to this Motion satisfy the criteria for an administrative expense under section 503(b)(1) of the Bankruptcy Code since the Expenses result from services that have provided or will provide the Debtor with post-petition benefit and constitute costs and expenses necessary for the preservation of the Estate. Accordingly, such the Expenses constitute an administrative claim of the Estate under section 503 of the Bankruptcy Code.

16.     Section 105(a) of the Bankruptcy Code further allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). The purpose of section 105(a) is to "assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (16th ed. 2013). Section 105(a) of the Bankruptcy Code essentially codifies the inherent equitable powers bankruptcy court. *See Mgmt. Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (holding that the equitable power of the Court is derived from section 105 of the Bankruptcy Code).

17.     The Trustee submits that authorizing the Trustee to pay the Expenses referenced herein is: a) in the best interests of the Estate; and b) consistent with the orderly liquidation of the Estate. The Trustee further submits that the requested payment of the administrative expenses will not adversely impact any other party and thus no harm will result from the granting of the relief requested herein since the cash sought to be utilized is unencumbered.

18.     Under the circumstances, the Trustee submits that it is appropriate for the Court to enter an order authorizing the relief requested herein in accordance with the business judgment of the Trustee.

## **RESERVATION OF RIGHTS**

19.     Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Estate; (b) a waiver of any rights of the Trustee to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) otherwise affecting the rights of the Estate.

**WHEREFORE,** the Trustee respectfully requests that the Court: 1) enter an Order, substantially in the form of the proposed order attached as **Exhibit B** hereto, that grants this Motion and authorizes the Trustee to pay the Expenses referenced herein; and 2) grant such other and further relief as the Court deems just or proper.

Dated: February 28, 2019.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

6

**Exhibit A**

AUS Administrative Expenses

| Invoice Date | Vendor/Payee | Amount | Description |
|---|---|---|---|
| 12/27/18 | WNC LLC | $117.40 | Monthly bill for server and data storage and remote access. |
| 01/03/19 | Hays Financial Consulting | $767.75 | Payment to Intermedia to host company emails. |
| 01/28/19 | WNC LLC | $117.40 | Monthly bill for server and data storage and remote access. |
| 01/29/19 | Corporate Payroll Services | $849.00 | Preparation of 2018 W-2s and amended Forms 941. |
| 02/04/19 | WNC LLC | $101.25 | Data service termination assistance |
| 02/04/19 | Hays Financial Consulting | $767.61 | Payment to Intermedia to host company emails. |
| 2/25/119 | WNC LLC | $117.40 | Monthly bill for server and data storage and remote access. |

$2,837.81

**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| **AMERICAN UNDERWRITING** | § | Case No. 18-58406-SMS |
| **SERVICES, LLC,** | § | |
| | § | |
| Debtor. | § | |

**ORDER AUTHORIZING PAYMENT OF ADMINISTRATIVE EXPENSES**

On February 28, 2019, S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Bankruptcy Case**"), filed a *Motion by Chapter 7 Trustee for Authority to Pay Administrative Expenses* (the "**Motion**") (Doc. No. ___, the "**Motion**"). The Motion seeks the entry of an Order authorizing the Trustee to pay: a) Warrington Network Consultants ("**WNC**") the amount of $453.45 for outstanding invoices for certain IT consulting services to host and store data and other data services required by the Trustee; b) Hays Financial Consulting, LLC the amount of $1,535.36 for funds advanced to

Intermedia for outstanding invoices for hosting services related to electronic correspondence of the Debtor; c) corporate payroll services the amount of $849.00 for outstanding invoices for preparation of tax/payroll forms; and d) the monthly invoices from: i) WNC of approximately $117.40 to host the server of the Debtor; and ii) Intermedia in an amount that the Trustee anticipates should be less than $100.[1]

Also on February 28, 2019, counsel for the Trustee filed a notice setting the Motion for hearing on March 15, 2019 (the "**Hearing**"). All requisite parties-in-interest had an opportunity to file an objection to the Motion and attend the Hearing to support any asserted objection to the Motion. No objection to the Motion was filed and no creditor or party in interest appeared at the Hearing to oppose the relief requested in the Motion.

Sufficient funds exist in this Estate with which to make the foregoing payments and the Trustee submits that such payments are proper administrative expenses of the Estate. Having reviewed and considered the Motion and all other matters of records, including the lack of objection thereto, after due deliberation thereon and finding that good cause exists for the entry of this Order and that no further notice or opportunity for hearing is required, for good cause shown, it is hereby ORDERED that:

1.    The Motion is GRANTED and the Trustee is authorized, but not directed, to pay from proceeds available in the Estate the following: a) WNC the amount of $453.45 for outstanding invoices; b) Hays Financial Consulting, LLC the amount of $1,535.36 for funds advanced to Intermedia for outstanding invoices; c) corporate payroll services the amount of $849.00 for outstanding invoices; and d) the monthly invoices from: i) WNC of approximately

---

[1] Capitalized, but undefined terms used herein shall have the meaning ascribed to such terms in the Motion.

2

$117.40 to host the server of the Debtor; and ii) Intermedia in an amount that the Trustee anticipates should be less than $100.

2.      The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and

3.      The Court shall retain jurisdiction over the interpretation or the implementation of this Order.

***END OF ORDER***

Prepared and Presented by:

LAW OFFICES OF HENRY F. SEWELL JR., LLC
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

Reviewed by:
Daniel M. McDermott
United States Trustee
Region 21

By: _____
Lindsay P.S. Kolba
Trial Attorney
Georgia Bar No. 541621
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
404-331-4437, ext. 152
Lindsay.p.kolba@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 7** |
| | § | |
| **AMERICAN UNDERWRITING** | § | **Case No. 18-58406-SMS** |
| **SERVICES, LLC,** | § | |
| | § | |
| Debtor. | § | |

## CERTIFICATE OF SERVICE

This is to certify that service of the foregoing *Motion by Chapter 7 Trustee for Authority to Pay Administrative Expenses* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all registered parties who have filed appearances and requested notices in this case and by first class United States mail with adequate postage thereon or electronic mail, as indicated, to the following at the addresses stated below:

> Lindsay P.S. Kolba, Esq.
> Office of the U.S. Trustee
> 362 Richard Russell Federal Building
> 75 Spring Street, SW
> Atlanta, GA 30303

Dated: February 28, 2019.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE