**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| AMERICAN UNDERWRITING | § | Case No. 18-58406-SMS |
| SERVICES, LLC, | § | |
| | § | |
|     Debtor. | § | |
| | § | |
| S. GREGORY HAYS, Chapter 7 Trustee for the | § | |
| Estate of American Underwriting Services, LLC, | § | Adv. Case No. _____ |
| | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | |
| NEIL WILEY, JAMES RUSSELL WILEY, | § | |
| THE WILEY GROUP, INC., TW3 | § | |
| TRANSPORTATION, LLC, TW3 | § | |
| LOGISTICS LLC, and TRANSPORT | § | |
| SOUTH INSURANCE AGENCY, LLC, | § | |
| | § | |
|     Defendants. | § | |

## COMPLAINT

Plaintiff S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**" or "**AUS**") in the above captioned case (the "**Case**"), by and through counsel, hereby files this Complaint (the "**Complaint**") against Defendants Neil Wiley ("**Neil Wiley**"), James Russell Wiley ("**Russ Wiley**"), (collectively, Neil Wiley and Russ Wiley are the "**Wileys**"), the Wiley Group, Inc. (the "**Wiley Group**"), TW3 Transportation, LLC ("**TW3**"), TW3 Logistics LLC ("**TW3 Logistics**") and Transport South Insurance Agency, LLC ("**Transport South**") (collectively, the "**Defendants**") and alleges upon knowledge, information, and belief as follows:

## NATURE OF THE ACTION

1.    This adversary proceeding (the "**Adversary Proceeding**") is commenced against

former insiders of the Debtor and related persons and entities to: a) avoid and recover for the benefit of the Estate certain fraudulent and preferential transfers of property or interests of the Debtor to or for the benefit of one or more of the Defendants; b) recover damages for conversion, breach of fiduciary duty, and unjust enrichment; and c) obtain an accounting from each of the Defendants and for other relief as set forth herein.

2.      The Wileys perpetrated a scheme whereby AUS diverted monies from AUS to pay the Wileys and their affiliated entities—TW3, TW3 Logistics, and Transport South. These transfers, which were made while AUS was insolvent, preferred one or more of the Defendants and directly enriched the Wileys and deprived creditors of AUS of the with the ability to recover from AUS.

3.      Upon information and belief, each of the transfers to the Wileys, TW3, TW3 Logistics, and Transport South was made: a) with actual intent to defraud creditors of AUS; b) without proper consideration or a permissible business purpose; and c) while AUS was insolvent. Furthermore, the transfers also preferred one or more of the Defendants over other creditors of the Debtor. Accordingly, such transfers are voidable as fraudulent and/or preferential transfers and may be recovered by the Trustee for the benefit of the Estate.

4.      In addition, the afore-referenced transfers of funds to the Wileys and affiliated entities at the direction of Russ Wiley and/or Neil Wiley, Russ Wiley, as the President of AUS, repeatedly breached his fiduciary duties by causing AUS to transfer funds to the Wileys for their personal use while AUS was insolvent and incapable of paying all of its debts. Accordingly, the transfers to the Wileys by AUS that were made while AUS was insolvent should be avoided and the funds should be returned to AUS for the benefit of the Estate.

5.      The apparent insolvency and undercapitalization of AUS demonstrates that the

Wileys treated AUS as their alter ego and that the sole member of AUS, the Wiley Group, is itself an alter ego of AUS. Accordingly, the corporate veil of the Wiley Group should be pierced.

6.      Finally, due to the extent of the Defendants' misappropriation of the Debtor's assets and the number of transfers made by, to, or on behalf of one or more of the Defendants, the Trustee respectfully requests an accounting from each of the Defendants with respect to property of the estate of the Debtor for all damages caused by the Defendants, and all transfers, profits and any special benefits obtained by one or more of the Defendants.

## PARTIES

7.      On May 18, 2018 (the "**Petition Date**"), AUS—a limited liability company formed under the laws of the State of Georgia—filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**"). On June 27, 2018, the United States Trustee filed a notice of appointment of Chapter 11 Trustee pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the bankruptcy estate of the Debtor.

8.      On August 1, 2018, the Court converted the Case to a proceeding under Chapter 7 effective July 27, 2018 [Doc. No. 106] and directed the United States Trustee to appoint a trustee in the Chapter 7 Case.

9.      On August 13, 2018, the United States Trustee filed a Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors [Doc. No. 108] in which S. Gregory Hays was appointed as interim trustee in the Chapter 7 Case. The Section 341(a) Meeting of Creditors was held and concluded and that the Trustee remains the duly acting Chapter 7 Trustee for the bankruptcy estate of AUS.

10.      The Plaintiff has standing and the right and power to: a) avoid and recover any

transfer of an interest or property of the Debtor or any obligation of the Debtor that may be voided; and b) assert the claims and seek the relief requested herein.

11.    Defendant Neil Wiley is a citizen of the State of Georgia and may be served with this Complaint at his residence at 3558 Langley Oaks Court SE, Marietta, Georgia 30067.

12.    Neil Wiley was formerly the CFO and Secretary of the Wiley Group, and was formerly Vice President of AUS.

13.    As former Vice President of AUS and a former owner of the sole member of AUS, Defendant Neil Wiley owed fiduciary duties to the Debtor.

14.    Pursuant to 11 U.S.C. § 101(31), and at all times relevant hereto, Defendant Neil Wiley was an insider of the Debtor.

15.    Defendant Russ Wiley is a citizen of the State of Georgia and may be served with this Complaint at his residence at 6201 Arnall Court NW, Acworth, Georgia 30101.

16.    Russ Wiley is also the President of AUS, the CEO, CFO, and Secretary of the Wiley Group, and the organizer of both TW3 and Transport South.

17.    As the President of AUS and the owner of the sole member of AUS, at all relevant times hereto, Russ Wiley owed fiduciary duties to the Debtor.

18.    Pursuant to 11 U.S.C. § 101(31), at all times relevant hereto, Russ Wiley was an insider of the Debtor.

19.    Defendant Wiley Group is a corporation formed under the laws of the State of Georgia with its principal place of business located at 1255 Roberts Blvd., Suite 102, Kennesaw, Georgia 30144. This Complaint may be served on Defendant Wiley Group through its registered agent:  Robert M. Finlayson II, 5605 Glenridge Drive, Suite 900, Atlanta, Georgia 30342.

20.    The Wiley Group is or was the sole member of AUS.

21.     The Wiley Group was formerly owned by both Neil Wiley and Russ Wiley jointly, and is currently owned by Russ Wiley.

22.     Defendant TW3 is a limited liability company organized under the laws of the State of Georgia with a principal place of business at 124 Eason Drive, Pooler, Georgia 31322. TW3  may be served with this Complaint through its registered agent for service of process at 3390 Peachtree Road, Suite 520, Atlanta, Georgia 30326.

23.     The members of TW3 are Neil Wiley and Russ Wiley.

24.     Defendant TW3 Logistics is a limited liability company organized under the laws of the State of Georgia with a principal place of business at 124 Eason Drive, Pooler, Georgia 31322.  TW3 Logistics may be served with this Complaint through its registered agent for service of process Jeremy R. Handschuh at 3390 Peachtree Road, Suite 520, Atlanta, Georgia 30326.

25.     The Trustee is informed and believes that the members of TW3 Logistics may include Neil Wiley and Russ Wiley.

26.     Defendant Transport South is a limited liability company formed under the laws of the State of Georgia with its principal place of business located at 1255 Roberts Blvd., Suite 126, Kennesaw, Georgia 30144. This Complaint may be served on Defendant Transport South through its registered agent Eric Johnson at 4390 Earney Road, Suite 230, Woodstock, Georgia 30188.

27.     Transport South used to be jointly owned by Neil and Russ Wiley as members and is currently owned by Russ Wiley.

## JURISDICTION AND VENUE

28.     The statutory and legal predicates for the relief sought herein are sections 105, 541,

542, 544, 547, 548, 550, and 551 of the Bankruptcy Code, Georgia's Uniform Voidable Transactions Act, O.C.G.A §§ 13-6-11, 18-2-74, 18-2-75, and 51-12-30, Rules 6002, 7001, and 7004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and any other applicable law.

29.     This Adversary Proceeding arises in and relates to the Case and is a "core" proceeding within the meaning of 28 U.S.C. § 157 to be heard and determined by this Court.

30.     This Court may enter final orders or judgments in this Adversary Proceeding.

31.     This Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 1334 and 157.

32.     Venue of this Adversary Proceeding is proper in this Court under 28 U.S.C. § 1409.

33.     The Defendants are each subject to the jurisdiction of this Court.

### **FACTUAL ALLEGATIONS**

**A.  The Debtor's Business and Pre-Petition Litigation**

34.     Prior to the Petition Date, the Debtor provided liability insurance products—as a program underwriter based in Atlanta, Georgia—for the trucking and transportation industry, including with regard to commercial auto liability, motor truck cargo, auto physical damage, property, and general liability products. The operations of the Debtor included at one time trucking specialists in 48 states.

35.     As part of this business, the Debtor maintained several "Producer" or similarly titled and related agreements with several insurance companies and their affiliates pursuant to which the Debtor had certain authority to bind insurance coverage or enter into insurance contracts through such insurance companies.

36.     The terms of these "Producer Agreements" authorized the Debtor to bind insurance coverage in exchange for the payment of a premium from its customers. The Debtor was responsible for collecting a premium from its customer and then obligated to remit collected premiums to the applicable insurance companies, less the Debtor's commission for procuring and selling the insurance policy.

37.     At all times relevant hereto, Neil Wiley and/or Russ Wiley were responsible for the management of the Debtor's business, including the collection of insurance premiums from its customers and the remittance of such premiums to the applicable insurance company.

38.     After the Debtor was organized and merged with another entity in 2005, the Trustee is informed and believes that Neil Wiley and Russ Wiley contributed their stock in the Debtor and became the the co-owners of the Wiley Group, which has been the owner of 100% of the outstanding stock of the Debtor since July, 2005.

39.     In or around 2014, Neil Wiley and Russ Wiley made arrangements for Russ Wiley to purchase the shares of Neil Wiley in the Wiley Group, TW3, and TNT Risk Management, LLC for $2,000,000 pursuant to a Securities Purchase Agreement (the "**Buy-Out Agreement**").

40.     Upon information and belief, the purchase price under the Buy-Out Agreement was not based on any actual valuation of either AUS or the Wiley Group, but rather was a number that was, according to pre-petition testimony of Neil Wiley, "pulled . . . out of the sky."

41.     After entering into the Buy-Out Agreement, Neil Wiley remained active in the business affairs of the Debtor and regularly appeared in the Debtor's offices.

42.     Since entering into the Buy-Out Agreement in 2014, Russ Wiley, presumably with the knowledge and consent of Neil Wiley, used funds of AUS to directly buy-out the

ownership interests of Neil Wiley in the Wiley Group and to fund his payment obligations to Neil Wiley pursuant to the Buy-Out Agreement.

43.    In 2016, ProSight Specialty Management Company, Inc. and New York Marine and General Insurance Company (collectively, "**ProSight**") initiated a lawsuit in the United States District Court for the Southern District of New York captioned *ProSight Specialty Management Company, Inc. et al. v. American Underwriting Services, LLC, et al*., Civil Action No. 16-cv-02397-PKC (the "**New York Action**"). In the New York Action, Prosight, *inter alia*, asserted that the Debtor had failed to remit insurance premiums due to it pursuant to its Producer Agreement with the Debtor.

44.    On November 29, 2017, the United States District Court for the Southern District of New York entered a judgment in the New York Action against the Debtor on the breach of contract/non-payment of premium claim of ProSight in an amount in excess of $5,188,554.

45.    After procuring the Judgment in the New York Action (the "**Judgment**"), Prosight began collection activities to collect and enforce the Judgment in the State of Georgia, including, but not limited to, state court garnishment actions and a lawsuit (the "**Atlanta Action**") in the Atlanta Division of the United States District Court of Georgia, under Case No. 18-cv-00536-MLB against Russ Wiley, Neil Wiley, the Wiley Group, AUS, TW3, and Transport South.

