**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 7** |
| | § | |
| **AMERICAN UNDERWRITING** | § | **Case No. 18-58406-SMS** |
| **SERVICES, LLC,** | § | |
| | § | |
| Debtor. | § | |

## NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING

**PLEASE TAKE NOTICE** that S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of American Underwriting Services, LLC, Debtor in the above captioned case, filed an *Objection by Trustee to the Administrative Expense Claim Asserted by the AIG Entities* (the "**Objection**") on August 31, 2020.[1]

Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within thirty (30) days from the date of service of this notice. **If you object to the relief requested in the Objection, you must timely file your objection with the Bankruptcy Clerk** at: Bankruptcy Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive Street, SW, Atlanta, Georgia 30303, and serve a copy on the counsel for the Trustee at: Law Offices of Henry F. Sewell Jr., LLC, c/o Henry F. Sewell, Jr., Esq., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, Georgia, 30305 and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Objection has been scheduled for **10:30 a.m.** on **October 7, 2020**, in **Courtroom 1201**, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303. If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

---

[1] The Objection is on file with the Clerk of the Court at the address set forth below and is available for review between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users) or a copy may be obtained from counsel for the Trustee identified below.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: August 31, 2020.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 7** |
| | § | |
| **AMERICAN UNDERWRITING** | § | **Case No. 18-58406-SMS** |
| **SERVICES, LLC,** | § | |
| | § | |
| _____Debtor._____ | § | |

**OBJECTION BY TRUSTEE TO THE ADMINISTRATIVE EXPENSE CLAIM**
**ASSERTED BY THE AIG ENTITIES**

COMES NOW, S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Bankruptcy Case**"), by and through counsel, and hereby files this _Objection by Trustee to the Administrative Expense Claim Asserted by the AIG Entities_ (the "**Objection**") to object to the _Request for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503_ [Doc. No. 179] (the "**AIG Claim**") submitted by Granite State Insurance Company, Illinois National Company, New Hampshire Insurance Company, The Insurance Company of the State of Pennsylvania, and certain other entities related to AIG Property Casualty Inc. (collectively, the "**AIG Entities**"). In support thereof, the Trustee respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested herein are Sections 105, 502, and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## PROCEDURAL BACKGROUND

3.      On May 18, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**"). On June 27, 2018, the United States Trustee filed a notice of appointment of Chapter 11 Trustee pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the bankruptcy estate of the Debtor.

4.      On August 1, 2018, the Court converted the Case to a proceeding under Chapter 7 effective July 27, 2018 [Doc. No. 106] and directed the United States Trustee to appoint a trustee in the Chapter 7 Case.

5.      On August 13, 2018, the United States Trustee filed a Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors [Doc. No. 108] in which S. Gregory Hays was appointed as interim trustee in the Chapter 7 Case. The Trustee remains the duly acting Chapter 7 trustee for the bankruptcy estate of the Debtor.

6.      On December 13, 2018, the Court entered a certain *Bar Order Establishing Deadline for Filing Requests for Payment of Administrative Expense Claims, Including Claims Pursuant to 11 U.S.C. § 503(b)(9)* that required certain requests for allowance of administrative claims to be submitted by January 31, 2019 [Doc. No. 165].

## ADMINISTRATIVE EXPENSE CLAIM SUBJECT TO OBJECTION

7.      The Trustee is in the process of reviewing all requests that have been submitted to the Trustee for allowance and payment of asserted administrative expense claims pursuant to 11

U.S.C. § 503. As part of this review, the Trustee determined that the full AIG Claim is not entitled to treatment as an administrative expense under 11 U.S.C. § 503 and, as such, should be disallowed as an administrative expense claim and/or reduced to only $5,629.03.

**A.  The Trustee Attempted to Resolve This Matter Without Filing A Formal Objection.**

8.      Prior to filing this Objection, the Trustee attempted to resolve this matter without filing a formal objection.

9.      On January 30, 2019, AIG Entities filed the AIG Claim in which the AIG Entities asserted an administrative expense claim related to insurance premiums in the amount of $212,999.55. Since the AIG Claim includes a schedule that references many transactions that that do not constitute an outstanding administrative claim either since such transactions occurred before the Petition Date of May 18, 2018, have been satisfied by payment to the AIG Entities, or represent transactions for which the Debtor did not collect a premium, counsel for the Trustee contacted counsel for the AIG Entities to obtain further information.

