## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE:

AMERICAN UNDERWRITING
SERVICES, LLC,

Debtor.

§
§
§
§
§
§

CHAPTER 7

Case No. 18-58406-SMS

## NOTICE OF HEARING ON MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE AND GILLEN, WITHERS & LAKE, LLC AND CRAIG A. GILLEN

**PLEASE TAKE NOTICE THAT** S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**" or "**AUS**") in the above captioned case (the "**Case**") in the above styled bankruptcy case (the "**Case**") filed a *Motion For Approval of Compromise and Settlement Between Trustee and Gillen, Withers & Lake, LLC and Craig A. Gillen* (the "**Motion**"). The Motion is on file with the Clerk of the Court at the address set forth below and is available for review at the office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing (the "**Hearing**") to consider the Motion at **10:30 a.m.** on the **21st day of October, 2020,** in Courtroom 1201, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303.

Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the Hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the Hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive Street, SW, Atlanta, Georgia 30303. You should also mail a copy of your response to the undersigned at the addresses stated below.

**NOTICE IS HEREBY GIVEN THIS 25th day of September, 2020.**

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*

Henry F. Sewell, Jr.

Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for Plaintiff S. Gregory Hays, Chapter 7
Trustee for the bankruptcy estate of American
Underwriting Services, LLC, Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| AMERICAN UNDERWRITING | § | Case No. 18-58406-SMS |
| SERVICES, LLC, | § | |
| | § | |
| _____ Debtor. | § | |

## MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE AND GILLEN, WITHERS & LAKE, LLC AND CRAIG A. GILLEN

COMES NOW S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**" or "**AUS**") in the above captioned case (the "**Case**"), by and through counsel, and files this *Motion For Approval of Compromise and Settlement Between Trustee and Gillen, Withers & Lake, LLC and Craig A. Gillen* (the "**Motion**"), and in support thereof, the Trustee respectfully shows as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief sought herein are Section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### PROCEDURAL BACKGROUND

3.      On May 18, 2018 (the "**Petition Date**"), AUS—a limited liability company formed under the laws of the State of Georgia—filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Georgia

(the "**Court**"). On June 27, 2018, the United States Trustee filed a notice of appointment of Chapter 11 Trustee pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the bankruptcy estate of the Debtor.

4.  On August 1, 2018, the Court converted the Case to a proceeding under Chapter 7 effective July 27, 2018 [Doc. No. 106] and directed the United States Trustee to appoint a trustee in the Chapter 7 Case.

5.  On August 13, 2018, the United States Trustee filed a Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors [Doc. No. 108] in which S. Gregory Hays was appointed as interim trustee in the Chapter 7 Case. The Section 341(a) Meeting of Creditors was held and concluded and that the Trustee remains the duly acting Chapter 7 Trustee for the bankruptcy estate of AUS.

## FACTS SPECIFIC TO THIS COMPROMISE MOTION

6.  Prior to the Petition Date, the Debtor provided liability insurance products—as a program underwriter based in Atlanta, Georgia—for the trucking and transportation industry, including with regard to commercial auto liability, motor truck cargo, auto physical damage, property, and general liability products. The operations of the Debtor included at one time trucking specialists in 48 states.

7.  Upon information and belief, former insiders of the Debtor perpetrated a scheme whereby funds of AUS were diverted from AUS to pay Neil Wiley ("**Neil Wiley**") and James Russell Wiley ("**Russ Wiley**") (collectively, Neil Wiley and Russ Wiley are the "**Wileys**") and entities affiliated with the Wileys—The Wiley Group, Inc. (the "**Wiley Group**"), TW3 Transportation, LLC ("**TW3**"), TW3 Logistics LLC ("**TW3 Logistics**") and Transport South Insurance Agency, LLC ("**Transport South**") (collectively, the "**Related Entities**").