46.    In the Atlanta Action, ProSight sought to: a) pierce the corporate veil of the Debtor and to enforce the Judgment against Russ Wiley, Neil Wiley and the Wiley Group as alter egos of the Debtor; b) hold the Wileys personally liable for the Judgment; c) recover fraudulent transfers to the Wileys and their affiliated entities, TW3 and Transport South; d) void fraudulent transfers pursuant to Georgia's Uniform Voidable Transactions Act; e) assert breach

of fiduciary duty claims against Russ Wiley, as the President of AUS, by causing AUS to transfer funds to the Wileys for their personal use while, upon information and belief, AUS was insolvent and incapable of paying all of its debts; and f) assert conversion, misrepresentation, and other claims against the Defendants.

47.    The Atlanta Action is currently pending in the Atlanta Division of the United States District Court of Georgia, but was stayed due to the filing of the Debtor's bankruptcy Case.

48.    Many, if not all of, the claims and causes of action asserted by ProSight in the Atlanta Action are property of this Bankruptcy Estate.

49.    In response to ProSight's collection activities and the filing of the Atlanta Action, and instead of immediately seeking bankruptcy protection to stay such collection activities, the Wileys diverted at least $4,287,417.10 (the "**Diverted Funds**") of funds originating from AUS into accounts of affiliated entities, including the Defendants herein, to satisfy purported obligations of AUS. *See* Statement of Financial Affairs of the Debtor, p. 115.

50.    The Wileys have claimed and asserted that the Diverted Funds were used to pay operating and other pre-petition expenses of the Debtor, including payments of premiums owed by the Debtor; however, the Trustee has determined that although Diverted Funds were used to pay the pre-petition obligations, significant sums were transferred to Neil Wiley and Russ Wiley and to a related, but failing, company owned by them: Defendant TW3. The Trustee is still investigating the full scope of the Wiley's diversion of the Debtor's pre-petition collections.

51.    Upon the Petition Date, the diversion of the Debtor's collections from its customers was halted.

**B.  Transfers Made to the Wileys By AUS**

52.  The Wileys caused AUS to use funds to make extensive payments to Russ Wiley and Neil Wiley—the principal and apparent former principal of the Wiley Group, respectively, which is the sole member of AUS—mostly as alleged distributions of shareholder income and amounts due by Russ Wiley to Neil Wiley pursuant to the Buy-Out Agreement.

53.  The Wiley's use of the Debtor as a personal bank for themselves to the detriment of the Debtor's creditors stretches back many years. For example, between October and December of 2011, bank records show that the Wileys caused over $90,000 to be paid to Russ Wiley, and over $65,000 to be paid to Neil Wiley as alleged shareholder distributions from the operating account of AUS (the "**Operations Account**").

54.  In 2012, the Wileys caused over $550,000 to be paid to Russ Wiley, and over $170,000 to be paid to Neil Wiley as alleged shareholder distributions from the Operations Account.

55.  In 2013, the Wileys caused over $575,000 to be paid to Russ Wiley, and over $180,000 to be paid to Neil Wiley, as alleged shareholder distributions from the Operations Account.

56.  In 2014, the Wileys caused over $440,000 to be paid to Russ Wiley, and over $190,000 to be paid to Neil Wiley, as alleged shareholder distributions from the Operations Account.

57.  In 2015, the Wileys caused over $280,000 to be paid to Russ Wiley as alleged shareholder distributions from the Operations Account.

58.  In 2015, the Wileys caused over $200,000 to be paid to Neil Wiley from the Operations Account as alleged shareholder distributions and/or as alleged payments from Russ

Wiley to Neil Wiley for the purchase by Russ Wiley of the interest of Neil Wiley in the Wiley Group, as explained further herein.

59.    In 2016, the Wileys caused over $280,000 to be paid to Russ Wiley as alleged shareholder distributions from the Operations Account.

60.    In 2016, the Wileys caused over $180,000 to be paid to Neil Wiley from the Operations Account as alleged shareholder distributions and/or as alleged payments from Russ Wiley to Neil Wiley for the purchase by Russ Wiley of the interest of Neil Wiley in the Wiley Group.

61.    Additionally, the Wileys continued to make alleged shareholder distributions to Russ Wiley out of the Operations Account and payments to Neil Wiley out of the Operations Account related to Russ Wiley's purchase of Neil Wiley's interest in the Wiley Group. For example, bank records show that Russ Wiley took distributions from the Operations Account of at least $280,000 in 2017, while Neil Wiley received payments from the Operations Account of at least $150,000 in 2017.

62.    Additionally, Russ Wiley paid himself nearly $1 million in payroll between October 2011 and May 2016, on top of the more than $2.2 million in direct payments that he received from AUS in the same general time period. Specifically, Russ Wiley received payroll of approximately $45,000 from October 2011 through December 2011, $180,000 in 2012, $180,000 in 2013, $180,000 in 2014, $285,000 in 2015, and $115,000 from January to May 2016.

63.    Similarly, Neil Wiley drew over $400,000 in payroll between 2012 and June 2016, on top of the nearly $1 million in direct payments that he received from AUS in the same general time period. Specifically, Neil Wiley received payroll of approximately $120,000 in

2012, $130,000 in 2013, $132,000 in 2014, $37,000 in 2015, and $18,000 from January to June 2016.

64.     In addition to transferring funds to the Wileys for their personal use, the Wileys caused AUS to use funds to purchase or lease a number of luxury vehicles that were utilized by the Wileys for their personal use.

65.     The Wiley Group, like the Wileys, also treated AUS as its alter ego by having its shareholders, while acting as corporate officers of AUS, pay themselves alleged shareholder distributions directly from AUS instead of from the funds of the Wiley Group, despite the fact that those shareholders—*i.e.*, the Wileys—have no direct ownership of AUS.

66.     Further, AUS and the Wiley Group historically shared and continue to share the same officers and office space. Specifically, Russ Wiley is both President of AUS and CEO, CFO, and Secretary of the Wiley Group, and Neil Wiley was formerly both CFO and Secretary of the Wiley Group and Vice President of AUS. Further, both AUS and the Wiley Group used the same office space located at 1255 Roberts Blvd., Suite 102, Kennesaw, Georgia 30144.

67.     Finally, upon information and belief, the Wiley Group did not adhere to corporate formalities by, among other things, failing to hold meetings of shareholders and failing to record minutes of any such meetings. Further, upon information and belief, the Wiley Group would be incapable of satisfying the Judgment if it is held jointly liable for the Judgment, requiring that its veil too be pierced to reach its alter egos—the Wileys.

C.   **Fraudulent Transfers to Other Wiley-Controlled Entities**

68.     In addition to transferring substantial funds of AUS to the Wileys without adequate consideration or a legitimate business purpose, Russ Wiley also caused AUS to make

additional transfers to entities that, upon information and belief, he also owns or controls—TW3, TW3 Logistics, and Transport South.

69.     Specifically, bank records of AUS show that Russ Wiley caused AUS to transfer $15,000 from the Operations Account to a TW3 bank account in 2015.

70.     Similarly, the sum of $29,500 was transferred to TW3 Logistics in 2015.

71.     Further, in 2016, Russ Wiley caused AUS to make net transfers of over $290,000 from the Operations Account to a TW3 bank account.

72.     Similarly, the sum of $19,000 was transferred to TW3 Logistics in 2016.

73.     In 2017, Russ Wiley caused AUS to make net transfers of over $350,000 from the Operations Account to a TW3 bank account.

74.     Similarly, the sum of $4,500 was transferred to TW3 Logistics in 2017.

75.     In 2018 to date, Russ Wiley caused AUS to make transfers of at least $15,000 from the Operations Account to a TW3 bank account.

76.     Similarly, the sum of $4,200 was transferred to TW3 Logistics in 2018.

77.     Bank records of AUS show that Russ Wiley caused $200,000 to be transferred to Transport South on or about January 11, 2018—after ProSight registered the Judgment in this judicial district.

78.     Upon information and belief, these transfers were not made for a permissible business purpose and no reasonably equivalent value was provided in exchange for these transfers.

79.     Rather, upon information and belief, and for the same reasons discussed above, AUS, through Russ Wiley, made these transfers with the intent to defraud creditors of AUS and while AUS was insolvent and incapable of paying all of its debts.

80.    In summary, the facts clearly show that the Wileys: a) knowingly failed to remit premiums, consequently causing AUS to overstate its assets and understate its liabilities; and b) used funds of AUS to pay themselves and other businesses they control substantial amounts that operations and financial position of AUS could not otherwise legitimately support.

### D.  **Conviction of Russ Wiley**

81.    Because of the misappropriation of funds by the Wileys, several insurance companies with which AUS conducted business are owed millions of dollars in unpaid premiums.

82.    The debts owed to these insurance companies were caused primarily by the failure of Russ Wiley and Neil Wiley to cause AUS to comply with its contractual obligation and their knowing and willful decision to use premiums collected by AUS for their own benefit.

83.    Ultimately, Russ Wiley was charged with several counts of Theft By Conversion and Insurance Fraud Premium in Cobb County, Georgia.  Russ Wiley ultimately entered into a negotiated plea on December 18, 2018 wherein he plead guilty to certain felony charges and received a ten (10) year sentence with the first twenty-four months to be served in confinement.

### **RESERVATION OF RIGHTS**

84.    During the course of this Adversary Proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers to one or more of the Defendants. It is the intention of the Trustee to recover all transfers that are avoidable under the Bankruptcy Code or otherwise and the Trustee reserves the right to amend this original Complaint, including, but not limited, to: a) include further information regarding the transfers set forth herein or any other transfers; b) include additional transfers; c) include modifications of and/or revision to the name of the Defendants; d) name and serve additional defendants as the Plaintiff may deem

14

appropriate; and/or e) supplement this Complaint or include additional causes of action that may become known to Trustee at any time during this Adversary Proceeding, through  discovery or otherwise. Any amendments to this Complaint shall relate back to this original Complaint.

## COUNT I – 90 DAY PREFERENTIAL TRANSFERS
### (Against Neil Wiley)
### (11 U.S.C. §§ 544, 547, 550, and 551)

85.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

86.    As set forth in **Exhibit A**, which is attached hereto and incorporated herein by reference, the Debtor, directly or indirectly, transferred $46,500 to Neil Wiley within the ninety (90) days preceding the Petition Date (the "**Neil Wiley 90 Day Preference Payments**").

87.    The Neil Wiley 90 Day Preference Payments were made to, or for the benefit of, Neil Wiley.

88.    Each of the Neil Wiley 90 Day Preference Payments constitutes a transfer of an interest of property of the Debtor.

89.    Each of the Neil Wiley 90 Day Preference Payments was to, or for the benefit of, a creditor of the Debtor.

90.    Each of the Neil Wiley 90 Day Preference Payments was made while the Debtor was insolvent for purposes of 547(b)(3) of the Bankruptcy Code. Pursuant to Section 547(f) of the Bankruptcy Code, Plaintiff is entitled to the presumption of insolvency for each of the 90 Day Preferential Transfers made during the 90 days immediately preceding the Petition Date (the "**Preference Period**").

91.    Each of the Neil Wiley 90 Day Preference Payments was made during the Preference Period.

92.    Each of the Neil Wiley 90 Day Preference Payments enabled Neil Wiley to receive more than such creditor would have received if: (a) the Case was administered under Chapter 7 of the Bankruptcy Code; (b) the payment had not been made; or (c) such creditor had received payment of the debt owed by the Debtor to the extent allowable pursuant to the Bankruptcy Code.

93.    Each of the Neil Wiley 90 Day Preference Payments constitutes an avoidable preferential transfer pursuant to sections 544 and 547(b) of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid each of the Neil Wiley 90 Day Preference Payments for the benefit of the Estate of the Debtor.

94.    Based upon the foregoing, Plaintiff is entitled to an order and judgment: (a) avoiding the Neil Wiley 90 Day Preference Payments under section 547(b) of the Bankruptcy Code; and (b) entitling Plaintiff to recover the Neil Wiley 90 Day Preference Payments or the value of the Neil Wiley 90 Day Preference Payments under Sections 550 and 551 of the Bankruptcy Code, together with the award of pre and post judgment interest to the date of payment or other satisfaction of such order and judgment and the costs of this action.