10.     As the Trustee was waiting for the AIG Entities to produce the additional information requested by the Trustee related to the AIG Claim, the accountant for the Trustee prepared, based on available information, an analysis of the AIG Claim indicating that the AIG Entities are entitled to an administrative claim of only $5,629.03. Based on such analysis, on May 20, 2019, counsel for the Trustee informed counsel for the AIG Entities that: a) a majority of the AIG Claim has already been paid to the AIG Entities or represents commissions that the Debtor was entitled to retain; and b) only the amount of $5,629.03 of the AIG Claim should be allowed as an administrative expense claim. After counsel for the AIG Entities requested and received clarification regarding the analysis by the Trustee of the AIG Claim, the AIG Entities failed to provide any documentation contradicting the analysis or conclusion of the Trustee that:

a) the AIG Claim should only be allowed in the amount of $5,629.03; and b) the remaining amount of the AIG Claim does not qualify as an administrative expense claim pursuant to section 503 of the Bankruptcy Code and should be denied as an administrative expense if it is not withdrawn.

11.    A copy of the most recent analysis by the Trustee of the AIG Claim is attached hereto as **Exhibit A** and is incorporated herein by reference.

12.    On February 17, 2020, and March 11, 2020, in an attempt to resolve this matter without a formal objection, counsel for the Trustee issued correspondence to counsel for the AIG Entities to determine how the AIG Entities would prefer to proceed. Counsel for the Trustee ultimately received a response on March 16, 2020; however, the matter was not resolved as counsel for the AIG Entities indicated that the AIG Entities needed more time to confirm how it wanted to proceed.  On May 12, 2020, counsel for the AIG Entities requested further information regarding an account. Such inquiry was addressed on May 27, 2020, with counsel for the Trustee resending a statement related to the account and the accountant for the Trustee subsequently confirming on May 30, 2020, that the Trustee did not have any additional statements related to the account. The Trustee has not received an update from the AIG Entities since such time.

13.    As of the date of this Objection, the AIG Entities have failed to: a) provide the Trustee with any information contradicting the determination of the Trustee; b) voluntarily withdraw the AIG Claim; or c) agree to a consent order to provide for the allowance of the AIG Claim in the amount of only $5,629.03.

   **B.  The AIG Claim Should be Denied as an Administrative Expense and/or Reduced to $5,629.03.**

14.    Prior to the Petition Date, the Debtor provided liability insurance products—as a program underwriter based in Atlanta, Georgia—for the trucking and transportation industry,

including with regard to commercial auto liability, motor truck cargo, auto physical damage, property, and general liability products.

15.     As part of the operations of the Debtor, the Debtor was responsible for collecting and remitting certain premiums to applicable insurance companies. While the Debtor did collect certain premiums, the Debtor did not maintain premium funds collected prior to the Petition Date in segregated fiduciary accounts. Instead, the premium funds collected prior to the Petition Date were comingled with other funds and used by James Russell Wiley and Neil Wiley for corporate and personal uses without regard to the source of the funds. After the Petition Date, the Debtor held all premiums, return premiums, or other funds belonging to insurers that were received by the Debtor in trust and turned over such proceeds as appropriate.

16.     The AIG Entities were among the parties who conducted business with the Debtor prior to the Petition Date. The Trustee objects to the AIG Claim because the documentation attached to the AIG Claim indicates that a portion of the AIG Claim seeks the payment of pre-petition obligations by seeking the turnover of premiums due prior to the Petition Date. There is no basis to treat as an administrative expense claim the portion of the AIG Claim seeking the repayment as prepetition obligations.

17.     The Trustee further objects to the AIG Claim to the extent that the Debtor did not receive applicable premiums or where premiums have already been paid to the AIG Entities. To the extent that any premiums were collected post-petition, based on information available to the Trustee, the net due has already been paid to the AIG Entities other than the portion in the amount of $5,629.03. During the course of the Bankruptcy Case, the AIG Entities received payments as set forth on the schedule attached as **Exhibit A** hereto. The AIG Entities do not

account for such payments in the schedule attached to the AIG Claim and have failed to update the AIG Claim to reflect such information.

18.    The Trustee maintains that the AIG Claim should be disallowed and/or reduced and allowed only in the amount of $5,629.03 and, to that extent, the Trustee hereby objects to the AIG Claim for having been improperly asserted as an administrative expense in the Bankruptcy Case or filed in an amount that is in excess of an allowable administrative expense claim against the Debtor.

## RELIEF REQUESTED

19.    Pursuant to this Objection, the Trustee respectfully requests that this Court: a) disallow the AIG Claim and/or reduce and allow the AIG Claim only in the amount of $5,629.03; b) find that the AIG Entities are only entitled to receive a distribution on the AIG Claim in the amount of $5,629.03; and c) grant the Trustee such other and further relief as the Court may deem just and proper.