2

8.      Upon information and belief, funds of AUS in the amount of at least $50,000.00
were initially transferred to the Related Entities and then subsequently transferred to Gillen,
Withers & Lake, LLC ("GWL") to fund a retainer for personal services provided to Russ Wiley
by Craig A. Gillen ("Gillen"), a partner of GWL. More specifically, after funds of AUS were
transferred to the Wiley Group, GWL received on January 18, 2018, the amount of $50,000
incident to check no. 1002 from the Wiley Group (the "Transfer").

9.      Upon information and belief, the Debtor was insolvent at the time of the Transfer,
which preferred and enriched the Defendant and deprived creditors of AUS of their ability to
recover from AUS.

10.     Counsel for the Trustee issued correspondence to GWL to obtain the voluntary
turnover of the Transfer and the production of an accounting of any funds that GWL may have
received from the Debtor or the Related Entities. The Trustee asserted claims against GWL and
sought to recovery the Transfer and any funds that GWL may have received from the Debtor or
the Related Entities on the basis that such transfers were fraudulent conveyances and or otherwise
avoidable transfers under 11 U.S.C. §§ 544, 550, and 551 and O.C.G.A §§ 18-2-74 & 18-2-75
(hereinafter referred to as the "Estate Claims").

## PROPOSED COMPROMISE AND SETTLEMENT

11.     Following good faith and arms-length negotiations, the Trustee and GWL
(collectively, the Trustee and GWL are the "Parties") agreed, subject to approval by the Court,
to fully and finally compromise and settle claims arising from the Transfer pursuant to a settlement
(the "Settlement") that is memorialized in the Settlement Agreement attached hereto as **Exhibit
A** (the "Agreement"). The Settlement does not address or impact any claims that may be asserted
by the Trustee other than the Estate Claims.

3

12.     The terms of the proposed Settlement are as follows:

A.     Subject to the entry of the Approval Order (as defined below), GWL agrees to pay the Trustee for the benefit of the Estate a one-time payment of Ten Thousand Dollars ($10,000, the "**Settlement Payment**") by delivering the Settlement Payment to the Trustee on or before three (3) business days after the date that the Approval Order is entered by the Court. *See* Settlement Agreement ¶ 1. The receipt of the Settlement Payment by the Trustee shall constitute full and final settlement and resolution of any and all Estate Claims.

B.     The Trustee shall file this Motion seeking an order of the Court that approves the Settlement (the "**Approval Order**"). *See* Settlement Agreement ¶ 3.

C.     For and in consideration of among other benefits set forth in the Agreement, effective on the later of the Settlement Payment actually being received by the Trustee in good and clear funds or the Approval Order becoming final and non-appealable, GWL and Gillen release, waive and completely discharge the Debtor, Estate, Trustee and each of their respective current and former affiliates, successors, subsidiaries, parents, officers, directors, assigns, members, managers, attorneys, and financial advisors (collectively, the "**Trustee Group**"), of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, that GWL may now have or hereafter may have arising in the future, or may assert against any or all of the Trustee Group for any reason, under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or unsuspected, existing or not existing, accrued or not accrued, either arising out of, asserted or that could have been asserted by GWL or Gillen that relate, directly or indirectly, to the Estate Claims or any matters specifically attendant thereto that GWL or Gillen may presently possess; provided, however, that the obligations, agreements and rights created or expressly preserved in the Agreement are not released, discharged or waived (the

4

"**GWL Release**"). *See* Settlement Agreement ¶ 6.

    D.  For and in consideration of among other benefits set forth in the Agreement, effective on the later of the Settlement Payment actually being received by the Trustee in good and clear funds or the Approval Order becoming final and non-appealable, the Debtor, Estate, and Trustee (the "**Estate Group**") release and completely discharge GWL and Gillen and their current and former affiliates, related companies, successors, subsidiaries, parents, officers, directors, assigns, members, attorneys, and financial advisors (collectively the "**GWL Group**"), of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, which any of the Estate Group may now have or hereafter may have arising in the future, or may assert against any of the GWL Group, under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or unsuspected, existing or not existing, accrued or not accrued, either arising out of, asserted or which could have been asserted by the Estate Group that relate, directly or indirectly, to the Estate Claims or any matters specifically attendant thereto that the Estate Group may presently possess; provided, however, that the obligations, agreements and rights created or expressly preserved in the Agreement are not to be deemed released, discharged or waived (the "**Estate Release**"). *See* Settlement Agreement ¶ 7.