95.    The Plaintiff continues to investigate pre-petition payments made by the Debtor and reserves the right to amend this Count based upon facts and evidence obtained during the discovery period herein.

## COUNT II – 90 DAY PREFERENTIAL TRANSFERS
### (Against TW3 and Transport South)
### (11 U.S.C. §§ 544, 547, 550, and 551)

96.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

97.    TW3 and Transport South are controlled by at least one insider of the Debtor.

98.    In 2018, AUS transferred directly or indirectly at least $15,000 from the Operations Account to TW3 and at least $200,000 from another account to Transport South within ninety (90) days preceding the Petition Date (the "**Preferences**").

99.    Each of the Preferences constitutes a transfer of an interest of property of the Debtor.

100.    Each of these Preferences was to, or for the benefit of, a creditor of the Debtor.

101.    Each of the Preferences was transferred while the Debtor was insolvent for purposes of 547(b)(3) of the Bankruptcy Code. Pursuant to Section 547(f) of the Bankruptcy Code, Plaintiff is entitled to the presumption of insolvency for each of the Preferences.

102.    Each of the Preferences was made during the Preference Period.

103.    Each of the Preferences enabled at least one of the Defendants to receive more than such creditor would have received if: (a) the Case was administered under Chapter 7 of the Bankruptcy Code; (b) the transfer had not been made; or (c) such creditor had received payment of the debt owed by the Debtor to the extent allowable pursuant to the Bankruptcy Code.

104.    TW3 or Transport South was the initial transferee of the Preferences or the immediate or mediate transferee of such initial transferee or the person for whose benefit the 90 Day Preferential Transfers were made.

105.    Based on the foregoing, each of the Preferences constitutes an avoidable preferential transfer pursuant to sections 544 and 547(b) of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid each of the Preferences for the benefit of the Estate of the Debtor.

106.    Based upon the foregoing, the Trustee is entitled to an order and judgment: (a) avoiding the Preferences under section 547(b) of the Bankruptcy Code; and (b) entitling Trustee

to recover the Preferences or the value of the Preferences under Sections 550 and 551 of the Bankruptcy Code, together with the award of pre and post judgment interest to the date of payment or other satisfaction of such order and judgment and the costs of this action.

## COUNT III – INSIDER PREFERENTIAL TRANSFERS
### (Against Neil Wiley)
### (11 U.S.C. §§ 544, 547, 550, and 551)

107.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

108.    At all times relevant hereto, Neil Wiley was an insider of the Debtor.

109.    Within the one year immediately preceding the Petition Date (the "**Insider Preference Period**"), AUS directly or indirectly transferred at least $198,000 to Neil Wiley within (the "**Neil Wiley One Year Preference Payments**") as set forth in **Exhibit B** hereto.

110.    The Debtor made each of the Neil Wiley One Year Preference Payments within the one year immediately preceding the Petition Date to, or for the benefit of Neil Wiley.

111.    Each of the Neil Wiley One Year Preference Payments constitutes a transfer of an interest of property of the Debtor. Each of the Neil Wiley One Year Preference Payments was to, or for the benefit of Neil Wiley.

112.    Each of the Neil Wiley One Year Preference Payments was made while the Debtor was insolvent for purposes of 547(b)(3) of the Bankruptcy Code. Pursuant to Section 547(f) of the Bankruptcy Code, Plaintiff is entitled to the presumption of insolvency for each of the Neil Wiley One Year Preference Payments made during the Insider Preference Period.

113.    Each of the Neil Wiley One Year Preference Payments was made during the Insider Preference Period.

114.    Each of the Neil Wiley One Year Preference Payments enabled Neil Wiley to receive more than he would have received if: (a) the Case was administered under Chapter 7 of

the Bankruptcy Code; (b) the Neil Wiley One Year Preference Payments had not been made; or (c) Neil Wiley had received payment of the debt owed by the Debtor to the extent allowable pursuant to the Bankruptcy Code.

115.    Neil Wiley was the initial transferee of the Insider Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Insider Preferential Transfers were made.

116.    Based on the foregoing, each of the Neil Wiley One Year Preference Payments constitutes an avoidable preferential transfer pursuant to sections 544 and 547(b) of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid each of the Neil Wiley One Year Preference Payments for the benefit of the Estate of the Debtor.

117.    Based upon the foregoing, Plaintiff is entitled to an order and judgment: (a) avoiding the Neil Wiley One Year Preference Payments under section 547(b) of the Bankruptcy Code; and (b) entitling Plaintiff to recover the Insider Preferential Transfers or the value of the Insider Preferential Transfers under Sections 550 and 551 of the Bankruptcy Code, together with the award of pre and post judgment interest to the date of payment or other satisfaction of such order and judgment and the costs of this action.

118.    The Plaintiff continues to investigate pre-petition payments made by the Debtor and reserves the right to amend this Count based upon facts and evidence obtained during the discovery period herein.

### COUNT IV – INSIDER PREFERENTIAL TRANSFERS
**(Against Russ Wiley)**
**(11 U.S.C. §§ 544, 547, 550, and 551)**

119.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

120.    Russ Wiley is an insider of the Debtors.

121.    Within Insider Preference Period AUS, directly or indirectly, transferred at least $280,00 to Russ Wiley (the "**Russ Wiley One Year Preference Payments**").

122.    The Debtor made each of the Russ Wiley One Year Preference Payments within the one year immediately preceding the Petition Date to, or for the benefit of, Russ Wiley.

123.    Each of the Russ Wiley One Year Preference Payments constitutes a transfer of an interest of property of the Debtor.

124.    Each of the Russ Wiley One Year Preference Payments was to, or for the benefit of, a creditor of the Debtor.

125.    The Debtor made each of the Russ Wiley One Year Preference Payments for or on account of an antecedent debt that was owed by the Debtor prior to the date of the Russ Wiley One Year Preference Payments

126.    Each of the Russ Wiley One Year Preference Payments was made while the Debtor was insolvent for purposes of 547(b)(3) of the Bankruptcy Code.

127.    Pursuant to Section 547(f) of the Bankruptcy Code, Plaintiff is entitled to the presumption of insolvency for each of the Wiley One Year Preference Payments made during the Insider Preference Period.

128.    Each of the Russ Wiley One Year Preference Payments was made during the Insider Preference Period.

129.    Each of the Russ Wiley One Year Preference Payments enabled Russ Wiley to receive more than he would have received if: (a) the Case was administered under Chapter 7 of the Bankruptcy Code; (b) the Russ Wiley One Year Preference Payments had not been made; or

(c) Russ Wiley had received payment of the debt owed by the Debtor to the extent allowable pursuant to the Bankruptcy Code.

130.    Russ Wiley was the initial transferee of the Russ Wiley One Year Preference Payments or the immediate or mediate transferee of such initial transferee or the person for whose benefit the payments were made.

131.    Based on the foregoing, each of the Russ Wiley One Year Preference Payments constitutes an avoidable preferential transfer pursuant to sections 544 and 547(b) of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid each of the Russ Wiley One Year Preference Payments for the benefit of the Estate of the Debtor.

132.    Based upon the foregoing, Plaintiff is entitled to an order and judgment: (a) avoiding the Russ Wiley One Year Preference Payments under section 547(b) of the Bankruptcy Code; and (b) entitling Plaintiff to recover the Russ Wiley One Year Preference Payments or the value of the Russ Wiley One Year Preference Payments under Sections 550 and 551 of the Bankruptcy Code, together with the award of pre and post judgment interest to the date of payment or other satisfaction of such order and judgment and the costs of this action.

## COUNT V - FRAUDULENT CONVEYANCES
**(Against TW3, TW3 Logistics, Transport South, Neil Wiley, and Russ Wiley)**
**(11 U.S.C. §§ 544, 548, 550, and 551)**

133.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

134.    AUS transferred at least $560,000 to Russ Wiley, and at least $330,000, in the form of alleged shareholder distributions or buyout payments from 2016 through 2017, exclusive of payroll.

135.    AUS also transferred, directly or indirectly, at least $380,527.70, to Neil Wiley within the two years immediately preceding the Petition Date as set forth in **Exhibit "C**," which is attached hereto.

136.    In addition, AUS also transferred at least $200,000 from an account to Transport South, $18,600 to TW3 Logistics and over $620,700 to TW3 within the two years immediately preceding the Petition Date (collectively, the transfers described in this Count are the "**Fraudulent Conveyances**"). The transfers made to TW3 Logistics and TW3 within the two years preceding the Petition Date are listed in **Exhibit "D"**.

137.    The Debtor made the Fraudulent Conveyances to or for the benefit of one or more of the Defendants within the two years immediately preceding the Petition Date.

138.    Each of the Fraudulent Conveyances was made by the Debtor and constitutes a transfer of an interest of the property of the Debtor or obligation incurred by the Debtor without consideration.

139.    Upon information and belief, the Debtor received no direct benefit from each of the Fraudulent Conveyances.

140.    Each of the Fraudulent Conveyances was made with the actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, indebted on or after the date that each of the Fraudulent Conveyances was made or such obligation was incurred by the Debtor.

141.    In the alternative, the Debtor received less than reasonably equivalent value in exchange for each of the Fraudulent Conveyances and the Debtor: a) was insolvent on the dates that the Fraudulent Conveyances were made or such obligations were incurred, or became insolvent as a result of the Fraudulent Conveyances or the related obligations; b) was engaged in business or a transaction, or was about to engage in business or transaction, for which any

property remaining with the Debtor was an unreasonably small amount of capital intended to incur, or believed that the Debtor would incur, debts that would be beyond the ability of the Debtor to pay as such debts matured; or c) made the transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract or not in the ordinary course of business.

142.    Based on the foregoing, each of the Fraudulent Conveyances constitute an avoidable fraudulent transfer or obligation incurred without consideration pursuant to Sections 544 and 548 of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid the Fraudulent Conveyances and any amounts associated with such obligations.

### COUNT VI – UNIFORM VOIDABLE TRANSACTIONS ACT/UNIFORM FRAUDULENT TRANSFERS ACT - ACTUAL INTENT
### (Against TW3, TW3 Logistics, Transport South, Neil Wiley, and Russ Wiley)
### (11 U.S.C. §§ 544, 550, and 551 and O.C.G.A §§ 18-2-74 & 18-2-75)

143.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

144.    AUS transferred at least $1.2 million to Russ Wiley, and at least $720,000, in the form of alleged shareholder distributions or buyout payments from 2014 through 2017, exclusive of payroll.

145.    These transfers were improper as they were not made to the sole member of AUS—the Wiley Group—and were made while AUS was insolvent and incapable of meeting its debts and contractual obligations to creditors.

146.    AUS also transferred, directly or through affiliated entities, at least $844,389.80 to Neil Wiley within the four years immediately preceding the Petition Date as set forth in **Exhibit "E"** hereto.

147.    Intent to defraud is evident from the fact that its president, Russ Wiley, had the ability to determine what amounts were owed to creditors and nonetheless, caused AUS to transfer funds to himself and his father.

148.    The transfers to the Wileys were not supported by consideration or any permissible business purpose.

149.    In addition, AUS also transferred at least $200,000 from an account to Transport South in 2018, a net of $56,500 to TW3 Logistics and a net of $795,200 to TW3 from 2015 to date.  The transfers to TW3 Logistics and TW3 are listed in **Exhibit "F"** hereto.

150.    The Debtor made each of these transfers to or for the benefit of one or more of the Defendants within the four years immediately preceding the Petition Date.

151.    Each of these transfers was made by the Debtor and constitutes a transfer of an interest of the property of the Debtor or obligation incurred by the Debtor without consideration.

152.    Upon information and belief, the Debtor received no direct benefit from these transfers.

153.    Each of these transfers was incurred by the Debtor and made to one of the Defendants with the actual intent to hinder, delay, or defraud creditors of the Debtor.