## BASIS FOR RELIEF

20.    To qualify as an administrative expense claim in the Bankruptcy Case, a claim must arise after the Petition Date and be related to costs that are necessary to preserve the estate. *See In re Hackney*, 351 B.R. 179, 184 (Bankr. N.D. Ala. 2006) (concluding that "to qualify for 'administrative expense' status under section 503(b), 'either as a nonlisted 'actual, necessary' expense of preserving the estate under 503(b)(1)(A) or as a nonlisted administrative expense under 503(b) in general . . .,' an expenditure must have occurred, or an obligation must have been incurred, postpetition").

21.    The Trustee has determined that there is no basis for treating the AIG Claim as an administrative expense in the Bankruptcy Case other than in the amount of only $5,629.03.

Indeed, the obligation underlying the AIG Claim arose prior to the Petition Date and is not related to costs that were necessary to preserve the estate and, as such, does not constitute an administrative expense claim. Under the circumstances, the full AIG Claim cannot be treated as an administrative expense claim against the Estate and is, at best, an administrative claim in the amount of only $5,629.03.

22.    Accordingly, the Trustee hereby objects to the allowance of the AIG Claim as an administrative expense claim in the Bankruptcy Case other than in the amount of only $5,629.03 and respectfully requests that the AIG Claim be disallowed as an administrative expense claim and/or reduced and allowed in an amount of only $5,629.03.

23.    The Trustee reserves the right to: a) object further to the AIG Claim on any and all additional factual or legal grounds and object to any other claim asserted by the AIG Entities; and b) object to any other claims filed in the Bankruptcy Case. Without limiting the generality of the foregoing, the Trustee specifically reserves the right to: a) supplement, modify, or amend this Objection; b) file additional papers in support of this Objection as the Trustee deems appropriate; c) object to the AIG Claim on other grounds not stated herein; and d) take appropriate action to: i) respond to any allegation or defense that may be raised in a response filed by or on behalf of AIG Entities or other interested parties; and/or ii) further object to the AIG Claim based on additional information that may be produced to or discovered by the Trustee.

**WHEREFORE**, the Trustee requests that the Court:

1.    Sustain this Objection;

2.    Grant the relief requested in this Objection with regard to the AIG Claim and enter an order, substantially in the form as the proposed order attached as **<u>Exhibit B</u>** hereto, disallowing the AIG Claim and/ reducing the AIG Claim to only $5,629.03; and

3.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 31st day of August, 2020.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