## **AUTHORITY AND ANALYSIS**

13.  By this Motion, the Trustee requests the entry of an order, substantially in the form as the proposed order attached as **Exhibit B** hereto, that approves the Settlement and authorizes the Trustee to provide the releases contained in the Settlement.

## **BASIS FOR RELIEF**

14.  This Court has the right and the power to approve the Settlement. *See* 11 U.S.C. § 105; FED. R. BANKR. P. 9019. Bankruptcy Rule 9019(a) provides, in pertinent part, "[o]n motion

by the trustee and after notice and a hearing, the court may approve a compromise or settlement."
FED. R. BANKR. P. 9019(a).

15.     The Trustee believes that the Settlement is in the best interests of the Estate and the
creditors thereof under the circumstances; thus, it should be approved. Settlements and
compromises are a "normal part of the process of reorganization." *See Case v. Los Angeles Lumber
Prods. Co.*, 308 U.S. 106, 130 (1939). The Supreme Court of the United States has further said:
"[i]n administering [Bankruptcy] Proceedings in an economical and practical manner, it will often
be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts."
*Protective Comm. for Stockholders of TMT Trailer Ferry, Inc. v. Anderson (In re TMT Trailer
Ferry, Inc.)*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d
10 (5th Cir. 1972). Settlements are "desirable and wise methods of bringing [closure] to . . .
proceedings otherwise lengthy, complicated and costly." *Matter of Jackson Brewing Co.*, 624 F.2d
599, 602 (5th Cir. 1980).

16.     Under Bankruptcy Rule 9019(a), this Court may approve a compromise or
settlement "on motion by the trustee and after a hearing on notice to creditors, the debtor and
indenture trustee." *TMT Trailer Ferry, Inc.*, 390 U.S. at 424. "In conducting a hearing under Rule
9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and
equitable, and in the best interests of the bankruptcy estate." *Id.* In making this determination, a
bankruptcy court is required to inform itself "of all facts necessary for an intelligent and objective
opinion of the probabilities of ultimate success should the claim be litigated." *Id.* To determine
whether a settlement should be approved under 9019, the Court should:

> form an educated estimate of the complexity, expense, and likely
> duration of such litigation, the possible difficulties of collecting on
> any judgment which might be obtained, and all other factors relevant
> to a full and fair assessment of the wisdom of the proposed

6

> compromise. Basic to this process in every instance, of course, is the
> need to compare the terms of the compromise with the likely
> rewards of the litigation.

*Id.* at 424-25.

17.     The decision whether to approve a particular settlement is within the discretion of

the bankruptcy court. "It must be remembered that the evaluation of any lawsuit is quite

problematic and calls for a significant degree of speculation." *Texas Extrusion Corp. v Lockheed*

*Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1159 (5th Cir. 1988). A reviewing court will

uphold the approval of a settlement if it is the result of "an adequate and intelligent consideration

of the merits of the claims, the difficulties of pursuing them, the potential harm to the debtor's

estate caused by delay, and the fairness of the terms of the settlement." *TMT Trailer Ferry, Inc.*,

390 U.S. at 434.

18.     The Eleventh Circuit has adopted the following factors to consider in evaluating a

proposed settlement or compromise:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be
> encountered in the matter of collection; (c) the complexity of the litigation involved,
> and the expense, inconvenience and delay necessarily attending it; (d) the
> paramount interest of the creditors and a proper deference to their reasonable views
> in the premises.

*In re Chira*, 567 F.3d 1307, 1312 (11th Cir. 2009) (citation omitted).