154.    The Debtor had at least one creditor who could have avoided each of these transfers.

155.    Intent to defraud is evident from the fact that the Wileys knew that AUS did not have sufficient funds to pay to these transfers and these transfers vastly exceeded any legitimate commissions or net profit to which the Debtor would be entitled.

156.    Based on the foregoing, pursuant to the current Georgia Uniform Voidable Transactions Act, O.C.G.A. § 18-2-74(a)(1), the former Uniform Fraudulent Transfers Act,

O.C.G.A. § 18-2-74(a)(1) (2015) and Section 544 of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, each of the transfers to Neil Wiley, Russ Wiley, TW3, TW3 Logistics, and Transport South constitute avoidable fraudulent transfers or obligations incurred without consideration and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid such transfers and any amounts associated with such obligations and recover such funds for the benefit of the Estate.

157.    Plaintiff should also be awarded attorneys' fees, expenses, and punitive damages because TW3, TW3 Logistics, Transport South, and the Wileys, in making the fraudulent transfers recounted above, have engaged in willful misconduct, have acted maliciously and in bad faith, and have caused Plaintiff unnecessary trouble and expense.

**COUNT VII – UNIFORM VOIDABLE TRANSACTIONS ACT/
UNIFORM FRAUDULENT TRANSFERS ACT - CONSTRUCTIVE FRAUD
(Against TW3, TW3 Logistics, Transport South, Neil Wiley, and Russ Wiley)
(11 U.S.C. §§ 544, 550, and 551 and O.C.G.A §§ 18-2-74 & 18-2-75)**

158.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein and, in particular, incorporates the allegations set forth in Paragraphs 135 – 137 and 146 – 149 above.

159.    The transfers to TW3, TW3 Logistics, Transport South, Neil Wiley and Russ Wiley were not supported by consideration or any permissible business purpose.

160.    The Debtor made each of these transfers to or for the benefit of one or more of the Defendants within the four years immediately preceding the Petition Date.

161.    Each of these transfers was made by the Debtor and constitutes a transfer of an interest of the property of the Debtor or obligation incurred by the Debtor without consideration.

162.    Upon information and belief, the Debtor received no direct benefit from these transfers.

163.    The Debtor had at least one creditor who could have avoided each of these transfers.

164.    The transfers to TW3, TW3 Logistics, Transport South, Neil Wiley and Russ Wiley were made at a point in time when AUS, through its president Russ Wiley, intended to incur, or reasonably should have believed that AUS would incur, debts beyond the ability of AUS to pay as they became due, as these transfers were made after the accrual of the obligation of AUS to remit substantial premium funds. Indeed, the transfer of substantial funds to the Wileys, TW3, TW3 Logistics, and Transport South ensured that AUS would be unable to pay its debts as they became due.

165.    Upon information and belief, each of the transfers was made while AUS was insolvent.

166.    The transfers to TW3, TW3 Logistics, Transport South, Neil Wiley, and Russ Wiley were made without adequate consideration or reasonably equivalent value being exchanged, and without any permissible business purpose.

167.    Upon information and belief, the Debtor did not receive reasonably equivalent value in exchange for each of the transfers when the Debtor: a) was engaged or was about to engage in a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; b) intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond its ability to pay as such debts became due; or c) was insolvent.

168.    Based on the foregoing, pursuant to the current Georgia Uniform Voidable Transactions Act, O.C.G.A. §§ 18-2-74(a)(2), 18-2-75, former Uniform Fraudulent Transfers Act, O.C.G.A. §§ 18-2-74(a)(2), 18-2-75 (2015) and Section 544 of the Bankruptcy Code and, in

accordance with Sections 550 and 551 of the Bankruptcy Code, each of the transfers to Neil Wiley, Russ Wiley, TW3, TW3 Logistics, and Transport South constitute avoidable fraudulent transfers or obligations incurred without consideration and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid such transfers and any amounts associated with such obligations and recover such funds for the benefit of the Estate.

169.    Plaintiff should further be awarded attorneys' fees, expenses, and punitive damages because TW3, TW3 Logistics, Transport South, and the Wileys, in making the fraudulent transfers recounted above, have engaged in willful misconduct, have acted maliciously and in bad faith, and have caused Plaintiff unnecessary trouble and expense.

## COUNT VIII – RECOVERY AND PRESERVATION OF AVOIDED TRANSFERS
### (11 U.S.C. §§ 550 and 551)

170.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

171.    To the extent that any transfers are avoided (collectively, "**Avoided Transfers**"), the Plaintiff may preserve and recover such transfers or obligations pursuant to Sections 550 and 551 of the Bankruptcy Code.

172.    One or more of the Defendants was the initial transferee of the Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoided Transfers were made.

173.    Pursuant to Sections 550 and 551 of the Bankruptcy Code, the Plaintiff is entitled to preserve and recover the transfers, plus interest thereon to the date of payment and the costs of this action, for the benefit of the Estate of the Debtor.

## COUNT IX – BREACH OF FIDUCIARY DUTY
### (Against Russ Wiley)
### (11 U.S.C. §§ 541 and 544)

174.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

175.    Russ Wiley, as President of AUS and an insider and party in control of the Debtor, owed independent and direct fiduciary duties with respect to the Debtor and the care and handling of funds of AUS.

176.    Through the foregoing relationship, there existed a relationship of dependence and influence whereby Russ Wiley had fiduciary duties to the Debtor to act with the utmost good faith, honesty, fair dealing, and loyalty and refrain from favoring personal interests at the expense of the interests of the Debtor.

177.    Russ Wiley was obligated as a fiduciary not to engage in self-dealing or otherwise promote his interests at the expense of and to the detriment of the Debtor.

178.    Upon information and belief, at all relevant times hereto, AUS was insolvent and incapable of paying all of its debts.

179.    Given that the Debtor was insolvent and/or in the zone of insolvency at all times relevant hereto, the fiduciary duties of Russ Wiley extended to include the interests of creditors of the Debtor. Indeed, Russ Wiley, as President of AUS, was charged with the duty of conserving and managing the assets of AUS in trust for the benefit of creditors of AUS.

180.    Because of the insolvency of AUS, Russ Wiley had a fiduciary duty under Georgia law to apply the assets of AUS primarily to the payment of the debts of AUS and was not permitted to prefer himself or any other corporate insider over creditors of AUS.

181.    Russ Wiley willingly, knowingly, recklessly, and in bad faith breached his fiduciary duties by placing the interests of one or more of the Defendants ahead of the interests of the Debtor.

182.    Russ Wiley breached his fiduciary duty by, among other things, causing AUS to transfer funds to himself, TW3, TW3 Logistics, Neil Wiley, and Transport South without adequate consideration or a permissible business purpose, and while, upon information and belief, AUS was insolvent.

183.    Russ Wiley failed to use his best skill and judgment to protect the interests of the Debtor.

184.    As alleged herein, Russ Wiley breached his fiduciary duties by transferring funds to Transport South, Neil Wiley, TW3, TW3 Logistics, and himself. Indeed, Russ Wiley breached his fiduciary duties of loyalty, good faith, and independence by, among other conduct, failing to protect the interests of the Debtor or refrain from conduct that would cause injury to the Debtor or deprive the Debtor of profit or advantage, all for personal financial gain.

185.    The conduct of Russ Wiley constitutes a breach of his fiduciary duties.

186.    As a result of the breach of fiduciary duties, the Estate has been damaged in amount equal to the amount of funds that were transferred to the Wileys, TW3, TW3 Logistics, and Transport South, as alleged above.

187.    As a direct and proximate result of the breach of fiduciary duties by Russ Wiley, the Debtor has sustained irreparable injury in that funds of the Debtor have been siphoned off for the benefit of one or more of the Defendants.

188.    As a direct and proximate result of the breach of fiduciary duties by Russ Wiley, the Debtor has sustained injuries for which compensation is sought in the form of: a)

compensatory, consequential, and punitive damages in an amount to be determined at trial; and b) disgorgement of all transfers to one or more of the Defendants by virtue of any breach of fiduciary duty.

189.    Accordingly, Russ Wiley should be held liable for breaching his fiduciary duties, the transfers that were made while AUS was insolvent should be rescinded, and Russ Wiley should be required to pay the Estate the amount of all wrongful transfers to himself, Neil Wiley, Transport South, TW3 Logistics, and TW3 as a result of his breach of his fiduciary duty.

190.    Russ Wiley should also be held liable for the attorneys' fees and expenses of the Estate and for punitive damages because Russ Wiley has engaged in willful misconduct, has acted maliciously and in bad faith, and has caused the Estate unnecessary trouble and expense.

## COUNT X – PIERCING THE CORPORATE VEIL/ALTER EGO
### (Against the Wiley Group, Neil Wiley, and Russ Wiley)

191.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

192.    AUS is currently insolvent. Upon information and belief, the Wiley Group is also insolvent.

193.    The Wiley Group, through its current owner Russ Wiley and its former owner Neil Wiley, has caused AUS to be insolvent by consistently transferring funds to the Wileys and their related entities since 2011without consideration or a permissible business purpose.

194.    At all times relevant hereto, the Wiley Group abused the corporate form and used AUS as its alter ego by, inter alia, sharing corporate officers and the same office space with AUS and, more importantly, by permitting its shareholders to use corporate funds of AUS as if they were the personal funds of the Wileys.

195.    Neil Wiley and Russ Wiley, thus, also abused the corporate form of the Wiley Group and AUS, and treated the Wiley Group and AUS as their alter egos by, *inter alia*, commingling their personal affairs with the business affairs of AUS and the Wiley Group.

196.    Specifically, the Wileys commingled their personal affairs with AUS and the Wiley Group by, among other things, causing AUS to directly transfer alleged "shareholder" distributions to the Wileys regardless of whether the financial condition of AUS supported such distributions and despite the fact that the Wiley Group, and not the Wileys, is the sole member of AUS.

197.    As set forth in **Exhibit "F"** hereto, the Wileys also caused AUS to fund two related companies, TW3 and TW3 Logistics, transferring a net total of approximately $850,000 to those two entities from 2015 to the Petition Date.  The Debtor received no value from these transfers which were designed to solely benefit the Wileys at the expense of AUS creditors.

198.    In addition, the Wileys also caused AUS to lease or purchase expensive cars for the personal use of the Wileys, including a Cadillac Escalade for personal use by Russ Wiley.

199.    Russ Wiley further commingled his personal affairs with AUS and the Wiley Group by using funds of AUS to purchase the ownership interest of Neil Wiley in the Wiley Group with bi-monthly payments of $7,500 that are paid directly to Neil Wiley from the Operations Account of AUS.

200.    Upon information and belief, Russ and Neil Wiley also abused the corporate form by holding no shareholder meetings of the Wiley Group.

201.    Accordingly, both AUS and the Wiley Group operated as mere instrumentalities of Neil and Russ Wiley, and there is a unity of interest between the Wileys, AUS, and the Wiley Group.

202.    In addition, permitting AUS and the Wiley Group to maintain the corporate veil would promote fraud, as it would permit AUS to purposefully and wrongly avoid paying the obligations of AUS by transferring its corporate assets to the Wileys while insolvent.

203.    It would promote fraud to permit the Wileys to hide behind the corporate veils of AUS and the Wiley Group and unjustly profit from the transfers to themselves and related entities.

204.    Under the circumstances, the corporate veil of the Wiley Group should be pierced and this Court should enter a judgment declaring that the Wileys are jointly and severally liable.

## COUNT XI – LEGAL AND EQUITABLE ACCOUNTING
**(Against Wiley Group, TW3, TW3 Logistics, Transport South, Neil Wiley, and Russ Wiley)**
**( 11 U.S.C. § 105 and Rule 6002 of the Bankruptcy Rules and Georgia Law)**

205.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

206.    Among the statutory duties of a debtor, a "debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) . . . Creditors, . . .any trustee . . . in the case, or the United States Trustee may examine the debtor."  11 U.S.C. § 343; see also Fed. R. Bankr. P. 4002(a)(1) (providing that a debtor shall "attend and submit to an examination at the times ordered by the court"). In instances where a trustee is serving in the case, a debtor shall "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." 11 U.S.C. § 521(a)(3); *see also* Fed. R. Bankr. P. 4002(a)(4) (providing that a debtor shall "cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim, and the administration of the estate).