**Exhibit A**
**(Analysis of AIG Claim)**

| Insured | Payment Due Date | Transaction Type | Amount Due | Pre-Petition | Adj for Commission Earned by AUS | Paid to AIG | Adjustment | Admin Claim | Comment |
|---|---|---|---|---|---|---|---|---|---|
| GREEN GLOBE INC - P0068378--027 | 5/31/2018 | Renewal | $1,686.00 | $1,686.00 | | | | $0.00 | Pre petition per former AUS employee Michelle Madison |
| JUAN FUENTES--P0068378--027 | 5/31/2018 | Administrative Fees | $2.00 | $2.00 | | | | $0.00 | Pre petition per former AUS employee Michelle Madison |
| JUAN FUENTES--P0068378--027 | 5/31/2018 | Endorsements | $4,217.00 | $4,217.00 | | | | $0.00 | Pre petition per former AUS employee Michelle Madison |
| S&S HAULING SERVICES-P0068378--027 | 5/31/2018 | New Business | $13,398.00 | $12,768.98 | | $629.02 | | $0.00 | Trustee paid $629.02 in November 2018. Balance of amount shown by AIG is pre-petition |
| S&S HAULING SERVICES--P0068378--027 | 5/31/2018 | Taxes | $0.00 | | | | | $0.00 | n/a |
| GREEN GLOBE INC --P0068378--027 | 5/31/2018 | Renewal | $94,857.00 | $94,857.00 | | | | $0.00 | Pre petition per former AUS employee Michelle Madison |
| ACR TRUCKING, INC. --P0068378--027 | 5/31/2018 | Administrative Fees | $2.00 | | | | | $2.00 | |
| ACR TRUCKING, INC. --P0068378--027 | 5/31/2018 | Endorsements | $542.00 | | $79.30 | $462.70 | | $0.00 | AUS paid $462.70 to AIG on 6/21/18, which represents net owed to AIG after commission. |
| SPEED STAR EXPRESS L--P0068378--027 | 5/31/2018 | Endorsements | $1,517.00 | | | | $1,517.00 | $0.00 | No $ received per former AUS employee Michelle Madison |
| STEVE HOADE TRUCKING--P0068378--027 | 6/15/2018 | Endorsements | $75.00 | | | | | $75.00 | No endorsement billed for this amount per former AUS Employee Michelle Madison |
| BERNARDO L BENITEZ R--P0068378-027 | 6/29/2018 | New Business | $4,727.85 | | $4,727.85 | | | $0.00 | $26,807.15 paid to AIG on 6/21/18. $4,727.85 listed by AIG represents AUS commission. |
| BERNARDO L BENITEZ R-P0068378-027 | 6/29/2018 | Taxes | $0.00 | | | | | $0.00 | n/a |
| RICARDO CARRENO -P0068378--027 | 6/29/2018 | New Business | $8,521.75 | | $1,278.26 | $1,620.46 | | $5,623.03 | $1,335.52 paid on 6/14/18 and $284.94 paid in November 2018. |
| ISMAEL GONZALEZ JR D-P0068378--027 | 6/29/2018 | Nw | $5,514.00 | | $825.10 | $4,688.90 | | $0.00 | Trustee paid $4,688.90 to AIG in Nov. 2018, which represents net owed to AIG after commission |
| ISMAEL GONZALEZ JR D--P0068378--027 | 6/29/2018 | Taxes | $0.00 | | | | | $0.00 | n/a |
| ACR TRUCKING INC -P0068378--027 | 6/29/2018 | Renewal | $7,727.10 | | $7,727.10 | | | $0.00 | AUS paid $75,401 on 6/21. Amout listed by AIG represent AUS commission. |
| ACR TRUCKING INC -P0068378--027 | 6/29/2018 | Taxes | $0.00 | | | | | $0.00 | n/a |
| GREEN FREIGHT SYSTEM--P0068378--027 | 6/29/2018 | Renewal | $6,669.85 | | $6,669.85 | | | $0.00 | AUS paid $37,929.15 on 6/21. $6,669.85 listed by AIG represent AUS commission. |
| GREEN FREIGHT SYSTEM--P0068378--027 | 6/29/2018 | Taxes | $0.00 | | | | | $0.00 | n/a |
| TIME TRANSPORTATION --P0068378--027 | 7/13/2018 | Renewal | $6,228.00 | | $778.53 | $5,449.47 | | $0.00 | Trustee paid $5,449.47 to AIG in Nov. 2018, which represents net owed to AIG after commission |
| ACR TRUCKING, INC. --P0068378--027 | 7/13/2018 | Administrative Fees | $2.00 | | | | | $2.00 | |
| CENTENNIAL SOUTHERN --P0068378--027 | 7/13/2018 | Renewal | $38,182.00 | | $4,459.52 | $33,722.48 | | $0.00 | Trustee paid $33,722.48 to AIG in Nov. 2018, which represents net owed to AIG after commission |
| AM TRUCKING INC --P0068378--027 | 7/13/2018 | Endorsements | $0.00 | | | | | $0.00 | n/a |
| S & L TRUCKING, INC --P0068378--027 | 7/13/2018 | Administrative Fees | $2.00 | | | | | $2.00 | |
| S & L TRUCKING, INC --P0068378--027 | 7/13/2018 | Endorsements | $2,347.00 | | $350.05 | $1,996.95 | | $0.00 | Trustee paid $1,996.95 to AIG in Nov. 2018, which represents net owed to AIG after commission |
| General Service Comp--P0068378--027 | 7/13/2018 | Endorsements | $2,342.00 | | | | $2,342.00 | $0.00 | No evidence of collection of premiums by AUS from insured. |
| BERNARDO L BENITEZ R--P0068378-027 | 8/15/2018 | Administrative Fees | $4.00 | | | | | $4.00 | Endorsement payment was due after AUS ceased operations. If paid, payment would have been directly to AIG. |
| BERNARDO L BENITEZ R--P0068378-027 | 8/15/2018 | Endorsements | $6,013.00 | | | | $6,013.00 | $0.00 | Endorsement payment was due after AUS ceased operations. If paid, payment would have been directly to AIG. |
| ANDCO. TRUCKING LLC --P0068378-027 | 8/15/2018 | Administrative Fees | $6.00 | | | $6.00 | | $0.00 | Trustee paid $442.90 to AIG in Nov. 2018, which represents net owed to AIG after commission |
| ANDCO. TRUCKING LLC --P0068378-027 | 8/15/2018 | Endorsements | $514.00 | | $77.10 | $436.90 | | $0.00 | Trustee paid $442.90 to AIG in Nov. 2018, which represents net owed to AIG after commission |
| TIME TRANSPORTATION P0068378-027 | 8/15/2018 | Renewal | $6,228.00 | | $747.73 | $5,480.27 | | $0.00 | Trustee paid $5,480.27 to AIG in Nov. 2018, which represents net owed to AIG after commission |
| SPEED STAR EXPRESS L--P0068378--027 | 8/15/2018 | Endorsements | $636.00 | | | | $636.00 | $0.00 | Endorsement payment was due after AUS ceased operations. If paid, payment would have been directly to AIG. |
| STEVE HOADE TRUCKING--P0068378--027 | 8/15/2018 | Administrative Fees | $2.00 | | | | $2.00 | $0.00 | Endorsement payment was due after AUS ceased operations. If paid, payment would have been directly to AIG. |
| STEVE HOADE TRUCKING--P0068378--027 | 8/15/2018 | Endorsements | $1,037.00 | | | | $1,037.00 | $0.00 | Endorsement payment was due after AUS ceased operations. If paid, payment would have been directly to AIG. |
| Total Post-Petition Claim $212,999.55 | | | | | | | | | |
| | | | $212,999.55 | $113,530.98 | $27,720.39 | $54,493.15 | $11,626.00 | $5,629.03 | |