19.     With respect to the factors identified by the Eleventh Circuit, the Trustee

respectfully shows as follows:

        A.      **Probability of Success on the Merits**. The Trustee contends that the Estate

Claims are factually supported and legally strong; however, documentation and defenses by GWL

and Gillen could result in a verdict for GWL in that GWL claims to have also provided services

and value to the Debtor in exchange for the funds transferred to it.  In particular, GWL asserts that

7

in exchange for the funds paid to it, certain of the services it provided were for the benefit of the
Debtor and were properly compensable. GWL further asserts that it will aggressively contest the
Trustee's claims. The Parties concede that the probability for success in litigation of the Estate
Claims and related defenses is uncertain. The Trustee believes that the terms of the Settlement are
certainly within the realm of potential litigation results, but without having to spend the funds
necessary to litigate or risk remaining estate funds in litigation.

          B.      **Difficulty in Collection and Complexity, Expense, and Likely Duration**
**of the Litigation**. The Trustee has conducted a limited analysis of GWL and is not particularly
concerned with the ability to collect from GWL. Litigating issues related to the Estate Claims and
related defenses; however, would be time-consuming and potentially involve substantial risk and
cost to the Estate. If the matters subject to the Settlement are litigated, the fees and expenses
associated with protracted litigation, which are the responsibility of the Estate, may well be beyond
the capability of the assets of the Estate. One of the significant advantages of the Settlement is to
save significant administrative costs of litigating the Estate Claims and related defenses.
Accordingly, the complexity of the litigation and the associated expense inconvenience, and delay
involved in litigating the Estate Claims weigh in favor of settlement. The Settlement will provide
immediate funds for the benefit of the Estate without incurring substantial litigation expenses.
Since the Settlement provides the Estate with a proportion of the funds requested by the Trustee
related to the Estate Claims, it is in the best interests of the Estate to recover the Settlement
Payment in an efficient manner pursuant to the Settlement rather than litigating further for minimal
gain. Continued prosecution of the Estate Claims will be expensive to both Parties due to the costs
attendant with conducting depositions, calling witnesses and experts and litigating the Estate
Claims and related defenses to a verdict that may not favor the Estate.

      C.    **Paramount Interest of Creditors**. The Settlement is a meaningful and necessary step in administering the assets in the Estate. Creditors of the Estate should support the Settlement since the Settlement will enhance the possibility of a potential dividend to creditors generally. In short, the proposed Settlement is unequivocally in the best interests of the Estate and is in paramount interests of creditors.

## NOTICE

20.    Rule 2002(a) provides that notices of a compromise and settlement should be given to all creditors. The Trustee requests that this Motion be granted after notice of the Motion is sent to all creditors and parties in interest in this Case and, if an objection is made to the Settlement, after a hearing on the Motion.

## NO PREVIOUS REQUEST

21.    No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that the Court: (a) enter an order, substantially in the form as the proposed order attached as **Exhibit B** hereto, approving the Settlement; and (b) grant such other and further relief as is just and proper.

Dated: September 25, 2020.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053

9

hsewell@sewellfirm.com

*Counsel for Plaintiff S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate of American Underwriting Services, LLC, Debtor*

**Exhibit A**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement (the "**Agreement**") is by and between: (i) S. Gregory Hays, not individually, but as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**" or "**AUS**") in Case No. 18-58406-SMS  (the "**Case**") in the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**"); and (ii) Craig A. Gillen and Gillen, Withers & Lake, LLC (together, "**GWL**"). The Trustee and GWL are individually referred to herein as a "**Party**" and collectively as the "**Parties.**" The following introductory provisions are true and correct and form the basis of this Agreement:

### WITNESSETH

**WHEREAS**, on May 18, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition in the Court seeking relief under Chapter 11 of the Bankruptcy Code and the Case is presently pending before this Court.

**WHEREAS**, on June 27, 2018, the United States Trustee filed a notice of appointment of Chapter 11 Trustee pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the bankruptcy estate of the Debtor. On August 1, 2018, the Court converted the Case to a proceeding under Chapter 7 effective July 27, 2018 [Doc. No. 106] and directed the United States Trustee to appoint a trustee in the Chapter 7 Case. On August 13, 2018, the United States Trustee filed a Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors [Doc. No. 108] in which S. Gregory Hays was appointed as interim trustee in the Chapter 7 Case. The Section 341(a) Meeting of Creditors was held and concluded and that the Trustee remains the duly acting Chapter 7 Trustee for the bankruptcy estate of AUS.

**WHEREAS**, on October 5, 2018, counsel for the Trustee issued correspondence to GWL to obtain the voluntary turnover of $50,000 of funds that were transferred (the "**Transfer**") from

1

AUS to The Wiley Group, Inc. (the **"Wiley Group"**) and subsequently to GWL and the production of an accounting of any funds that GWL may have received from the Debtor or entities affiliated with Neil Wiley (**"Neil Wiley"**) and James Russell Wiley (**"Russ Wiley"**) such as the Wiley Group, TW3 Transportation, LLC (**"TW3"**), TW3 Logistics LLC (**"TW3 Logistics"**) and Transport South Insurance Agency, LLC (**"Transport South"**) (collectively, the **"Related Entities"**).

**WHEREAS**, the Trustee asserted claims against GWL and sought the recovery of the Transfer and any funds that GWL may have received from the Debtor or the Related Entities on the basis that such transfers were fraudulent conveyances and or otherwise avoidable transfers under 11 U.S.C. §§ 544, 550, and 551 and O.C.G.A §§ 18-2-74 & 18-2-75 (hereinafter referred to as the **"Estate Claims"**).

**WHEREAS**, after significant arms-length negotiations, the Parties desire to settle, upon the terms set forth herein, all disputes, claims, issues and controversies related to the Estate Claims, subject to notice, hearing and Court approval, pursuant to the agreements and terms set forth herein (the **"Settlement"**).

**NOW THEREFORE**, in consideration of the promises, releases, agreements, and covenants set forth in this Agreement, the Parties hereby stipulate and agree as follows:

1.  **Settlement Payment.** In full and final satisfaction of the Estate Claims and subject to the entry of the Approval Order (as defined herein), GWL shall pay the Trustee for the benefit of the Estate a one-time payment of Ten Thousand Dollars ($10,000, the **"Settlement Payment"**) by delivering the Settlement Payment by attorney trust account check to the Trustee on or before three (3) business days after the date that the Approval Order is entered by the Court.

2.  **No Admission of Liability.** The Parties understand that: a) this Agreement is a

2

compromise of disputed claims to avoid further dispute, litigation and expense; b) the Settlement Payment made hereunder is not to be construed as an admission of any liability for any wrongful conduct or any other liability; and c) the Parties do not admit liability of any kind or character to anyone or a lack of a claim against anyone by virtue of this Agreement; and (d) nothing herein shall constitute an admission of liability.

3. **Agreement Subject to Approval by the Court.** The Trustee will file a motion (the **"Approval Motion"**) seeking an order of the Court in the Case (the **"Approval Order"**) that approves this Agreement. This Agreement is wholly contingent upon, and shall not be enforceable against the Trustee until, it is approved by the Court pursuant to a final order. Other than as provided herein, this Agreement shall have no force and effect unless and until the Court enters a final order granting the Approval Motion to approve this Agreement.

4. **Waiver by GWL.** GWL waives any right that GWL may have to file a claim in the Case for the amount of the Settlement Payment or any other claim asserted by GWL against the Debtor, Estate and/or Trustee. Any and all of GWL's claims against the Debtor, Estate, and/or Trustee, if any, are deemed not allowed and are waived, released, extinguished and otherwise fully satisfied including, without limitation, any general unsecured claims.

5. **Release by GWL.** For and in consideration of among other benefits set forth in this Agreement, effective on the later of the Settlement Payment actually being received by the Trustee in good and clear funds or the Approval Order becoming final and non-appealable, GWL hereby releases, waives and completely discharges the Debtor, Estate, Trustee and each of their respective current and former affiliates, successors, subsidiaries, parents, officers, directors, assigns, members, managers, attorneys, and financial advisors (collectively, the **"Trustee Group"**), of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, that GWL may now have or hereafter may have arising in the future, or

3

may assert against any or all of the Trustee Group for any reason, under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or unsuspected, existing or not existing, accrued or not accrued, either arising out of, asserted or that could have been asserted by GWL that relate, directly or indirectly, to the Estate Claims or any matters specifically attendant thereto that GWL may presently possess; provided, however, that the obligations, agreements and rights created or expressly preserved in this Agreement are not released, discharged or waived (the **"GWL Release"**).

6. **The Estate's Release.** For and in consideration of among other benefits set forth in this Agreement, effective on the later of the Settlement Payment actually being received by the Trustee in good and clear funds or the Approval Order becoming final and non-appealable, the Debtor, Estate, and Trustee (the **"Estate Group"**) hereby release and completely discharge GWL and its current and former affiliates, related companies, successors, subsidiaries, parents, officers, directors, assigns, members, attorneys, and financial advisors (collectively the **"GWL Group"**), of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, which any of the Estate Group may now have or hereafter may have arising in the future, or may assert against any of the GWL Group, under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or unsuspected, existing or not existing, accrued or not accrued, either arising out of, asserted or which could have been asserted by the Estate Group that relate, directly or indirectly, to the Estate Claims or any matters specifically attendant thereto that the Estate Group may presently possess; provided, however, that the obligations, agreements and rights created or expressly preserved in this Agreement are not to be deemed released, discharged or waived (the **"Estate Release"**).

7. **Full Resolution.** This Agreement is intended to fully resolve and settle all claims related to the Estate Claims that exist, whether known or unknown at this time, and that could

4

have been asserted by the Parties. Except for the rights and obligations arising out of this Agreement, the Parties hereby relinquish all claims against each other related to the Estate Claims, whether or not now known, and the Parties hereto expressly waive any and all rights and benefits conferred upon them; provided, however, that the Agreement and the Estate Release does not address or impact any claims that may be asserted by the Trustee against any parties other than the Estate Claims.

8. **Assignment, Transfer, or Conveyance.** The Parties each warrant, covenant and agree that they have made no assignment, transfer, or conveyance, and hereafter will make no assignment, transfer, or conveyance in any manner of all or any part of their legal claims, causes in action, legal rights of action, or any other right released pursuant to this Agreement.

9. **Fees and Costs.** The Parties shall each bear their respective attorneys' fees and costs relating to the costs associated with the settlement negotiations with regard to any cause of action hereby settled and released, and implementation of this Agreement. .

10. **Further Documentation.** The Parties agree to execute, exchange, and/or file, and/or to have their agents execute, exchange, and/or file, any further documents necessary to effectuate the terms of this Agreement.

11. **Execution.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together, shall constitute one Agreement that shall be binding on the Parties hereto. Signature pages provided by facsimile and electronic signatures shall have the same force and effect as original signatures.

12. **Entire Agreement.** This Agreement embodies the entire understanding and terms of the agreement between the Parties with respect to the Settlement between the Parties and supersedes any prior written and/or verbal agreements between the Parties. No understanding or oral representation not incorporated in this Agreement shall survive this Agreement and no

5

**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| AMERICAN UNDERWRITING | § | Case No. 18-58406-SMS |
| SERVICES, LLC, | § | |
| | § | |
| Debtor. | § | |

**ORDER APPROVING MOTION FOR APPROVAL OF COMPROMISE AND
SETTLEMENT BETWEEN TRUSTEE AND GILLEN, WITHERS & LAKE, LLC AND
CRAIG A. GILLEN**

This matter is before the Court on the *Motion For Approval of Compromise and Settlement Between Trustee and Gillen, Withers & Lake, LLC and Craig A. Gillen* (the "**Motion**") filed by S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of American Underwriting Services, LLC, Debtor (the "**Debtor**" or "**AUS**") in the above captioned case (the "**Case**"). The Motion seeks entry of an order, pursuant to Section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 9019(a) of

1

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving a Settlement[1]
by and between the Trustee and Gillen, Withers & Lake, LLC and Craig A. Gillen(collectively,
the "**Parties**").

Following notice to all creditors and parties in interest entitled to notice, no objection was
filed in opposition to the Motion. The Court held a hearing on the Motion on October 21, 2020, at
which no creditor or party in interest appeared to oppose the Motion. Upon the Court having
reviewed and considered the Motion, the record in this Case, and the arguments at the hearing on
the Motion, the Court determined that: 1) the relief requested in the Motion is in the best interests
of the Debtor, the Estate, its creditors and other parties in interest; 2) the Court has jurisdiction
over this proceeding; 3) this is a core proceeding; 4) notification of the relief granted by this Order
is fair and reasonable; 5) due and proper notice of the Motion was given and such notice is good
and sufficient under the particular circumstances; and 6) good and sufficient cause exist for the
relief requested in the Motion, for the entry of this Order, and approval of the Settlement. Finding
that no further notice or opportunity for hearing is required, for good cause shown, is it hereby
ORDERED as follows:

1.    The Motion is GRANTED as set forth herein.

2.    Based upon the evidence presented to the Court, the record in this Case and the
representations of counsel for the Parties, and the Court's analysis of the Settlement, the Court
determines that, under the standards applicable within the Eleventh Circuit: (a) notice of the
Motion and the hearing on the same was sufficient and proper under the circumstances and no
other or further notice need be given; (b) parties in interest were given adequate opportunity to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

object; (c) the terms of the Settlement are fair and equitable; (d) the Parties have acted in good

faith; (e) it is in the best interest of the Debtor, the Estate, creditors and other parties in interest for

the Trustee to enter into the Settlement; and (f) good cause exists for the entry of this Order

approving the terms of the Settlement in its entirety.

3.      The Settlement as set forth in the Motion and the Settlement Agreement attached

to the Motion as **Exhibit A** is hereby approved, including, without limitation, all terms, provisions,

rights and releases and any objection to the Trustee entering into the Settlement is hereby

overruled.

4.      The Trustee is authorized to enter the Settlement and to take any and all steps

necessary, in the sole discretion of the Trustee, to consummate and perform under the terms of the

Settlement.

5.      This Court shall retain jurisdiction to resolve any and all disputes arising from this

Order and the Settlement.

## [END OF ORDER]

Prepared and Presented by:

                                    LAW OFFICES OF HENRY F. SEWELL JR., LLC

                                    */s/ Henry F. Sewell, Jr.*

                                    Henry F. Sewell, Jr.
                                    Georgia Bar No. 636265
                                    Buckhead Centre
                                    2964 Peachtree Road NW, Suite 555
                                    Atlanta, GA 30305
                                    (404) 926-0053
                                    hsewell@sewellfirm.com

                                    *Counsel for Plaintiff S. Gregory Hays, Chapter 7
                                    Trustee for the bankruptcy estate of American
                                    Underwriting Services, LLC, Debtor*

3

Parties to be Served

Law Offices of Henry F. Sewell, Jr., LLC
c/o Henry F. Sewell, Jr., Esq.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

American Underwriting Services, LLC
1255 Roberts Blvd.
Suite 102
Kennesaw, GA 30144

Office of the United States Trustee
75 Ted Turner Drive, SW
362 Richard B. Russell Federal Building
Atlanta, GA 30303

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                 §      CHAPTER 7

                         §

AMERICAN UNDERWRITING    §      Case No. 18-58406-SMS

SERVICES, LLC,            §

                         §

_____Debtor._____ §

### CERTIFICATE OF SERVICE

This is to certify that on this date a true and correct copy of the foregoing *MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE AND GILLEN, WITHERS & LAKE, LLC* was filed with the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System, which sent a copy of the foregoing to all registered parties who have filed appearances and requested notices in this case and also sent by first class United States mail with adequate postage thereon or electronic mail, as indicated, to the following at the addresses stated below:

Office of the U.S. Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

American Underwriting Services, LLC
1255 Roberts Blvd.
Suite 102
Kennesaw, GA 30144

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*

Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053 hsewell@sewellfirm.com

*Counsel for Plaintiff S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate of American Underwriting Services, LLC, Debtor*