207.    Having been the individual who commenced this Case and having affirmatively sought the benefits of bankruptcy protection for the Debtor, Russ Wiley should not now be

permitted to avoid the responsibility of satisfying the obligations of the Debtor to cooperate with the Trustee.

208.    Rule 6002 further provides that at a "custodian required by the Code to deliver property in the custodian's possession or control to the trustee shall promptly file and transmit to the United States trustee a report and account with respect to the property of the estate and the administration thereof."

209.    One or more of the Defendants either have possession or control of assets or business records of the Debtor or have information regarding the assets or business records of the Debtor.

210.    One or more of the Defendants received some or all of the Diverted Funds, as defined above.

211.    One or more of the Defendants have failed to either: a) cooperate with the Trustee as necessary to enable the Trustee to perform the duties of the Trustee; b) report and account with respect to the property of the estate of the Debtor, including the Diverted Funds; c) account to Plaintiff for all transfers, profits and any special benefits obtained by the Defendants, including the Diverted Funds; or d) have intentionally hidden and absconded with the assets and business records of the Debtor.

212.    In addition to the duties and obligations imposed by the Bankruptcy Code, Defendants are required to account to the Trustee for the assets and records of the Debtor under Georgia Law.

213.    Accordingly, Plaintiff respectfully requests that the Court enter an order directing and compelling the Defendants to report and account with respect to property of the Estate of the Debtor, for the Diverted Funds, for all damages cause by the Defendants, and all transfers,

profits, and any special benefits obtained by one or more of the Defendants or as a result of any breach of fiduciary duty by any of the Defendants.

### COUNT XII – TURNOVER OF PROPERTY OF THE ESTATE
**(Against Wiley Group, TW3, TW3 Logistics, Transport South, Neil Wiley, and Russ Wiley)**
**(11 U.S.C. §§ 541 and 542)**

214.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

215.    Bankruptcy Code section 541(a) provides, in pertinent part, that the bankruptcy estate is comprised, among other things, of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a).

216.    Bankruptcy Code section 542(a) provides, in pertinent part, that "an entity, . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." *See* 11 U.S.C. § 542(a).

217.    One or more of the Defendants may remain in wrongful possession, custody, and control of property of the Debtor within the meaning of 11 U.S.C. § 542.

218.    Despite its obligations to do so, the Defendants have failed or refused to turnover or cause the turnover such property to the Trustee.

219.    Such property of significant value and benefit to the Estate and its creditors.

220.    Accordingly, pursuant to section 542 of the Bankruptcy Code, Plaintiff respectfully requests that the Court enter an order directing and compelling the Defendants to turnover or cause the turnover of any property of the Debtor in the possession, custody or control of one or more of the Defendants.

## COUNT XIII – UNJUST ENRICHMENT
**(Against Wiley Group, TW3, TW3 Logistics, Transport South, Neil Wiley, and Russ Wiley)**

221.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

222.    As a result of the conduct described herein, one or more of the Defendants have been unjustly enriched at the expense of the Debtor.

223.    Accordingly, Defendants should be required to disgorge all monies, profits and gains that the Defendants or their related entities have obtained or will unjustly obtain in the future at the expense of the Debtor and a constructive trust should be imposed thereon for the benefit of the Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter a judgment as requested herein, for all damages allowed by law, including punitive damages and its attorneys' fees and expenses in bringing this action, pre-judgment interest at the maximum legal rate, and post-judgment interest at the maximum legal rate, and granting the Trustee such further and additional relief as this Court may deem just, proper and equitable.

Dated: May 1, 2019.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for Plaintiff S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate of American Underwriting Services, LLC, Debtor*

Exhibit A

American Underwriting Services LLC
Payments to Neil Wiley
Feb. 17, 2018 to May 18, 2018

| Check Date | Paying Account | Clear Date | Type/Ck # | Payee | Withdrawal | Description |
|---|---|---|---|---|---|---|
| | The Wiley Group (1) | 02/23/18 | 1032 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/09/18 | 1085 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/16/18 | 1086 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/23/18 | 1087 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/30/18 | 1088 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/06/18 | 1049 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/13/18 | 1050 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/20/18 | 1051 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/29/18 | 1052 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 05/07/18 | 1089 | Neil Wiley | $15,000.00 | Buyout |
| | | | | | $46,500.00 | |

(1) Per Attachment to the Statement of Financial Affairs (Doc. No. 1, Page 113). Clear Date may be check date.

Exhibit B

American Underwriting Services LLC
Payments to Neil Wiley
May 18, 2017 to May 18, 2018

| Check Date | Paying Account | Clear Date | Type/Ck # | Payee | Withdrawal | Description |
|---|---|---|---|---|---|---|
| 05/30/17 | American Underwriting Services LLC (668) | 05/31/17 | 5013 | Neil Wiley | $7,500.00 | Buyout |
| 06/15/17 | American Underwriting Services LLC (668) | 06/16/17 | 5283 | Neil Wiley | $7,500.00 | Buyout |
| 06/30/17 | American Underwriting Services LLC (668) | 07/03/17 | 5284 | Neil Wiley | $7,500.00 | Buyout |
| 07/17/17 | American Underwriting Services LLC (668) | 07/18/17 | 5285 | Neil Wiley | $7,500.00 | Buyout |
| 07/31/17 | American Underwriting Services LLC (668) | 08/01/17 | 5251 | Neil Wiley | $7,500.00 | Buyout |
| 08/15/17 | American Underwriting Services LLC (668) | 08/16/17 | 5252 | Neil Wiley | $7,500.00 | Buyout |
| 08/30/17 | American Underwriting Services LLC (668) | 08/31/17 | 5413 | Neil Wiley | $7,500.00 | Buyout |
| 07/15/17 | American Underwriting Services LLC (668) | 09/18/17 | 5414 | Neil Wiley | $7,500.00 | Buyout |
| 09/29/17 | American Underwriting Services LLC (668) | 10/02/17 | 5415 | Neil Wiley | $7,500.00 | |
| 10/10/17 | American Underwriting Services LLC (668) | 10/17/17 | 5416 | Neil Wiley | $7,500.00 | |
| 10/30/17 | American Underwriting Services LLC (668) | 10/31/17 | 5417 | Neil Wiley | $7,500.00 | |
| 11/16/17 | American Underwriting Services LLC (668) | 11/17/17 | 5418 | Neil Wiley | $7,500.00 | Buyout |
| 11/30/17 | American Underwriting Services LLC (668) | 12/05/17 | 5540 | Neil Wiley | $7,500.00 | Buyout |
| 12/21/17 | TW3 Transportation LLC | 12/22/17 | 2447 | Neil Wiley | $20,000.00 | |
| 12/26/17 | TW3 Transportation LLC | 12/27/17 | 2409 | Neil Wiley | $5,000.00 | |
| | The Wiley Group (1) | 01/03/18 | 1001 | Neil Wiley | $7,500.00 | Buyout |
| | The Wiley Group (1) | 01/12/18 | 1010 | Neil Wiley | $7,500.00 | Buyout |
| | The Wiley Group (1) | 01/30/18 | 1027 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/02/18 | 1029 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/09/18 | 1030 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/16/18 | 1031 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/23/18 | 1032 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/09/18 | 1085 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/16/18 | 1086 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/23/18 | 1087 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/30/18 | 1088 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/06/18 | 1049 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/13/18 | 1050 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/20/18 | 1051 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/29/18 | 1052 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 05/07/18 | 1089 | Neil Wiley | $15,000.00 | Buyout |
| | | | | | $198,000.00 | |

(1) Per Attachment to the Statement of Financial Affairs (Doc. No. 1, Page 113). Clear Date may be check date.

Exhibit C

American Underwriting Services LLC
Payments to Neil Wiley
May 18, 2016 to May 18, 2018

| Check Date | Paying Account | Clear Date | Type/Ck # | Payee | Withdrawal | Description |
|---|---|---|---|---|---|---|
| 05/31/16 | American Underwriting Services LLC (668) | 06/01/16 | 4943 | Neil Wiley | $7,500.00 | |
| 06/15/16 | American Underwriting Services LLC (668) | 06/16/16 | 5004 | Neil Wiley | $7,500.00 | |
| 06/20/16 | American Underwriting Services LLC (668) | 06/22/16 | 5005 | Neil Wiley | $1,388.00 | |
| 06/30/01 | American Underwriting Services LLC (668) | 07/01/16 | 5006 | Neil Wiley | $7,500.00 | |
| 07/15/16 | American Underwriting Services LLC (668) | 07/19/16 | 5007 | Neil Wiley | $7,500.00 | |
| 07/29/16 | American Underwriting Services LLC (668) | 08/01/16 | 5008 | Neil Wiley | $7,500.00 | |
| 08/15/16 | American Underwriting Services LLC (668) | 08/16/16 | 5009 | Neil Wiley | $7,500.00 | |
| 08/30/16 | American Underwriting Services LLC (668) | 08/31/16 | 5010 | Neil Wiley | $7,500.00 | |
| 09/15/16 | American Underwriting Services LLC (668) | 09/16/16 | 5011 | Neil Wiley | $7,500.00 | |
| 09/23/16 | American Underwriting Services LLC (668) | 09/26/16 | 5025 | Neil Wiley | $1,139.70 | |
| 09/30/16 | American Underwriting Services LLC (668) | 10/03/16 | 5026 | Neil Wiley | $7,500.00 | |
| 10/14/16 | American Underwriting Services LLC (668) | 10/17/16 | 5027 | Neil Wiley | $7,500.00 | |
| 10/28/16 | American Underwriting Services LLC (668) | 10/31/16 | 5028 | Neil Wiley | $7,500.00 | |
| 11/15/16 | American Underwriting Services LLC (668) | 11/16/16 | 5029 | Neil Wiley | $7,500.00 | |
| 11/30/16 | American Underwriting Services LLC (668) | 12/01/16 | 5012 | Neil Wiley | $7,500.00 | |
| 12/15/16 | American Underwriting Services LLC (668) | 12/16/16 | 5243 | Neil Wiley | $7,500.00 | |
| 12/20/16 | American Underwriting Services LLC (668) | 01/03/17 | 5244 | Neil Wiley | $7,500.00 | |
| 01/13/17 | American Underwriting Services LLC (668) | 01/17/17 | 5245 | Neil Wiley | $7,500.00 | |
| 12/30/17 | American Underwriting Services LLC (668) | 01/31/17 | 5246 | Neil Wiley | $7,500.00 | |
| 02/15/17 | American Underwriting Services LLC (668) | 02/16/17 | 5247 | Neil Wiley | $7,500.00 | |
| 02/28/17 | American Underwriting Services LLC (668) | 03/01/17 | 5248 | Neil Wiley | $7,500.00 | |
| 03/15/17 | American Underwriting Services LLC (668) | 03/16/17 | 5249 | Neil Wiley | $7,500.00 | |
| 03/30/17 | American Underwriting Services LLC (668) | 03/31/17 | 5250 | Neil Wiley | $7,500.00 | |
| 04/14/17 | American Underwriting Services LLC (668) | 04/17/17 | 5280 | Neil Wiley | $7,500.00 | |
| 04/28/17 | American Underwriting Services LLC (668) | 05/01/17 | 5281 | Neil Wiley | $7,500.00 | |
| 05/17/17 | American Underwriting Services LLC (668) | 05/16/17 | 5282 | Neil Wiley | $7,500.00 | Buyout |
| 05/30/17 | American Underwriting Services LLC (668) | 05/31/17 | 5013 | Neil Wiley | $7,500.00 | Buyout |
| 06/15/17 | American Underwriting Services LLC (668) | 06/16/17 | 5283 | Neil Wiley | $7,500.00 | Buyout |
| 06/30/17 | American Underwriting Services LLC (668) | 07/03/17 | 5284 | Neil Wiley | $7,500.00 | Buyout |
| 07/17/17 | American Underwriting Services LLC (668) | 07/18/17 | 5285 | Neil Wiley | $7,500.00 | Buyout |
| 07/31/17 | American Underwriting Services LLC (668) | 08/01/17 | 5251 | Neil Wiley | $7,500.00 | Buyout |
| 08/15/17 | American Underwriting Services LLC (668) | 08/16/17 | 5252 | Neil Wiley | $7,500.00 | Buyout |
| 08/30/17 | American Underwriting Services LLC (668) | 08/31/17 | 5413 | Neil Wiley | $7,500.00 | Buyout |
| 07/15/17 | American Underwriting Services LLC (668) | 09/18/17 | 5414 | Neil Wiley | $7,500.00 | Buyout |
| 09/29/17 | American Underwriting Services LLC (668) | 10/02/17 | 5415 | Neil Wiley | $7,500.00 | |
| 10/10/17 | American Underwriting Services LLC (668) | 10/17/17 | 5416 | Neil Wiley | $7,500.00 | |
| 10/30/17 | American Underwriting Services LLC (668) | 10/31/17 | 5417 | Neil Wiley | $7,500.00 | |
| 11/16/17 | American Underwriting Services LLC (668) | 11/17/17 | 5418 | Neil Wiley | $7,500.00 | Buyout |
| 11/30/17 | American Underwriting Services LLC (668) | 12/05/17 | 5540 | Neil Wiley | $7,500.00 | Buyout |
| 12/21/17 | TW3 Transportation LLC | 12/22/17 | 2447 | Neil Wiley | $20,000.00 | |
| 12/26/17 | TW3 Transportation LLC | 12/27/17 | 2409 | Neil Wiley | $5,000.00 | |
| | The Wiley Group (1) | 01/03/18 | 1001 | Neil Wiley | $7,500.00 | Buyout |
| | The Wiley Group (1) | 01/12/18 | 1010 | Neil Wiley | $7,500.00 | Buyout |
| | The Wiley Group (1) | 01/30/18 | 1027 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/02/18 | 1029 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/09/18 | 1030 | Neil Wiley | $3,500.00 | Buyout |

| Check Date | Paying Account | Clear Date | Type/Ck # | Payee | Withdrawal | Description |
|---|---|---|---|---|---|---|
| | The Wiley Group (1) | 02/16/18 | 1031 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/23/18 | 1032 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/09/18 | 1085 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/16/18 | 1086 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/23/18 | 1087 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/30/18 | 1088 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/06/18 | 1049 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/13/18 | 1050 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/20/18 | 1051 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/29/18 | 1052 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 05/07/18 | 1089 | Neil Wiley | $15,000.00 | Buyout |
| | | | | | $380,527.70 | |

(1) Per Attachment to the Statement of Financial Affairs (Doc. No. 1, Page 113). Clear Date may be check date.

Exhibit D

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 05/20/16 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 05/24/16 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 05/25/16 | Transfer | TW3 Transportation LLC | | $2,500.00 |
| 06/03/16 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 06/17/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 06/24/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 07/05/16 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 07/05/16 | Transfer | TW3 Transportation LLC | | $11,000.00 |
| 07/08/16 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 07/11/16 | Transfer | TW3 Transportation LLC | | $3,000.00 |
| 07/22/16 | Transfer | TW3 Transportation LLC | $12,000.00 | |
| 07/25/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 08/01/16 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 08/05/16 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 08/12/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 08/15/16 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 08/19/16 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 08/22/16 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 08/23/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 08/26/16 | Transfer | TW3 Transportation LLC | $11,000.00 | |
| 08/29/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 09/06/16 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 09/07/16 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 09/09/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 09/12/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 09/23/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 09/26/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 09/30/16 | Transfer | TW3 Transportation LLC | $13,000.00 | |
| 10/03/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 10/07/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 10/07/16 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 10/12/16 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 10/17/16 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 10/20/16 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 10/21/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 10/31/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/02/16 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 11/04/16 | Transfer | TW3 Transportation LLC | $12,000.00 | |
| 11/14/16 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 11/18/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/21/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/23/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 11/25/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 11/28/16 | Transfer | TW3 Transportation LLC | $8,000.00 | |
| 12/27/16 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 12/28/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 12/28/16 | Transfer | TW3 Transportation LLC | $7,000.00 | |
| 12/29/16 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 12/30/16 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 01/04/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 01/13/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 01/17/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 01/20/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 01/23/17 | Transfer | TW3 Transportation LLC | $1,000.00 | |
| 01/23/17 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 01/23/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 01/30/17 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 01/30/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/03/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/06/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/06/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 02/07/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 02/10/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/13/17 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 02/15/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/21/17 | Transfer | TW3 Transportation LLC | | $6,500.00 |
| 02/21/17 | Transfer | TW3 Transportation LLC | | $25,000.00 |
| 03/03/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/06/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/06/17 | Transfer | TW3 Transportation LLC | | $2,500.00 |
| 03/10/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/20/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/27/17 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 03/28/17 | Transfer | TW3 Transportation LLC | | $4,000.00 |
| 04/03/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 04/03/17 | Transfer | TW3 Transportation LLC | | $3,000.00 |
| 04/07/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 04/07/17 | Transfer | TW3 Transportation LLC | $8,500.00 | |
| 04/10/17 | Transfer | TW3 Transportation LLC | | $4,000.00 |
| 04/11/17 | Transfer | TW3 Transportation LLC | $11,000.00 | |
| 04/14/17 | Transfer | TW3 Transportation LLC | $8,000.00 | |
| 04/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 04/20/17 | Transfer | TW3 Transportation LLC | $2,200.00 | |
| 04/21/17 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 04/24/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 04/28/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 05/01/17 | Transfer | TW3 Transportation LLC | $8,000.00 | |
| 05/12/17 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 05/15/17 | Transfer | TW3 Transportation LLC | $6,000.00 | |
| 05/22/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 05/22/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 05/26/17 | Transfer | TW3 Transportation LLC | $6,000.00 | |
| 05/30/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 05/30/17 | Transfer | TW3 Transportation LLC | | $2,500.00 |
| 06/05/17 | Transfer | TW3 Transportation LLC | $8,000.00 | |
| 06/05/17 | Transfer | TW3 Transportation LLC | | $6,000.00 |
| 06/14/17 | Transfer | TW3 Transportation LLC | | $10,000.00 |
| 06/16/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 06/19/17 | Transfer | TW3 Transportation LLC | | $500.00 |
| 06/22/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 06/26/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 06/30/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 07/06/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 07/07/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 07/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 07/19/17 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 07/21/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 07/25/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 07/28/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 07/28/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 08/01/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 08/11/17 | Transfer | TW3 Transportation LLC | $13,000.00 | |
| 08/14/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 08/18/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 08/21/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 08/21/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 08/21/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 08/21/17 | Transfer | TW3 Transportation LLC | | $7,500.00 |
| 08/25/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 09/01/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 09/05/17 | Transfer | TW3 Transportation LLC | $1,000.00 | |
| 09/05/17 | Transfer | TW3 Transportation LLC | | $1,000.00 |
| 09/05/17 | Transfer | TW3 Transportation LLC | | $7,500.00 |
| 09/07/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 09/08/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 09/25/17 | Transfer | TW3 Transportation LLC | | $12,000.00 |
| 09/26/17 | Transfer | TW3 Transportation LLC | | $1,500.00 |
| 09/28/17 | Transfer | TW3 Transportation LLC | $12,000.00 | |
| 09/29/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 10/13/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 10/16/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 10/17/17 | Transfer | TW3 Transportation LLC | | $2,500.00 |
| 10/27/17 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 10/27/17 | Transfer | TW3 Transportation LLC | $14,000.00 | |
| 11/03/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/15/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 11/17/17 | Transfer | TW3 Transportation LLC | $9,000.00 | |
| 11/24/17 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 11/28/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 12/04/17 | Transfer | TW3 Transportation LLC | | $2,000.00 |
| 12/08/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 12/11/17 | Transfer | TW3 Transportation LLC | $500.00 | |
| 12/15/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 12/21/17 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 12/26/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 12/29/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 01/05/18 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 02/09/18 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 02/23/18 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 03/19/18 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 03/20/18 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/21/18 | Transfer | TW3 Transportation LLC | | $2,000.00 |
| 03/30/18 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 04/12/18 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 04/30/18 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 05/01/18 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 05/04/18 | Transfer | TW3 Transportation LLC | $3,500.00 | |
| | | | $782,200.00 | $161,500.00 |
| | | Net: | | $620,700.00 |

Exhibit D

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 07/21/16 | Transfer | TW3 Logistics LLC | $1,000.00 | |
| 09/13/16 | Transfer | TW3 Logistics LLC | $5,000.00 | |
| 09/29/16 | Transfer | TW3 Logistics LLC | $2,200.00 | |
| 11/23/16 | Transfer | TW3 Logistics LLC | $2,200.00 | |
| 03/10/17 | Transfer | TW3 Logistics LLC | $500.00 | |
| 06/22/17 | Transfer | TW3 Logistics LLC | $2,200.00 | |
| 09/25/17 | Transfer | TW3 Logistics LLC | | $500.00 |
| 10/13/17 | Transfer | TW3 Logistics LLC | $300.00 | |
| 10/13/17 | Transfer | TW3 Logistics LLC | $1,000.00 | |
| 11/03/17 | Transfer | TW3 Logistics LLC | $500.00 | |
| 04/06/18 | Transfer | TW3 Logistics LLC | | $300.00 |
| 04/19/18 | Transfer | TW3 Logistics LLC | $2,000.00 | |
| 04/26/18 | Transfer | TW3 Logistics LLC | $2,500.00 | |
| | | | $19,400.00 | $800.00 |

Net:   $18,600.00

Exhibit E

American Underwriting Services LLC
Payments to Neil Wiley
May 18, 2014 to May 18, 2018

| Check Date | Paying Account | Clear Date | Type/Ck # | Payee | Withdrawal | Description |
|---|---|---|---|---|---|---|
| none | American Underwriting Services LLC (668) | 06/11/14 | 4088 | Neil Wiley | $3,247.00 | |
| 07/11/14 | American Underwriting Services LLC (668) | 07/14/14 | 4250 | Neil Wiley | $2,882.00 | |
| 07/30/14 | American Underwriting Services LLC (668) | 07/31/14 | 4251 | Neil Wiley | $12,000.00 | |
| 08/12/14 | American Underwriting Services LLC (668) | 08/13/14 | 4252 | Neil Wiley | $2,568.00 | |
| 08/15/14 | American Underwriting Services LLC (668) | 08/18/14 | 4253 | Neil Wiley | $12,000.00 | |
| 08/29/14 | American Underwriting Services LLC (668) | 09/02/14 | 4254 | Neil Wiley | $12,000.00 | |
| 09/12/14 | American Underwriting Services LLC (668) | 09/15/14 | 4330 | Neil Wiley | $2,242.71 | |
| 09/15/14 | American Underwriting Services LLC (668) | 09/16/14 | 4331 | Neil Wiley | $12,000.00 | |
| 09/30/14 | American Underwriting Services LLC (668) | 10/01/14 | 4332 | Neil Wiley | $12,000.00 | |
| 10/10/14 | American Underwriting Services LLC (668) | 10/14/14 | 4333 | Neil Wiley | $1,902.26 | |
| 10/15/14 | American Underwriting Services LLC (668) | 10/16/14 | 4334 | Neil Wiley | $12,000.00 | |
| 10/30/14 | American Underwriting Services LLC (668) | 10/31/14 | 4335 | Neil Wiley | $12,000.00 | |
| 11/01/14 | American Underwriting Services LLC (668) | 11/12/14 | 4336 | Neil Wiley | $2,306.00 | |
| 11/14/14 | American Underwriting Services LLC (668) | 11/17/14 | 4337 | Neil Wiley | $12,000.00 | |
| 11/25/14 | American Underwriting Services LLC (668) | 11/26/14 | 4339 | Neil Wiley | $12,000.00 | |
| 12/08/14 | American Underwriting Services LLC (668) | 12/09/14 | 4440 | Neil Wiley | $2,012.44 | |
| 12/15/14 | American Underwriting Services LLC (668) | 12/16/14 | 4441 | Neil Wiley | $12,000.00 | |
| 12/29/14 | American Underwriting Services LLC (668) | 12/30/14 | 4442 | Neil Wiley | $12,000.00 | |
| 12/31/14 | American Underwriting Services LLC (668) | 01/08/15 | 4443 | Neil Wiley | $3,000.00 | |
| 01/15/15 | American Underwriting Services LLC (668) | 01/16/15 | 4444 | Neil Wiley | $12,000.00 | |
| 01/30/15 | American Underwriting Services LLC (668) | 02/02/15 | 4542 | Neil Wiley | $12,000.00 | |
| 02/04/15 | American Underwriting Services LLC (668) | 02/05/15 | 4543 | Neil Wiley | $1,494.00 | |
| 02/13/15 | American Underwriting Services LLC (668) | 02/17/15 | 4544 | Neil Wiley | $7,500.00 | |
| 02/27/15 | American Underwriting Services LLC (668) | 03/02/15 | 4545 | Neil Wiley | $7,500.00 | |
| 03/06/15 | American Underwriting Services LLC (668) | 03/09/15 | 4546 | Neil Wiley | $1,593.00 | |
| 03/13/15 | American Underwriting Services LLC (668) | 03/16/15 | 4547 | Neil Wiley | $7,500.00 | |
| 03/30/15 | American Underwriting Services LLC (668) | 03/31/15 | 4548 | Neil Wiley | $7,500.00 | |
| 04/03/15 | American Underwriting Services LLC (668) | 04/06/15 | 4549 | Neil Wiley | $1,894.15 | |
| 04/15/15 | American Underwriting Services LLC (668) | 04/16/15 | 4550 | Neil Wiley | $7,500.00 | |
| 04/30/15 | American Underwriting Services LLC (668) | 05/01/15 | 4551 | Neil Wiley | $7,500.00 | |
| 05/06/15 | American Underwriting Services LLC (668) | 05/07/15 | 4552 | Neil Wiley | $2,438.00 | |
| 05/15/15 | American Underwriting Services LLC (668) | 05/18/15 | 4554 | Neil Wiley | $7,500.00 | |
| 05/28/15 | American Underwriting Services LLC (668) | 05/29/15 | 4555 | Neil Wiley | $7,500.00 | |
| 06/09/15 | American Underwriting Services LLC (668) | 06/10/15 | 4556 | Neil Wiley | $2,450.00 | |
| 06/15/15 | American Underwriting Services LLC (668) | 06/16/15 | 4557 | Neil Wiley | $7,500.00 | |
| 06/30/15 | American Underwriting Services LLC (668) | 07/01/15 | 4558 | Neil Wiley | $7,500.00 | |
| 07/10/15 | American Underwriting Services LLC (668) | 07/13/15 | 4559 | Neil Wiley | $2,079.92 | |
| 07/15/15 | American Underwriting Services LLC (668) | 07/16/15 | 4560 | Neil Wiley | $7,500.00 | |
| 07/27/15 | American Underwriting Services LLC (668) | 07/28/15 | 4561 | Neil Wiley | $7,500.00 | |
| 08/08/15 | American Underwriting Services LLC (668) | 08/10/15 | 4562 | Neil Wiley | $1,950.53 | |
| 08/14/15 | American Underwriting Services LLC (668) | 08/17/15 | 4563 | Neil Wiley | $7,500.00 | |
| 08/31/15 | American Underwriting Services LLC (668) | 09/01/15 | 4564 | Neil Wiley | $7,500.00 | |
| 09/08/15 | American Underwriting Services LLC (668) | 09/09/15 | 4565 | Neil Wiley | $2,301.69 | |
| 09/18/15 | American Underwriting Services LLC (668) | 09/17/15 | 4760 | Neil Wiley | $7,500.00 | |
| 09/30/15 | American Underwriting Services LLC (668) | 10/01/15 | 4762 | Neil Wiley | $7,500.00 | |
| 10/06/15 | American Underwriting Services LLC (668) | 10/07/15 | 4763 | Neil Wiley | $1,870.40 | |
| 10/15/15 | American Underwriting Services LLC (668) | 10/16/15 | 4764 | Neil Wiley | $7,500.00 | |
| 10/15/15 | American Underwriting Services LLC (668) | 10/21/15 | 4765 | US Treasury (For Neil Wiley) | $26,523.00 | |
| 10/28/15 | American Underwriting Services LLC (668) | 10/29/15 | 4766 | Neil Wiley | $7,500.00 | |
| 11/12/15 | American Underwriting Services LLC (668) | 11/13/15 | 4767 | Neil Wiley | $2,359.00 | |
| 11/16/15 | American Underwriting Services LLC (668) | 11/17/15 | 4768 | Neil Wiley | $7,500.00 | |
| 12/01/15 | American Underwriting Services LLC (668) | 12/02/15 | 4769 | Neil Wiley | $7,500.00 | |
| 12/10/15 | American Underwriting Services LLC (668) | 12/11/15 | 4856 | Neil Wiley | $2,011.88 | |
| 12/15/15 | American Underwriting Services LLC (668) | 12/16/15 | 4861 | Neil Wiley | $7,500.00 | |

| Check Date | Paying Account | Clear Date | Type/Ck # | Payee | Withdrawal | Description |
|---|---|---|---|---|---|---|
| 12/30/15 | American Underwriting Services LLC (668) | 12/31/15 | 4862 | Neil Wiley | $7,500.00 | |
| 01/08/16 | American Underwriting Services LLC (668) | 01/11/16 | 4863 | Neil Wiley | $1,751.00 | |
| 01/15/16 | American Underwriting Services LLC (668) | 01/19/16 | 4864 | Neil Wiley | $7,500.00 | |
| 01/29/16 | American Underwriting Services LLC (668) | 02/01/16 | 4865 | Neil Wiley | $7,500.00 | |
| 02/08/16 | American Underwriting Services LLC (668) | 02/09/16 | 4933 | Neil Wiley | $1,707.15 | |
| 02/16/16 | American Underwriting Services LLC (668) | 02/17/16 | 4934 | Neil Wiley | $7,500.00 | |
| 02/29/16 | American Underwriting Services LLC (668) | 03/01/16 | 4935 | Neil Wiley | $7,500.00 | |
| 03/15/16 | American Underwriting Services LLC (668) | 03/16/16 | 4936 | Neil Wiley | $7,500.00 | |
| 03/21/16 | American Underwriting Services LLC (668) | 03/22/16 | 4937 | Neil Wiley | $1,381.18 | |
| 03/30/16 | American Underwriting Services LLC (668) | 03/31/16 | 4938 | Neil Wiley | $7,500.00 | |
| 04/15/06 | American Underwriting Services LLC (668) | 04/18/16 | 4939 | Neil Wiley | $7,500.00 | |
| 04/19/16 | American Underwriting Services LLC (668) | 05/02/16 | 4940 | Neil Wiley | $7,500.00 | |
| 05/09/16 | American Underwriting Services LLC (668) | 05/10/16 | 4941 | Neil Wiley | $1,396.79 | |
| 05/16/16 | American Underwriting Services LLC (668) | 05/17/16 | 4942 | Neil Wiley | $7,500.00 | |
| 05/31/16 | American Underwriting Services LLC (668) | 06/01/16 | 4943 | Neil Wiley | $7,500.00 | |
| 06/15/16 | American Underwriting Services LLC (668) | 06/16/16 | 5004 | Neil Wiley | $7,500.00 | |
| 06/20/16 | American Underwriting Services LLC (668) | 06/22/16 | 5005 | Neil Wiley | $1,388.00 | |
| 06/30/01 | American Underwriting Services LLC (668) | 07/01/16 | 5006 | Neil Wiley | $7,500.00 | |
| 07/15/16 | American Underwriting Services LLC (668) | 07/19/16 | 5007 | Neil Wiley | $7,500.00 | |
| 07/29/16 | American Underwriting Services LLC (668) | 08/01/16 | 5008 | Neil Wiley | $7,500.00 | |
| 08/15/16 | American Underwriting Services LLC (668) | 08/16/16 | 5009 | Neil Wiley | $7,500.00 | |
| 08/30/16 | American Underwriting Services LLC (668) | 08/31/16 | 5010 | Neil Wiley | $7,500.00 | |
| 09/15/16 | American Underwriting Services LLC (668) | 09/16/16 | 5011 | Neil Wiley | $7,500.00 | |
| 09/23/16 | American Underwriting Services LLC (668) | 09/26/16 | 5025 | Neil Wiley | $1,139.70 | |
| 09/30/16 | American Underwriting Services LLC (668) | 10/03/16 | 5026 | Neil Wiley | $7,500.00 | |
| 10/14/16 | American Underwriting Services LLC (668) | 10/17/16 | 5027 | Neil Wiley | $7,500.00 | |
| 10/28/16 | American Underwriting Services LLC (668) | 10/31/16 | 5028 | Neil Wiley | $7,500.00 | |
| 11/15/16 | American Underwriting Services LLC (668) | 11/16/16 | 5029 | Neil Wiley | $7,500.00 | |
| 11/30/16 | American Underwriting Services LLC (668) | 12/01/16 | 5012 | Neil Wiley | $7,500.00 | |
| 12/15/16 | American Underwriting Services LLC (668) | 12/16/16 | 5243 | Neil Wiley | $7,500.00 | |
| 12/20/16 | American Underwriting Services LLC (668) | 01/03/17 | 5244 | Neil Wiley | $7,500.00 | |
| 01/13/17 | American Underwriting Services LLC (668) | 01/17/17 | 5245 | Neil Wiley | $7,500.00 | |
| 12/30/17 | American Underwriting Services LLC (668) | 01/31/17 | 5246 | Neil Wiley | $7,500.00 | |
| 02/15/17 | American Underwriting Services LLC (668) | 02/16/17 | 5247 | Neil Wiley | $7,500.00 | |
| 02/28/17 | American Underwriting Services LLC (668) | 03/01/17 | 5248 | Neil Wiley | $7,500.00 | |
| 03/15/17 | American Underwriting Services LLC (668) | 03/16/17 | 5249 | Neil Wiley | $7,500.00 | |
| 03/30/17 | American Underwriting Services LLC (668) | 03/31/17 | 5250 | Neil Wiley | $7,500.00 | |
| 04/14/17 | American Underwriting Services LLC (668) | 04/17/17 | 5280 | Neil Wiley | $7,500.00 | |
| 04/28/17 | American Underwriting Services LLC (668) | 05/01/17 | 5281 | Neil Wiley | $7,500.00 | |
| 05/17/17 | American Underwriting Services LLC (668) | 05/16/17 | 5282 | Neil Wiley | $7,500.00 | Buyout |
| 05/30/17 | American Underwriting Services LLC (668) | 05/31/17 | 5013 | Neil Wiley | $7,500.00 | Buyout |
| 06/15/17 | American Underwriting Services LLC (668) | 06/16/17 | 5283 | Neil Wiley | $7,500.00 | Buyout |
| 06/30/17 | American Underwriting Services LLC (668) | 07/03/17 | 5284 | Neil Wiley | $7,500.00 | Buyout |
| 07/17/17 | American Underwriting Services LLC (668) | 07/18/17 | 5285 | Neil Wiley | $7,500.00 | Buyout |
| 07/31/17 | American Underwriting Services LLC (668) | 08/01/17 | 5251 | Neil Wiley | $7,500.00 | Buyout |
| 08/15/17 | American Underwriting Services LLC (668) | 08/16/17 | 5252 | Neil Wiley | $7,500.00 | Buyout |
| 08/30/17 | American Underwriting Services LLC (668) | 08/31/17 | 5413 | Neil Wiley | $7,500.00 | Buyout |
| 07/15/17 | American Underwriting Services LLC (668) | 09/18/17 | 5414 | Neil Wiley | $7,500.00 | Buyout |
| 09/29/17 | American Underwriting Services LLC (668) | 10/02/17 | 5415 | Neil Wiley | $7,500.00 | |
| 10/10/17 | American Underwriting Services LLC (668) | 10/17/17 | 5416 | Neil Wiley | $7,500.00 | |
| 10/30/17 | American Underwriting Services LLC (668) | 10/31/17 | 5417 | Neil Wiley | $7,500.00 | |
| 11/16/17 | American Underwriting Services LLC (668) | 11/17/17 | 5418 | Neil Wiley | $7,500.00 | Buyout |
| 11/30/17 | American Underwriting Services LLC (668) | 12/05/17 | 5540 | Neil Wiley | $7,500.00 | Buyout |
| 12/21/17 | TW3 Transportation LLC | 12/22/17 | 2447 | Neil Wiley | $20,000.00 | |
| 12/26/17 | TW3 Transportation LLC | 12/27/17 | 2409 | Neil Wiley | $5,000.00 | |
| | The Wiley Group (1) | 01/03/18 | 1001 | Neil Wiley | $7,500.00 | Buyout |
| | The Wiley Group (1) | 01/12/18 | 1010 | Neil Wiley | $7,500.00 | Buyout |
| | The Wiley Group (1) | 01/30/18 | 1027 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/02/18 | 1029 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/09/18 | 1030 | Neil Wiley | $3,500.00 | Buyout |

| Check Date | Paying Account | Clear Date | Type/Ck # | Payee | Withdrawal | Description |
|---|---|---|---|---|---|---|
| | The Wiley Group (1) | 02/16/18 | 1031 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 02/23/18 | 1032 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/09/18 | 1085 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/16/18 | 1086 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/23/18 | 1087 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 03/30/18 | 1088 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/06/18 | 1049 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/13/18 | 1050 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/20/18 | 1051 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 04/29/18 | 1052 | Neil Wiley | $3,500.00 | Buyout |
| | The Wiley Group (1) | 05/07/18 | 1089 | Neil Wiley | $15,000.00 | Buyout |
| | | | | | $844,389.80 | |

(1) Per Attachment to the Statement of Financial Affairs (Doc. No. 1, Page 113). Clear Date may be check date.

Exhibit F

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 06/26/15 | Transfer | TW3 Transportation LLC | $20,000.00 | |
| 07/16/15 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 07/20/15 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 07/20/15 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 08/05/15 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 09/01/15 | Transfer | TW3 Transportation LLC | $20,000.00 | |
| 10/15/15 | Transfer | TW3 Transportation LLC | $6,000.00 | |
| 11/02/15 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/20/15 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/20/15 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 12/04/15 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 01/11/16 | Transfer | TW3 Transportation LLC | $12,000.00 | |
| 01/13/16 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 01/14/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 01/14/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 01/15/16 | Transfer | TW3 Transportation LLC | $6,000.00 | |
| 01/22/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 01/22/16 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 01/26/16 | Transfer | TW3 Transportation LLC | $12,000.00 | |
| 02/02/16 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 02/05/16 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 02/08/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/17/16 | Transfer | TW3 Transportation LLC | $1,000.00 | |
| 02/18/16 | Transfer | TW3 Transportation LLC | | $3,000.00 |
| 03/04/16 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 03/18/16 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 03/22/16 | Transfer | TW3 Transportation LLC | | $10,000.00 |
| 03/25/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/28/16 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 04/01/16 | Transfer | TW3 Transportation LLC | $6,000.00 | |
| 05/02/16 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 05/03/16 | Transfer | TW3 Transportation LLC | | $4,000.00 |
| 05/16/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 05/20/16 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 05/24/16 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 05/25/16 | Transfer | TW3 Transportation LLC | | $2,500.00 |
| 06/03/16 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 06/17/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 06/24/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 07/05/16 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 07/05/16 | Transfer | TW3 Transportation LLC | | $11,000.00 |
| 07/08/16 | Transfer | TW3 Transportation LLC | $3,000.00 | |

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 07/11/16 | Transfer | TW3 Transportation LLC | | $3,000.00 |
| 07/22/16 | Transfer | TW3 Transportation LLC | $12,000.00 | |
| 07/25/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 08/01/16 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 08/05/16 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 08/12/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 08/15/16 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 08/19/16 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 08/22/16 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 08/23/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 08/26/16 | Transfer | TW3 Transportation LLC | $11,000.00 | |
| 08/29/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 09/06/16 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 09/07/16 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 09/09/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 09/12/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 09/23/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 09/26/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 09/30/16 | Transfer | TW3 Transportation LLC | $13,000.00 | |
| 10/03/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 10/07/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 10/07/16 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 10/12/16 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 10/17/16 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 10/20/16 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 10/21/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 10/31/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/02/16 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 11/04/16 | Transfer | TW3 Transportation LLC | $12,000.00 | |
| 11/14/16 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 11/18/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/21/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/23/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 11/25/16 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 11/28/16 | Transfer | TW3 Transportation LLC | $8,000.00 | |
| 12/27/16 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 12/28/16 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 12/28/16 | Transfer | TW3 Transportation LLC | $7,000.00 | |
| 12/29/16 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 12/30/16 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 01/04/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 01/13/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 01/17/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 01/20/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 01/23/17 | Transfer | TW3 Transportation LLC | $1,000.00 | |
| 01/23/17 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 01/23/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 01/30/17 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 01/30/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/03/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/06/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/06/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 02/07/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 02/10/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/13/17 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 02/15/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 02/21/17 | Transfer | TW3 Transportation LLC | | $6,500.00 |
| 02/21/17 | Transfer | TW3 Transportation LLC | | $25,000.00 |
| 03/03/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/06/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/06/17 | Transfer | TW3 Transportation LLC | | $2,500.00 |
| 03/10/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/20/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/27/17 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 03/28/17 | Transfer | TW3 Transportation LLC | | $4,000.00 |
| 04/03/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 04/03/17 | Transfer | TW3 Transportation LLC | | $3,000.00 |
| 04/07/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 04/07/17 | Transfer | TW3 Transportation LLC | $8,500.00 | |
| 04/10/17 | Transfer | TW3 Transportation LLC | | $4,000.00 |
| 04/11/17 | Transfer | TW3 Transportation LLC | $11,000.00 | |
| 04/14/17 | Transfer | TW3 Transportation LLC | $8,000.00 | |
| 04/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 04/20/17 | Transfer | TW3 Transportation LLC | $2,200.00 | |
| 04/21/17 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 04/24/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 04/28/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 05/01/17 | Transfer | TW3 Transportation LLC | $8,000.00 | |
| 05/12/17 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 05/15/17 | Transfer | TW3 Transportation LLC | $6,000.00 | |
| 05/22/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 05/22/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 05/26/17 | Transfer | TW3 Transportation LLC | $6,000.00 | |

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 05/30/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 05/30/17 | Transfer | TW3 Transportation LLC | | $2,500.00 |
| 06/05/17 | Transfer | TW3 Transportation LLC | $8,000.00 | |
| 06/05/17 | Transfer | TW3 Transportation LLC | | $6,000.00 |
| 06/14/17 | Transfer | TW3 Transportation LLC | | $10,000.00 |
| 06/16/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 06/19/17 | Transfer | TW3 Transportation LLC | | $500.00 |
| 06/22/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 06/26/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 06/30/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 07/06/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 07/07/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 07/17/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 07/19/17 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 07/21/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 07/25/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 07/28/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 07/28/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 08/01/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 08/11/17 | Transfer | TW3 Transportation LLC | $13,000.00 | |
| 08/14/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 08/18/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 08/21/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 08/21/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 08/21/17 | Transfer | TW3 Transportation LLC | | $5,000.00 |
| 08/21/17 | Transfer | TW3 Transportation LLC | | $7,500.00 |
| 08/25/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 09/01/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 09/05/17 | Transfer | TW3 Transportation LLC | $1,000.00 | |
| 09/05/17 | Transfer | TW3 Transportation LLC | | $1,000.00 |
| 09/05/17 | Transfer | TW3 Transportation LLC | | $7,500.00 |
| 09/07/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 09/08/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 09/25/17 | Transfer | TW3 Transportation LLC | | $12,000.00 |
| 09/26/17 | Transfer | TW3 Transportation LLC | | $1,500.00 |
| 09/28/17 | Transfer | TW3 Transportation LLC | $12,000.00 | |
| 09/29/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 10/13/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 10/16/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 10/17/17 | Transfer | TW3 Transportation LLC | | $2,500.00 |
| 10/27/17 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 10/27/17 | Transfer | TW3 Transportation LLC | $14,000.00 | |
| 11/03/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|------------|-----------|---------------|-----------|---------|
| 11/15/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 11/17/17 | Transfer | TW3 Transportation LLC | $9,000.00 | |
| 11/24/17 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 11/28/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 12/04/17 | Transfer | TW3 Transportation LLC | | $2,000.00 |
| 12/08/17 | Transfer | TW3 Transportation LLC | $2,500.00 | |
| 12/11/17 | Transfer | TW3 Transportation LLC | $500.00 | |
| 12/15/17 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 12/21/17 | Transfer | TW3 Transportation LLC | $4,000.00 | |
| 12/26/17 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 12/29/17 | Transfer | TW3 Transportation LLC | $7,500.00 | |
| 01/05/18 | Transfer | TW3 Transportation LLC | $15,000.00 | |
| 02/09/18 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 02/23/18 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 03/19/18 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 03/20/18 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 03/21/18 | Transfer | TW3 Transportation LLC | | $2,000.00 |
| 03/30/18 | Transfer | TW3 Transportation LLC | $3,000.00 | |
| 04/12/18 | Transfer | TW3 Transportation LLC | $5,000.00 | |
| 04/30/18 | Transfer | TW3 Transportation LLC | $2,000.00 | |
| 05/01/18 | Transfer | TW3 Transportation LLC | $10,000.00 | |
| 05/04/18 | Transfer | TW3 Transportation LLC | $3,500.00 | |
| | | | $978,700.00 | $183,500.00 |
| | | Net: | | $795,200.00 |

Exhibit F

| Clear Date | Type/Ck # | Payee / Payer | Withdrawal | Deposit |
|---|---|---|---|---|
| 07/10/15 | Transfer | TW3 Logistics LLC | $5,000.00 | |
| 07/14/15 | Transfer | TW3 Logistics LLC | $5,000.00 | |
| 07/16/15 | Transfer | TW3 Logistics LLC | $10,000.00 | |
| 07/29/15 | Transfer | TW3 Logistics LLC | $3,000.00 | |
| 11/20/15 | Transfer | TW3 Logistics LLC | $4,000.00 | |
| 12/03/15 | Transfer | TW3 Logistics LLC | $2,500.00 | |
| 01/14/16 | Transfer | TW3 Logistics LLC | $4,000.00 | |
| 01/27/16 | Transfer | TW3 Logistics LLC | $1,000.00 | |
| 02/05/16 | Transfer | TW3 Logistics LLC | $1,200.00 | |
| 03/17/16 | Transfer | TW3 Logistics LLC | $2,200.00 | |
| 07/21/16 | Transfer | TW3 Logistics LLC | $1,000.00 | |
| 09/13/16 | Transfer | TW3 Logistics LLC | $5,000.00 | |
| 09/29/16 | Transfer | TW3 Logistics LLC | $2,200.00 | |
| 11/23/16 | Transfer | TW3 Logistics LLC | $2,200.00 | |
| 03/10/17 | Transfer | TW3 Logistics LLC | $500.00 | |
| 06/22/17 | Transfer | TW3 Logistics LLC | $2,200.00 | |
| 09/25/17 | Transfer | TW3 Logistics LLC | | $500.00 |
| 10/13/17 | Transfer | TW3 Logistics LLC | $300.00 | |
| 10/13/17 | Transfer | TW3 Logistics LLC | $1,000.00 | |
| 11/03/17 | Transfer | TW3 Logistics LLC | $500.00 | |
| 04/06/18 | Transfer | TW3 Logistics LLC | | $300.00 |
| 04/19/18 | Transfer | TW3 Logistics LLC | $2,000.00 | |
| 04/26/18 | Transfer | TW3 Logistics LLC | $2,500.00 | |
| | | | $57,300.00 | $800.00 |

Net:  $56,500.00