**Exhibit B**
**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 7** |
| | § | |
| **AMERICAN UNDERWRITING** | § | **Case No. 18-58406-SMS** |
| **SERVICES, LLC,** | § | |
| | § | |
| Debtor. | § | |

**ORDER SUSTAINING OBJECTION BY TRUSTEE TO THE ADMINISTRATIVE**
**EXPENSE CLAIM ASSERTED BY THE AIG ENTITIES**

On August 31, 2020, S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Bankruptcy Case**"), filed an *Objection by Trustee to the Administrative Expense Claim Asserted by the AIG Entities* (Doc. No. ____, the "**Objection**"). The Objection seeks the entry of an Order disallowing the *Request for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503* [Doc. No. 179] (the "**AIG Claim**") submitted by Granite State Insurance Company, Illinois National Company, New Hampshire Insurance Company, The Insurance Company of the State of Pennsylvania, and

certain other entities related to AIG Property Casualty Inc. (collectively, the "**AIG Entities**") and/or reducing the AIG Claim to only $5,629.03.[1]

Also on August 31, 2020, counsel for the Trustee filed a notice setting the Objection and any responses thereto for hearing on October 7, 2020 (the "**Hearing**"). All requisite parties-in-interest had an opportunity to file a response to the Objection and attend the Hearing to support any asserted response to the Objection. No response to the Objection was filed and no creditor or party in interest appeared to oppose the relief requested in the Objection.

Having reviewed and considered the Objection and all other matters of records, including the lack of objection thereto, after due deliberation thereon and finding that good cause exists for the entry of this Order and that no further notice or opportunity for hearing is required, for good cause shown, it is hereby ORDERED that:

1.      The Objection is SUSTAINED and GRANTED;

2.      The AIG Claim is disallowed as an administrative expense and reduced to only $5,629.03;

3.      The AIG Entities are only entitled to receive a distribution on the AIG Claim in the amount of only $5,629.03;

4.      The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and

5.      The Court shall retain jurisdiction over the interpretation or the implementation of this Order.

***END OF ORDER***

---

[1] Capitalized, but undefined terms used herein shall have the meaning ascribed to such terms in the Objection.

Prepared and Presented by:

                                         LAW OFFICES OF HENRY F. SEWELL JR., LLC
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

**Identification of parties to be served:**

American Underwriting Services, LLC
1255 Roberts Blvd.
Suite 102
Kennesaw, GA 30144

Office of the U.S. Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

The AIG Entities
c/o Gregory M. Taube, Esq.
Nelson Mullins Rile & Scarborough LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 7** |
| | § | |
| **AMERICAN UNDERWRITING** | § | **Case No. 18-58406-SMS** |
| **SERVICES, LLC,** | § | |
| | § | |
| Debtor. | § | |

**CERTIFICATE OF SERVICE**

This is to certify that service of the foregoing *Objection by Trustee to the Administrative Expense Claim Asserted by the AIG Entities* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all registered parties who have filed appearances and requested notices in this case and by first class United States mail with adequate postage thereon or electronic mail, as indicated, to the following at the addresses stated below:

Office of the U.S. Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

The AIG Entities
c/o Gregory M. Taube, Esq.
Nelson Mullins Rile & Scarborough LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363

American Underwriting Services, LLC
1255 Roberts Blvd.
Suite 102
Kennesaw, GA 30144

Dated: August 31, 2020.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE